**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No.** |
| **vs.** | § § | **3:07-CV1297-K** |
| **ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, Jr.,** | § § § § § § § § § | |
| **Defendants.** | § | |

**CLEM DEFENDANTS' MOTION TO DISMISS
PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
<u>CLAIMS AGAINST THEM, AND BRIEF IN SUPPORT</u>**

Vincent J. Hess
Texas State Bar. No. 09549417
vhess@lockeliddell.com
Abigail B. Moore
Texas State Bar No. 24037133
abmoore@lockeliddell.com
LOCKE LIDDELL & SAPP PLLC
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (telecopy)

*Attorneys for Defendants Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem,
Clarence Truman Clem, Kelly Clem, and Clarence T. "Casey" Clem, Jr.*

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ...................................................................................................2

II.     FACTUAL BACKGROUND ......................................................................................3

III.    ARGUMENTS AND AUTHORITIES ...........................................................................4

      A.      THE DECLARATORY JUDGMENT ACTION AGAINST THE CLEM
             DEFENDANTS SHOULD BE DISMISSED UNDER RULE 12(B)(1)
             BECAUSE NO ACTUAL CONTROVERSY EXISTS. .......................................4

             1.      Standard Under Fed. R. Civ. P. 12(b)(1). ...................................5

             2.      Atlantic Has Failed to Meet Its Burden to Establish That
                     Subject Matter Jurisdiction Exists Over the Clem Defendants..................6

      B.      THE CLAIMS AGAINST THE CLEM DEFENDANTS SHOULD BE
             DISMISSED UNDER RULE 12(B)(6) BECAUSE ATLANTIC HAS
             FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE
             GRANTED. .......................................................................................10

             1.      Standard Under Fed. R. Civ. P. 12(b)(6). .................................11

             2.      Because the Clem Defendants Are Not Proper Parties, Atlantic
                     Has Failed to Provide Allegations That Raise a Right to Relief
                     Above the Speculative Level. ...................................................11

      C.      FINALLY, THE DECLARATORY JUDGMENT ACTION AGAINST
             THE CLEM DEFENDANTS SHOULD BE DISMISSED UNDER THE
             COURT'S DISCRETIONARY POWER TO DECLINE JURISDICTION
             OVER A PARTICULAR DECLARATORY JUDGMENT ACTION. .............13

             1.      Standard to Decline Jurisdiction Over Declaratory Judgment Claim
                     Based on Discretion................................................................13

              2.      Several Factors Support the Court's Exercise of Its Discretionary
                     Power to Decline Jurisdiction. ................................................14

IV.     CONCLUSION AND PRAYER FOR RELIEF .............................................................17

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*Aetna Life Ins. Co. v. Haworth,*
300 U.S. 227 ............................................................................................................5, 6

*Allstate Ins. Co. v .Watson,*
876 S.W.2d 145 .........................................................................................................7, 8

*Armstrong v. Harris,*
Civ. A. No. 3:01-CV-1722L, 2002 WL 31245377 ........................................................11

*Bell Atlantic Corp. v. Twombly,*
127 S.Ct. 1955 ............................................................................................................11

*Bituminous Cas. Corp. v. Garcia,*
223 F.R.D. 308 (N.D. Tex. 2004) ..............................................................................8, 9

*Campbell v. City of San Antonio,*
43 F.3d 973 .................................................................................................................11

*Century Surety Co. v. Hardscape Constr. Specialties, Inc.,*
Civ. A. 4:05-CV-285, 2006 WL 1948063 (N.D. Tex. 2006) (not published) ...................8

*Den Norske Stats Oljeselskap As v. HeereMac Vof,*
241 F.3d 420 (5th Cir.),  *cert. denied*, 122 S. Ct. 1059 .................................................5, 6

*Farmers Texas Co. Mut. Ins. Co. v. Griffin,*
955 S.W.2d 81 ...............................................................................................................7

*Feria v. CU Lloyd's of Texas,*
No. 05-00-01245-CV, 2001 WL 1263666 .........................................................4, 8, 9, 15

*Gracida v. Tagle,*
946 S.W.2d 504 .........................................................................................................7, 12

*Home Builders Assoc., Inc. v. City of Madison,*
143 F.3d 1006 .................................................................................................................5

*Hunt v. State Farm Mut. Auto. Ins. Co.,*
655 F. Supp. 284 .............................................................................................................6

*Kokkonen v. Guardian Life Ins. Co.,*
511 U.S. 375 ....................................................................................................................5

*MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.*,
  558 F. Supp. 596...................................................................................................6, 10

*Maryland Cas. Co.. Pacific Coal & Oil Co.*,
  312 U.S. 270.............................................................................................................6

*Mercantile Nat'l Bank v. Bradford Trust Co.*,
  850 F.2d 215............................................................................................................15

*Mission Ins. Co. v. Puritan Fashions Corp.*,
  706 F.2d 599............................................................................................................13

*Orix Credit Alliance, Inc. v. Wolfe*,
  212 F.3d 891............................................................................................................12

*Owens v. Allstate Ins. Co.*,
  996 S.W.2d 207..........................................................................................................8

*Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*,
  751 F.2d 801............................................................................................................13

*Richardson v. State Farm Lloyd's Ins.*,
  Case No. 2-04-072-CV, 2007 WL 1018651 ................................................................8, 9

*Rowan Cos., Inc. v. Griffin*,
  876 F.2d 26 ............................................................................................................13

*Russell v. Hartford Cas. Ins. Co.*,
  548 S.W.2d 737..........................................................................................................7

*Standard Fire Ins. Co. v. Sassin*,
  894 F. Supp. 1023...........................................................................................*passim*

*State and County Mut. Fire Ins. Co. v. Walker*,
  228 S.W.3d 404, 411 ...................................................................................................6

*Stockman v. Federal Election Comm'n*,
  138 F.3d 144..............................................................................................................5

*Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*,
  996 F.2d 774........................................................................................................13, 14

*United Transp. Union v. Foster*,
  205 F.3d 851............................................................................................................12

*Veldhoen v. United States Coast Guard*,
  35 F.3d 222 ...............................................................................................................5

*Vermont Mut. Ins. Co. v. Everette*,
    875 F. Supp. 1181................................................................................................6

*Ynclan v. Dep't of Air Force*,
    943  F.2d 1388...................................................................................................5

## CONSTITUTION

U.S. Const. art. III, § 2 ...........................................................................................5

## STATUTES AND RULES

Fed. R. Civ. P. 12(b) .......................................................................................*passim*
Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02..........................................2
Tex. R. Civ. P. 51.....................................................................................................7

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and this Court's discretionary powers to dismiss declaratory judgment claims, Defendants Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem, Clarence Truman Clem, Kelly Clem, and Clarence T. "Casey" Clem, Jr. (collectively, the "Clem Defendants") file this Motion to Dismiss Plaintiff Atlantic Casualty Insurance Company's Claims Against Them, and Brief in Support ("Motion to Dismiss"), and would respectfully show the Court as follows:

## I.
## INTRODUCTION

Plaintiff Atlantic Casualty Insurance Company ("Atlantic") brings this suit to resolve a coverage dispute with its insureds, Robert Ramirez and/or LBJ Trucking Co., Inc. (the "LBJ Defendants").  Atlantic also names the Clem Defendants, attempting to obtain a preemptive ruling against non-parties to the insurance contract who are not judgment-creditors of the LBJ Defendants and who are not presently seeking indemnity from Atlantic.  Atlantic concedes that it sues the Clem Defendants only so that they "will be bound by any decision rendered in this declaratory judgment action with respect to coverage under the Atlantic Casualty policies." (Compl. ¶ 30.)

The Court should grant the Clem Defendants' Motion to Dismiss because no justiciable controversy exists between the Clem Defendants and Atlantic and because permitting such an action to proceed impermissibly alters the substantive relationship between those parties. Therefore, subject matter jurisdiction is lacking.  Pursuant to FED. R. CIV. P. 12(b)(1), Atlantic's claims against the Clem Defendants should be dismissed.

The Clem Defendants are also not proper parties to this coverage lawsuit for the same reasons.  Consequently, pursuant to FED. R. CIV. P. 12(b)(6), Atlantic's claims against the Clem Defendants should be dismissed.

Moreover, the Court should exercise its discretion to decline jurisdiction over the Clem Defendants because of the inequity of permitting such an action to proceed when the Clem Defendants likely cannot institute a declaratory judgment to bind Atlantic regarding coverage under the Policies. The Clem Defendants otherwise would be forced to expend costs and attorney's fees to respond to a dispute in which they have no legally cognizable interest, and in which they may never have an interest.

## II.
## FACTUAL BACKGROUND

Atlantic filed this lawsuit asking the Court to interpret certain commercial general liability insurance policies between Atlantic and the LBJ Defendants (the "Policies"). Atlantic has provided only one reason for naming the Clem Defendants in this lawsuit: the Clem Defendants are potential judgment-creditors in ongoing litigation in the Eastern District of Texas against the LBJ Defendants, as well as other defendants (the "Underlying Lawsuit"). (Compl. ¶ 30.) That case, filed on June 12, 2007, is styled and numbered *Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem, Clarence Truman Clem, Kelly Clem and Clarence T. "Casey" Clem, Jr. v. Bill Briscoe, individually and d/b/a Briscoe Land Reclamation Project, and d/b/a Bill Briscoe Enterprises, Inc., Hensley Industries, Inc., Robert Ramirez, individually and d/b/a LBJ Trucking Co., Inc., and LBJ Trucking Co., Inc.*, Cause No. 4:07-CV-00285, in the United States District Court for the Eastern District of Texas, Sherman Division.

Atlantic seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, that it has no duty to defend or indemnify the LBJ Defendants or any other insured or Defendant for the claims in the Underlying Lawsuit. (*Id.* ¶ 32.) The Clem Defendants are neither parties nor expressly named third-party beneficiaries to the Policies. To the contrary, they are strangers to the Policies between Atlantic and the LBJ Defendants. Additionally,

because the Underlying Lawsuit is ongoing, the Clem Defendants are only *potential* judgment creditors of the LBJ Defendants. The Clem Defendants seek no indemnity from Atlantic at this time. Indeed, the Clem Defendants have no legally cognizable interest in the Policies between Atlantic and the LBJ Defendants. *See Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1027 (N.D. Tex. 1995); *see also Feria v. CU Lloyd's of Texas*, No. 05-00-01245-CV, 2001 WL 1263666, at *1 (Tex. App.—Dallas 2001, no pet.) (not designated for publication).

Atlantic admits it named the Clem Defendants as parties in the instant litigation so that they "will be bound by any decision rendered in this declaratory judgment action with respect to coverage." (Compl. ¶ 30.) Atlantic does not, however, allege any controversy against the Clem Defendants sufficient to confer jurisdiction on this Court.

### III.
### ARGUMENTS AND AUTHORITIES

**A.  THE DECLARATORY JUDGMENT ACTION AGAINST THE CLEM DEFENDANTS SHOULD BE DISMISSED UNDER RULE 12(b)(1) BECAUSE NO ACTUAL CONTROVERSY EXISTS.**

No actual controversy exists between the Clem Defendants and Atlantic, nor are the Clem Defendants proper parties to this action. The Clem Defendants are not parties to the contracts, third-party beneficiaries, or judgment creditors. They have no legally cognizable interest in the Policies. *See Sassin*, 894 F. Supp. at 1027.

Additionally, federal law requires that the substantive relationship between an insurer and a tort plaintiff be maintained regardless of which party brings a federal declaratory judgment action. *Id*. at 1028. Here, however, Atlantic has sued the Clem Defendants for "declaratory judgment" even though the Clem Defendants likely could not have sought a declaratory judgment against Atlantic under substantive state law, nor could they have intervened in the declaratory judgment action had Atlantic named only the LBJ Defendants.

Because there is no "actual controversy" and because the Clem Defendants have no likely reciprocal right to seek declaratory judgment against Plaintiff, Atlantic's claims against the Clem Defendants should be dismissed under Rule 12(b)(1).

### 1.       Standard Under Fed. R. Civ. P. 12(b)(1).

A claim must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *See Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). As courts of limited jurisdiction, federal courts lack the power to adjudicate claims absent jurisdiction conferred by statute. *See, e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The United States Constitution limits the exercise of the judicial power to cases and controversies. U.S. CONST. art. III, § 2; *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Therefore, a federal court cannot have subject matter jurisdiction unless there is an actual controversy between the parties to the litigation. *Haworth*, 300 U.S. at 239-41 ("[t]he 'case or controversy' requirement is jurisdictional"); *Sassin*, 894 F. Supp. at 1026.

The burden of establishing subject matter jurisdiction rests on the plaintiff, as the party invoking jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 122 S. Ct. 1059 (2002); *see also Ynclan v. Dep't of Air Force*, 943

F.2d 1388, 1390 (5th Cir. 1991). In making such a decision, all uncontroverted allegations in the complaint must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

> **2.    Atlantic Has Failed to Meet Its Burden to Establish That Subject Matter Jurisdiction Exists Over the Clem Defendants.**

Atlantic has failed to meet its burden to show that an actual controversy exists between itself and the Clem Defendants. Under federal law, an actual controversy exists if there is: (1) a substantial controversy; (2) between parties having adverse legal interests; (3) of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Sassin*, 894 F. Supp. at 1026. Plaintiff is not able to meet any of these elements.

In determining whether an insurer's declaratory judgment action against a tort plaintiff presents a "case or controversy" sufficient to confer jurisdiction, the United States Supreme Court has indicated that courts should examine whether applicable state law affords the tort plaintiff rights against the insurance company. *Maryland Cas. Co. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941). District courts have applied *Maryland Casualty* in declaratory judgment cases involving insurers and tort plaintiffs such that "state law, by defining the substantive rights of the parties, plays a large role in determining whether a case or controversy exists." *Sassin*, 894 F. Supp. at 1026; *see also Vermont Mut. Ins. Co. v. Everette*, 875 F. Supp. 1181, 1185-86 (E.D. Va. 1995); *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286-87 (D. Nev. 1987); and *MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.*, 558 F. Supp. 596, 598 (S.D. Ala. 1983).

Since 1997, however, Texas law has been in a state of flux regarding the substantive rights of tort plaintiffs against insurers. *See, e.g., State and County Mut. Fire Ins. Co. v. Walker*, 228 S.W.3d 404, 411 (Tex. App.—Fort Worth 2007, no pet.). Therefore, the Fort Worth Court

of Appeals recently declined to determine whether a potential judgment creditor was a proper party to a declaratory judgment action between an insurer and its insured.  *Id.*  That court noted that while, historically, injured parties had not been considered proper parties, recent Texas Supreme Court decisions suggest they might now be, even though the Texas Supreme Court has not expressly so held.  *Id.*  Moreover, the Texas Rules of Civil Procedure still indicate that a potential judgment creditor may not sue the wrongdoer's insurer until liability is established by judgment or agreement.  TEX. R. CIV. P. 51(b) (specifically stating that joinder of a liability or indemnity insurance company to a tort claim is not permitted unless the insurer is by statute or contract directly liable to the tort plaintiff).

Under Texas law prior to 1997, it was well-established that, unless and until judgment was entered against an insured, a tort plaintiff that was neither a party to an insurance contract nor the legally intended third-party beneficiary had no legally cognizable interest in the insurance contract.  *See, e.g., Sassin*, 894 F. Supp. at 1027 (interpreting Texas law); *Gracida v. Tagle*, 946 S.W.2d 504, 507 (Tex. App.—Corpus Christi 1997, orig. proceeding) (a plaintiff has no contractual rights under an insurance policy until she obtains a judgment against the insured); *Allstate Ins. Co. v .Watson*, 876 S.W.2d 145, 149 (Tex. 1994) (a third-party claimant has no contract and no legal relationship with the insurer); *Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 741 (Tex. Civ. App.—Austin 1977, writ ref'd n.r.e.) (Texas law bars plaintiff from bringing a tort suit directly against a tortfeasor's insurance company).

In 1997, however, the Texas Supreme Court determined that the duty to indemnify is justiciable before liability is determined in underlying litigation by a tort plaintiff when: (1) the insurer has no duty to defend; and (2) the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.  *Farmers Texas Co. Mut.*

*Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).  Based on that decision, at least one court has determined that a potential judgment creditor may sue an insurer prior to a final determination of liability.  *See Richardson v. State Farm Lloyd's Ins.*, Case No. 2-04-072-CV, 2007 WL 1018651, at *5 (Tex. App.—Fort Worth 2007, pet. filed) (not reported) (permitting a potential judgment creditor to maintain a declaratory judgment action against the insurer).  A petition for review has been filed in that case, but the Texas Supreme Court has not yet indicated whether it will review that decision. [1]

However, other case decisions have refused to allow a potential judgment creditor to sue an insurer or to intervene in a declaratory judgment action between an insurer and its insured regarding the duty to indemnify prior to a final determination regarding liability.  *Feria*, 2001 WL 1263666, at *1 (declining to extend *Griffin* to permit a potential judgment creditor to intervene in a declaratory judgment action between an insurer and its insured because the potential judgment creditor could not have brought the action in his own name); *Owens v. Allstate Ins. Co.*, 996 S.W.2d 207, 208 (Tex. App.—Dallas 1998, pet. denied) (an injured third party simply cannot sue the tortfeasor's liability insurer directly until the tortfeasor's liability has been finally determined); *see also Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 311 (N.D. Tex. 2004) (affirming the holding of *Sassin* to be that third-party claimants under Texas law have no cognizable interest in an insurance contract on which to bring suit).

---

[1] Two federal cases in the Northern District of Texas, *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308 (N.D. Tex. 2004) and *Century Surety Co. v. Hardscape Constr. Specialties, Inc.*, Civ. A. 4:05-CV-285, 2006 WL 1948063 (N.D. Tex. 2006) (not published) seem to suggest that a potential judgment creditor may be a proper party to declaratory judgment action between an insurer and its insured.  However, the court's subject matter jurisdiction in those cases does not appear to have been at issue.  Additionally, the issues presented in those cases are distinguishable from the issue in this case.  To the extent that the court believes that the issues in those cases, and any other similar cases, are similar to those here.  In any event, the Clem Defendants submit that the better-reasoned cases under substantive Texas law, which applies to inform the decision of whether a case or controversy exists, are as set forth in the argument herein.

Importantly, the *Griffin* case did not involve a challenge to the jurisdiction of the court, as is at issue in this case. *Griffin*, 955 S.W.2d at 84; *see also Richardson*, 2007 WL 1018651, at *5. The Clem Defendants submit that, in light of the authority in the Texas Rules of Civil Procedure, and under the better-reasoned substantive Texas law defining the rights of tort plaintiffs against insurers, the Clem Defendants, as only potential judgment creditors: (1) have no legal right at this time to attempt to enforce any insurance contract between Plaintiff and the LBJ Defendants; and (2) cannot intervene in any coverage dispute between Plaintiff and the LBJ Defendants. *See, e.g., Feria*, 2001 WL 1263666 at *1. As a Texas court of appeals has made clear:

> A [tort-]claimant has no contractual rights under an insurance policy until she obtains a judgment against the insured. A third-party claimant has no contract with the insurer, has not paid any premiums, and has no legal relationship with the insurer. An injured third party simply cannot sue the tortfeasor's liability insurance company directly until the tortfeasor's liability has been finally determined by agreement or judgment.

*Feria*, 2001 WL 1263666 at *1.

This difference between the rights of an insurer and those of a tort plaintiff serves as a critical distinction in deciding whether a federal declaratory judgment action may be maintained. *Sassin*, 894 F. Supp. at 1028. "[T]he substantive relationship between the insurer and the tort plaintiff should be maintained ***regardless of which party brings a declaratory judgment action***." *Id.* (emphasis added). Thus, if a tort plaintiff would not be entitled to sue the insurer for declaratory judgment under applicable state law, the insurer's declaratory judgment claim should be dismissed under Rule 12(b)(1). *See id.* Because Texas law likely does not afford the Clem Defendants the right to sue Atlantic before a judgment is reached in the Underlying Lawsuit, Atlantic should not be able to bring a declaratory judgment claim against the Clem Defendants at this time. *Id.*

Indeed, under these circumstances, Atlantic cannot meet its burden to show an actual controversy exists under federal law sufficient to confer jurisdiction on an Article III court. First, if an actual controversy exists between an insurer and tort plaintiff before judgment in the underlying suit (which the Clem Defendants deny), the controversy does not rise to a "substantial" level if one party is completely barred from bringing a declaratory judgment action under substantive state law. *See, e.g., Sassin*, 894 F. Supp. at 1028.  Second, the insurer and potential judgment creditor cannot be said to have "adverse legal interests," when as set forth above, the potential creditor has no legally cognizable interest unless and until the underlying liability is determined. *See id.* Finally, where the underlying litigation is ongoing, the risk of an adverse judgment against the insured is too remote to be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in federal court. *See id.* In fact, "the Fifth Circuit has admonished the district courts against sitting in judgment of questions which may never in fact come to pass." *MacMillan-Bloedel*, 558 F. Supp. at 599.

In this case, judgment in favor of the LBJ Defendants in the Underlying Lawsuit would render unnecessary a declaratory judgment regarding Atlantic's rights ***as to the Clem Defendants***.  Therefore, Atlantic has not met its burden to show an actual controversy sufficient to confer subject matter jurisdiction on this Court.  The Court should dismiss Atlantic's declaratory judgment action against the Clem Defendants pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**B.     THE CLAIMS AGAINST THE CLEM DEFENDANTS SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE ATLANTIC HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

For the same reasons that dismissal under Rule 12(b)(1) is appropriate, the Clem Defendants are not proper parties to the coverage dispute between Atlantic and the LBJ

Defendants.  Therefore, Atlantic's claims against the Clem Defendants should also be dismissed under Rule 12(b)(6) because Atlantic has failed to state a claim upon which relief can be granted.

       1.       **Standard Under Fed. R. Civ. P. 12(b)(6).**

A motion under Rule 12(b)(6) should be granted if a plaintiff has failed to provide the "grounds" of his "entitle[ment] to relief" through allegations that raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  In other words, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must meet the threshold requirement of possessing enough heft to "sho[w] that the pleader is entitled to relief."  *Id.*  In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

       2.       **Because the Clem Defendants Are Not Proper Parties, Atlantic Has Failed to Provide Allegations That Raise a Right to Relief Above the Speculative Level.**

For the same reasons that the Court lacks subject matter jurisdiction, the Clem Defendants are not proper parties to this litigation.  *See, e.g., Armstrong v. Harris*, Civ. A. No. 3:01-CV-1722L, 2002 WL 31245377, *3 n.2 (N.D. Tex. 2002) (not designated for publication).  Where a party is not a proper party to a lawsuit, dismissal under Rule 12(b)(6) is appropriate because there is no set of facts that can be alleged upon which relief can be granted.  *Id.*

Atlantic's allegations in support of the request for declaratory judgment against the Clem Defendants do not possess enough heft to show any actual controversy.  This threshold requirement is necessary for the Clem Defendants to be a proper party to the litigation and for Atlantic to show entitlement to relief.  *See, e.g., Twombly*, 127 S. Ct. at 1964-65.  Even taking all of the allegations in the Complaint as true, Atlantic cannot overcome the fact that the Clem

Defendants are simply *potential* judgment creditors, having no legal rights under the Policies prior to any actual judgment or agreed liability against the LBJ Defendants.  *See, e.g., Gracida*, 946 S.W.2d at 507.  The Clem Defendants are not presently looking to Atlantic for any indemnity because there is no judgment against Atlantic's insureds that could be indemnified.

Any legal rights that the Clem Defendants have under the Policies are solely derivative of their success in the Underlying Lawsuit, which was filed only a few months ago.  As the Fifth Circuit has explained, speculative, hypothetical controversies are not ripe for a declaratory judgment.  *See, e.g., Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (deeming as unripe a declaratory judgment action that sought to bar the filing of a broad class of "unasserted, unthreatened, and unknown claims"); *United Transp. Union v. Foster*, 205 F.3d 851, 857-58 (5th Cir. 2000) (determining that a pre-enforcement declaratory challenge to a state railroad law rested upon "a mountain of conjecture and speculation," because the necessary events giving rise to the operation of the challenged statute had not yet occurred).  Atlantic's "controversy" with *the Clem Defendants* (as opposed to the LBJ Defendants) will only exist at such time that the Clem Defendants obtain a favorable judgment in the Underlying Lawsuit. Although the Clem Defendants fully expect to succeed in the Underlying Lawsuit, nonetheless this is simply insufficient at this time to rise to the level of an actual controversy with Atlantic.

Even assuming that all the Complaint's allegations are true, they do not rise above a speculative level any present right to relief *against the Clem Defendants*, as required by *Twombly*.  *See* 127 S. Ct. at 1964-65.  Accordingly, Atlantic has failed to state a claim against the Clem Defendants upon which relief can be granted, and dismissal should be granted pursuant to Rule 12(b)(6).

C.   **FINALLY, THE DECLARATORY JUDGMENT ACTION AGAINST THE CLEM DEFENDANTS SHOULD BE DISMISSED UNDER THE COURT'S DISCRETIONARY POWER TO DECLINE JURISDICTION OVER A PARTICULAR DECLARATORY JUDGMENT ACTION.**

Independently, the Court should exercise its discretion to decline jurisdiction over Atlantic's claims against the Clem Defendants because of the uncertainty regarding whether there will ever be any dispute between the Clem Defendants and Atlantic, Atlantic's attempt to gain advantage through a pre-emptive strike, forcing the Clem Defendants to incur costs and fees, and the inequity in allowing Atlantic to seek declaratory judgment at a time when the Clem Defendants may have no such reciprocal right.  *See Sassin*, 894 F. Supp. at 1028.

1.   **Standard to Decline Jurisdiction Over Declaratory Judgment Claim Based on Discretion.**

"'[I]t is a matter for the district court's sound discretion whether to decide a declaratory judgment action.'"  *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) (quoting *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983)).  Although a district court may not dismiss requests for declaratory relief "on the basis of whim or personal disinclination," certain factors may warrant dismissal.  *See Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (quoting *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989)).  In considering whether to dismiss a declaratory judgment action, a district court considers:

(1)   whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2)   whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant;

(3)   whether the plaintiff engaged in forum shopping in bringing the suit;

(4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forums exist;

(5)      whether the federal court is a convenient forum for the parties and witnesses; and

(6)      whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers*, 996 F.2d at 778 (citations omitted).  Other factors may also be considered by a district court in deciding not to exercise jurisdiction over a declaratory judgment claim.  *See, e.g.,* *Sassin*, 894 F. Supp. at 1028 (explaining that the list of factors that may be considered is not exhaustive).

**2.      Several Factors Support the Court's Exercise of Its Discretionary Power to Decline Jurisdiction.**

Independent of the grounds for dismissal under Rules 12(b)(1) and (6), the Court should exercise its discretion to decline Atlantic's declaratory judgment claims against the Clem Defendants.  It would be inequitable to allow Atlantic's declaratory judgment action to proceed when the Clem Defendants have no right to sue Atlantic for declaratory relief, no right to bind Atlantic regarding coverage under the Policies, and no present rights as a judgment creditor.

One factor to consider is whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant.  *Sassin*, 894 F. Supp. at 1028.  Here, Atlantic filed suit in anticipation of a possible judgment in the Underlying Lawsuit.  By seeking an advisory ruling against the Clem Defendants about its duty to indemnify, Atlantic seeks to cut off a future suit by the Clem Defendants.

Another factor to consider is whether the plaintiff engaged in forum shopping in bringing the suit.  *Id.*  When the Clem Defendants had the right to bring suit – *i.e.*, against the LBJ Defendants and others – they filed suit in the appropriate venue, the United States District Court for the Eastern District of Texas, Sherman Division.  Under the Texas Rules of Civil Procedure, the Clem Defendants had no right to include Atlantic as a defendant in the Underlying Lawsuit

or to file their own declaratory judgment action against Atlantic in the Eastern District.  *See Feria*, 2001 WL 1263666 at *1.  Despite the pending Underlying Lawsuit, Atlantic chose to file this pre-emptive declaratory judgment action in the Northern District of Texas.

The Court also should consider whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forums.  *Sassin*, 894 F. Supp. at 1028. Atlantic has gained precedence in time by exploiting an inequality in rights: during the time between the filing of a tort plaintiff's lawsuit and a favorable judgment or settlement, the tort plaintiff has no ability to seek relief against the insurer under the Texas Rules.  By acting during the time that the Clem Defendants are powerless to take any affirmative action, Atlantic gains control of the litigation, determining when the declaratory action is filed, where it is filed, what scope of declaration is sought, and other matters particularly in the purview of a plaintiff.

Permitting such a declaratory judgment action to proceed allows insurers, as a matter of course, to force tort plaintiffs to spend costs and attorney's fees to defend against an action on an insurance contract to which the tort plaintiffs are strangers.  Moreover, should the tort plaintiffs be unsuccessful in the underlying litigation, *no dispute would ever arise*.  Even if a tort plaintiff is successful in the declaratory judgment action, it is unclear whether the Federal Declaratory Judgment Act permits recovery of the tort plaintiff's costs and fees where, as here, the tort plaintiff is not a party to the policy and has no present right to enforce the policy as a third-party beneficiary.  *See Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 216 (5th Cir. 1988) (stating that "attorney's fees are recoverable . . . only where they are recoverable under non-declaratory judgment circumstances.").  By forcing the tort plaintiff to litigate in two lawsuits – and in this case, in two fora – the insurer can increase settlement pressure by making the tort plaintiff expend costs and fees that it may never recover, even if successful.

The inequities multiply in situations where, as here, there are multiple defendants in the Underlying Lawsuit, and the allegations in the Underlying Lawsuit complain of acts that took place over a period of years.  As a result, multiple insurance policies might be implicated.  The Clem Defendants as tort plaintiffs in the Underlying Lawsuit face the untenable position of being sued by each potential insurer of each defendant in the Underlying Lawsuit, despite the absence of any actual ripe dispute with any of the insurers.  Such a situation would be inequitable and counterproductive to the interests of justice.

Finally, the Court should consider whether the declaratory judgment action serves the purposes of judicial economy.  Requiring the Clem Defendants to participate in this lawsuit does not serve the purposes of judicial economy.  Deciding the claim against them – *i.e.*, whether Atlantic will, at some point in the future, owe the Clem Defendants any obligations through indemnification – erodes the principle that district courts should not adjudicate theoretical questions that may never actually present themselves.  *See Sassin*, 894 F. Supp. at 1028.  Even if the Court still will face the dispute between Atlantic and the LBJ Defendants, it does not serve judicial economy for the Court clerks to process an additional set of filings from the Clem Defendants, for the Court to face an additional set of briefing, or for the progress of the lawsuit to be burdened with necessary motions particular to the Clem Defendants (such as this motion).

The factors to be considered in deciding whether to dismiss a declaratory judgment action favor dismissal.  Regardless of whether the Court agrees that dismissal is appropriate under Rule 12(b)(1) or 12(b)(6), the Court should decline to exercise its declaratory judgment jurisdiction over the claim against the Clem Defendants.  *Id.*

## IV.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, the Clem Defendants' motion to dismiss should be granted and Atlantic's claims against the Clem Defendants should be dismissed in their entirety.

Respectfully submitted,

/s/ Vincent J. Hess
Vincent J. Hess
  Texas State Bar. No. 09549417
  vhess@lockeliddell.com
Abigail B. Moore
  Texas State Bar No. 24037133
  abmoore@lockeliddell.com
LOCKE LIDDELL & SAPP PLLC
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (telecopy)

**ATTORNEYS FOR DEFENDANTS
CLEM'S YE OLDE HOMESTEAD FARMS,
LTD., BETTYE CRIDER CLEM, CLARENCE
TRUMAN CLEM, KELLY CLEM, AND
CLARENCE T. "CASEY" CLEM, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the court's electronic filing system, on this 24th day of September 2007 on the following counsel of record:

Camille Johnson
Gary N. Schumann
Savrick, Schumann, Johnson, McGarr, Kaminski & Shirley, L.L.P.
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206

Cody L. Towns
Lynn Tillotson & Pinker LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201

/s/ Abigail B. Moore
Abigail B. Moore