IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR., | § § § § § § § § § § § | CIVIL ACTION NO. 3:07-CV-1297-K<br><br>ECF |
| Defendants. | § | |

## PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff, Atlantic Casualty Insurance Company ("Atlantic Casualty"), files its Motion for Summary Judgment and respectfully shows the Court as follows:

I.  **Summary**

This declaratory judgment action stems from a lawsuit filed on June 12, 2007 by plaintiff landowners regarding alleged environmental contamination of their land in Carrollton, Texas (the "Underlying Lawsuit"). (App. 1-22) Atlantic Casualty, the plaintiff in this lawsuit, issued two commercial general liability insurance policies to LBJ Trucking Co., Inc., a defendant in the

Underlying Lawsuit. (App. 23-105) As demonstrated by its summary judgment evidence and discussed in its brief, Atlantic Casualty has no duty to defend or indemnify LBJ Trucking or its officer and director Robert Ramirez (or any other defendant) in the Underlying Lawsuit. Under the "eight corners" rule of Texas insurance law, Atlantic Casualty is entitled to summary judgment because its insurance policies do not provide coverage for the claims asserted by the plaintiffs in the Underlying Lawsuit.

## II.   Legal Basis of Atlantic Casualty's Motion

Atlantic Casualty will present the legal grounds on which it relies in its brief as permitted by Local Rule 56.3(b).

## III.   Factual Basis of Atlantic Casualty's Motion

Atlantic Casualty will present the factual grounds on which it relies in its brief as permitted by Local Rule 56.3(b).

## IV.   Conclusion

As discussed in its brief, Atlantic Casualty has demonstrated that under the governing "eight corners" rule, as a matter of law Atlantic Casualty has no duty to defend or indemnify LBJ Trucking or Robert Ramirez or any other insured or Defendant for the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuit. No genuine issues of material fact exist which would preclude summary judgment in favor of Atlantic Casualty. Atlantic Casualty therefore asks the Court to grant in all respects its Motion for Summary Judgment, declare that Atlantic Casualty has no duty to

defend or indemnify LBJ Trucking or Robert Ramirez or any other insured or defendant for the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuit, and award Atlantic Casualty its costs of court, reimbursement for its defense costs, and for all additional relief to which it may be entitled.

        Respectfully submitted,

        SAVRICK, SCHUMANN, JOHNSON,
        MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*

    Camille Johnson, Attorney-in-Charge
    State Bar No. 10686600
    Gary N. Schumann
    State Bar No. 17851930
    6440 N. Central Expressway, Suite 107
    Dallas, Texas 75206
    Phone: (214) 368-1515
    Fax: (214) 292-9647
    Email: camille@ssjmlaw.com

**ATTORNEYS FOR PLAINTIFF
ATLANTIC CASUALTY INSURANCE COMPANY**

Of counsel:

William A. Reece
State Bar No. 16672990
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647
Email: breece@ssjmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2007, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system, and I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Camille Johnson
Camille Johnson

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - Page 4**