## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem, Clarence Truman Clem, Kelly Clem, Clarence T. "Casey" Clem, Jr.,<br><br>     Plaintiffs,<br><br>v.<br><br>Bill Briscoe, individually, and d/b/a Briscoe Land Reclamation Project, and d/b/a Bill Briscoe Enterprises, Inc., Hensley Industries, Inc., Robert Ramirez, individually and d/b/a LBJ Trucking Co., Inc., LBJ Trucking Co., Inc.,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No.4:07cv285 |

## ORIGINAL COMPLAINT

1.     This is a lawsuit brought to clean up the homestead farm of the Clem family, now known as Clem's Ye Olde Homestead Farms, Ltd.  It is the dumping site of solid waste, including foundry sand, generated by Hensley Industries, Inc. ("Hensley"), and transported by Robert Ramirez, individually and d/b/a LBJ Trucking Co., Inc., and LBJ Trucking Co., Inc. (collectively "LBJ Trucking").  Bill Briscoe, individually ("Briscoe"), d/b/a Briscoe Land Reclamation Project and d/b/a Bill Briscoe Enterprises, Inc. (with Briscoe, collectively the "Briscoe entities") engaged in the storage and disposal of solid waste, including foundry sand, that has now contaminated the Clem property.  Plaintiffs also seek relief under state and common law for the conduct of all Defendants.

2.     The citizen suit portion of this action is brought under § 7002(a)(1)(A) and § 7002(a)(1)(B) of the Resource Conservation Recovery Act (hereinafter "RCRA"), 42 U.S.C. § 6972(a)(1)(A) and 42 U.S.C. § 6972(a)(1)(B), to remedy the storage and disposal of solid and other waste by Defendants in violation of RCRA at the Clem property.  To remedy Defendants'

ORIGINAL COMPLAINT



violations, Plaintiffs seek a declaratory judgment, injunctive relief, civil penalties and damages. Plaintiffs also seek the award of costs, including attorneys and expert witness fees.

## I.    JURISDICTION AND VENUE

3.    Paragraphs 1-2 set forth above are hereby incorporated by reference.

4.    This Court has subject matter jurisdiction of claims brought under RCRA pursuant to § 7002(a) of RCRA, 42 U.S.C. § 6972(a). This Court has supplemental jurisdiction over Plaintiffs' state and common law claims.

5.    On November 20, 2006, Plaintiffs Casey Clem and Clem's Ye Olde Homestead Farms, Ltd. gave notice to Defendants pursuant to § 7002(b) of RCRA, 42 U.S.C. § 6972(b), for violations of § 7002(a)(1)(A) and (B) of RCRA, 42 U.S.C. § 6972(a)(1)(A) & (B). A copy of the notice letter is attached as Exhibit A.

6.    More than ninety (90) days have passed since notice was served on Defendants.

7.    To the best of Plaintiffs' knowledge, neither the administrator of the US EPA nor the State of Texas has commenced and is diligently prosecuting a similar civil or criminal action in a court of the United States or a state to require compliance with the permits, standards, regulations, conditions, requirements, prohibitions, or orders violated by Defendants.

8.    To the best of Plaintiffs' knowledge, neither EPA nor the state has commenced and is diligently prosecuting any court action, or has engaged in enforcement or removal actions or incurred cost to abate or eliminate the imminent and substantial endangerment to health or the environment caused by Defendants' conduct.

9.    Venue is appropriate in the Eastern District of Texas, Sherman Division, pursuant to § 7002(a) of RCRA, 42 U.S.C. § 6972(a), because the violations complained of occurred within the Eastern District of Texas, Sherman Division.

ORIGINAL COMPLAINT

P. APP 0002

## II.    PARTIES

10.     Paragraphs 1-9 set forth above are hereby incorporated by reference.

11.     Plaintiff Clem's Ye Olde Homestead Farms, Ltd. is a Texas limited partnership, and is the current owner of the property on which the violations occurred.

12.     Plaintiff Bettye Crider Clem is an individual residing in Denton County, Texas, who, during a portion of the time Defendants committed their conduct, owned the Singleton survey tract and part of the Schoonover survey tract that were conveyed to Clem's Ye Olde Homestead Farms, Ltd. on December 28, 2005.  Bettye Crider Clem also owned a portion of the West survey tract, which makes up a portion of Clem's Ye Olde Homestead Farms, Ltd., up to and until December 28, 2005, and during a time in which Defendants' conduct was committed.

13.     Plaintiff Clarence Truman Clem is an individual residing in Denton County, Texas, who, until December 28, 2005, and during the time of Defendants' conduct, owned a portion of the West survey tract that is now a part of Clem's Ye Olde Homestead Farms, Ltd.

14.     Plaintiff Kelly Clem is an individual residing in Denton County, Texas, who, until December 28, 2005, and during the time of Defendants' conduct, owned a portion of the West survey tract that is now a part of Clem's Ye Olde Homestead Farms, Ltd.

15.     Plaintiff Clarence T. "Casey" Clem, Jr. is an individual residing in Denton County, Texas, who, until December 28, 2005, and during the time of Defendants' conduct, owned a portion of the West survey tract that is now a part of Clem's Ye Olde Homestead Farms, Ltd.

16.     Defendant Hensley Industries, Inc. is a corporation formed under Texas law. Hensley generated and handled foundry sand and other solid waste that was transported to the Clem property and then stored and disposed of there.  The registered agent in Texas for Hensley Industries, Inc. is CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

ORIGINAL COMPLAINT                                                                                    Page 3

17. Defendant Robert Ramirez, individually, is a resident of the State of Texas who participated in the transport and handling of solid waste and foundry sand to the Clem property for storage and disposal. Upon information and belief, defendant Robert Ramirez may be served with summons at 2914 Panorama Drive, Carrollton, Texas 75007.

18. Defendant LBJ Trucking Co., Inc. is a Texas corporation that engaged in the handling and transport of solid waste and foundry sand to the Clem property for storage and disposal. The registered agent for LBJ Trucking Co., Inc. is Carolyn Elizabeth Benavides, 2914 Panorama Drive, Carrollton, Texas 75007.

19. Defendant Bill Briscoe, individually and d/b/a Briscoe Land Reclamation Project and d/b/a Bill Briscoe Enterprises, Inc. is a resident of Collin County, Texas, and participated in the handling, storage, arranging for disposal, and disposal of solid waste, including foundry sand, that was transported at Defendant Briscoe's instruction, which Briscoe then directed be stored and disposed of at the Clem property. Upon information and belief Bill Briscoe Enterprises, Inc. has forfeited its charter under Texas law. Defendant Bill Briscoe resides and may be served with summons at 5917 Sicilian Circle, Plano, Texas 75093, and/or at 7209 Sage Meadow Way, Plano, Texas 75024.

### III. FACTS

20. Paragraphs 1-19 set forth above are hereby incorporated by reference.

21. In 2001, Bill Briscoe began performing reclamation work on approximately 46-48 acres that make up a part of the property located at 1639 Parker Road in Carrollton, Texas. Briscoe contracted with Clem to bring in "clean fill material" as a part of a project to raise certain lands owned by Clem out of the flood plain.

22. Documents of Briscoe and the Briscoe entities demonstrate that a first load of foundry sand, as opposed to clean fill material, was delivered to the Clem Property on

ORIGINAL COMPLAINT

P. APP 0004

January 18, 2002. Robert Ramirez was the transporter of the foundry sand from January of 2002 until at least October 17, 2002, when LBJ Trucking was incorporated. Until December 28, 2005, the individual Clem plaintiffs owned title to the property where the foundry sand and other solid waste were disposed.

23. None of the Plaintiffs were aware that, instead of bringing in clean fill material, Briscoe acting in concert with, and/or aided and abetted by, the Briscoe entities was accepting, storing and disposing of foundry sand and other solid waste generated in part by Hensley and transported by Ramirez and LBJ Trucking to the Clem property. Plaintiffs did not become aware, and had no reason to be aware, until approximately April 2006 that foundry sand and other solid waste were generated, transported, stored and disposed of at the property. Foundry sand and other solid waste were generated, transported, stored and disposed of at the property up to and including at least May 2, 2006.

24. Generally, Hensley generated foundry sand and provided it to Ramirez and LBJ Trucking for transport. Ramirez and LBJ Trucking transported the material and other solid waste to the Clem property. Hensley, Briscoe and the Briscoe entities likewise, arranged for the disposal of solid waste and foundry sand at the Clem property. Substantial quantities of solid waste and foundry sand remain at the Clem property and still remain to be removed from the property.

25. Briscoe, the Briscoe entities, Hensley, Ramirez and LBJ Trucking have had continuous knowledge of the presence of solid waste and foundry sand that was illegally disposed of at the Clem property for some time. To date, Briscoe has taken some action to remove certain municipal solid waste from the Clem property. None of the Defendants, however, have accepted responsibility for their illegal conduct; nor have the Defendants removed

ORIGINAL COMPLAINT

P. APP 0005

all foundry sand and other solid waste from the Clem property. To the best of Plaintiffs' knowledge, no foundry sand has been removed.

26. Defendants' failure to remove the foundry sand and other waste constitutes wrongs, torts, and conduct that are continuing, uninterrupted and unremedied. The wastes generated, transported, stored and disposed of by Defendants, continuing to be present in the environment, are uncovered and are subject to storm water discharges, and continue to present an imminent and substantial endangerment to individuals and the environment. Moreover, the presence of the foundry sand and other waste on the Clem property diminishes the current and future value of the property, and results in loss of rental fees to Plaintiffs.

27. Notice has been given to Defendants pursuant to RCRA, and demand has been made on the Briscoe entities under the contract with Clem and under applicable law.

## IV. FIRST CLAIM – STORAGE AND/OR DISPOSAL OF SOLID WASTE

28. Paragraphs 1-27 set forth above are hereby incorporated by reference.

29. Section 7002(a)(1)(A) of RCRA, 42 U.S.C. § 6972(a)(1)(A), provides that any person may commence a civil action against any person who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order effective pursuant to RCRA.

30. Section 4005 of RCRA, 42 U.S.C. § 6945(a), makes open dumping of solid waste illegal. Open dumping, by definition, includes disposal of solid waste anywhere other than at a licensed landfill or permitted treatment storage and disposal facility. Disposal includes, *inter alia*, the "discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." *See* 42 U.S.C. § 6903(3). Solid waste includes discarded

ORIGINAL COMPLAINT

P. APP 0006

material, garbage, refuse, waste sludge from treatment facilities, and any type of material that is discarded, except for domestic sewage, irrigation return flows permitted pursuant to the CWA and nuclear waste. *See* 42 U.S.C. § 6903(27). The Clem property is not a licensed landfill or permitted treatment storage and disposal facility.

31.     Defendants' generation, handling, transport, storage, disposal and arranging for disposal of solid waste at the Clem property likewise violates 30 Texas Administrative Code Chapter 335.2(a) and (b) because of the failure of Briscoe and the Briscoe entities to obtain an appropriate TCEQ permit or authorization prior to disposing of over 10,000 cubic yards of foundry sand and solid waste at the Clem property.

32.     Defendants' conduct in generating, handling, transporting, storing, disposing and arranging for disposal of foundry sand and other solid waste is in violation of Texas Health and Safety Code Chapter 361.

33.     Briscoe, the Briscoe entities, Ramirez, LBJ Trucking and Hensley are also in violation of 40 CFR § 257.1(c) in that each of them has played a part in creating a solid waste disposal facility that does not satisfy the criteria set forth in 40 CFR § 257. More specifically, the disposal facility—operated by Briscoe and/or the Briscoe entities and containing, in part, Hensley waste that was transported by Ramirez and LBJ—fails to satisfy the following criteria:

A.     40 CFR § 257.3-1 – Because the facility is located in a flood plain;

B.     40 CFR § 257.3-3 – Because the facility is not designed to prevent discharges of pollutants into waters of the United States and has no permit for such discharges; and

C.     40 CFR § 257.3-3 – Because the facility has not been designed to prevent discharges of dredge and fill material from it to waters of the United States.

ORIGINAL COMPLAINT

P. APP 0007

34. The Defendants' conduct set forth under this claim constitutes violations of 42 U.S.C. § 6972(a)(1)(A).

## V. SECOND CLAIM – IMMINENT AND SUBSTANTIAL ENDANGERMENT

35. Paragraphs 1-34 set forth above are hereby incorporated by reference.

36. Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), provides that any person may commence a civil action against any person including a past or present owner or operator of a treatment, storage or disposal facility, who has contributed to or is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste that may present an imminent and substantial endangerment to health or the environment. The Defendants' respective generation, treatment, storage, disposal, arranging for disposal, and handling of foundry sand and other solid waste contribute to the past and present handling, storage, and disposal of solid waste in the form of foundry sand and other waste at the Clem property. The foundry sand and other solid waste at the Clem property may present an imminent and substantial endangerment to health or the environment through its ability to be emitted into the air, discharged into the water, or remain in soils at the Clem property.

37. Defendants have violated § 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), because the contamination of the Clem property by foundry sand and other solid waste may present an imminent and substantial endangerment to health or the environment.

## VI. THIRD CLAIM - NUISANCE

38. Paragraphs 1-37 set forth above are hereby incorporated by reference.

39. The Defendants, by the conduct set forth below, have created a private nuisance on the Clem property. Defendants' conduct, in this respect, has been a non-trespassory invasion of the Clem property that prevents or impairs the private use and enjoyment of their land. The conduct invading Plaintiffs' interests includes:

ORIGINAL COMPLAINT

A.  For Briscoe and the Briscoe entities – The contracting for, acceptance, storage, handling, disposal, and arranging for disposal of foundry sand and municipal solid waste while operating a land reclamation project on the Clem property;

B.  For Hensley – The generation, handling and arranging for disposal of foundry sand through Ramirez, LBJ Trucking, Briscoe and the Briscoe entities at the Clem property; and

C.  For Ramirez and LBJ Trucking – The transport, handling and arranging for disposal of foundry sand and other solid waste at the Clem property.

40.  The conduct of the Defendants was either intentional and unreasonable or unintentional but otherwise actionable because of the negligence or reckless conduct of the Defendants.

41.  Defendants are strictly liable to Plaintiffs for the nuisance they have created on the Clem property.

42.  The nuisance created by Defendants is ongoing and continuing and will continue to damage Plaintiffs and Plaintiffs' property until such nuisance is abated and the foundry sand and other waste are removed and remediated.

43.  Moreover, Defendants are liable to Plaintiffs for damages, including without limitation, rental value and diminished property value, due to the nuisance they have created on the Clem property.

44.  The nuisance created by Defendants also entitles Plaintiffs to punitive damages.

## VII.  FOURTH CLAIM - NEGLIGENCE

45.  Paragraphs 1-44 set forth above are hereby incorporated by reference.

ORIGINAL COMPLAINT

P. APP  0009

46. Defendants' conduct constitutes negligence, which gives rise to liability under Texas law. Defendants knew or should have known that each of their respective conduct, described herein, would cause property and other damage to Plaintiffs. Defendants had a duty to protect Plaintiffs and their property from the effects of generating, transporting, handling, storing, arranging for disposal and disposing of foundry sand and other solid waste at the Clem property. Defendants not only violated this duty, but concealed and failed to disclose to Plaintiffs that the material being brought onto the Clem property was not clean fill but was contaminated, regulated, and a waste.

47. Defendants violated this duty to Plaintiffs and such violation is the proximate cause of damages to Plaintiffs described herein.

48. Defendants' knowing conduct and concealment subject them to punitive damages for gross negligence.

## VIII. FIFTH CLAIM - TRESPASS

49. Paragraphs 1-48 set forth above are hereby incorporated by reference.

50. Defendants have committed a trespass against Plaintiffs by their generation, transportation, handling, storage, arranging for disposal, and disposal of foundry sand and other solid waste on Plaintiffs' property in a manner that was beyond, outside, and in breach of any agreement between Plaintiffs and Defendants.

51. Defendants' trespass constitutes an invasion of Plaintiffs' interest that prevents and impairs the quiet use and enjoyment of the Clem property and has caused the Plaintiffs damage.

52. Defendants are liable to Plaintiffs for damages, including without limitation rental value and diminished property value, due to Defendants' trespass.

53. Defendants' trespass also entitles Plaintiffs to punitive damages.

ORIGINAL COMPLAINT

P. APP 0010

## IX.  SIXTH CLAIM – BRISCOE – BREACH
## OF LICENSE AGREEMENT

54.    Paragraphs 1-53 set forth above are hereby incorporated by reference.

55.    In 2002, Clem contracted with Briscoe under a license agreement ("License Agreement") to permit Briscoe to reclaim certain lands belonging to Clem situated in the flood plain.  Briscoe (acting in concert with, and aided and abetted by, others) is in breach of the License Agreement based on the following:

A.    Briscoe is in breach of §§ 2.01 and 2.03 of the License Agreement in that he has accepted, dumped, buried or stored materials not native to the premises in the form of foundry sand and other solid waste.

B.    Briscoe is in breach of § 2.01 of the License Agreement because he has used and occupied the Clem property for purposes other than as specifically set forth in §§ 2.01 and 2.02 of the License Agreement.

C.    Briscoe is in breach of § 2.05 of the License Agreement because he has not:

i.    occupied the premises in a careful, safe and proper manner;

ii.    kept the premises in a clean and safe condition; and

iii.    obtained or procured the necessary permits, certificates, licenses or other authorizations required for a permitted use and occupancy of the Clem property.

D.    Briscoe is in breach of the License Agreement because his use and occupancy of the Clem property is contrary to statutes, rules, orders, ordinances and regulations applicable to his operations.

E.    Briscoe is further in breach of § 2.05 of the License Agreement in that he has used or occupied the Clem property, or has permitted the premises to

ORIGINAL COMPLAINT                                                    Page 11

be used or occupied, in such a way that causes the value or usefulness of the premises to diminish and that constitutes a nuisance or waste.

F.    Briscoe is in breach of § 2.07 of the License Agreement because he has not complied with all applicable laws, ordinances and governmental rules and regulations concerning his use of the premises, including hazardous materials laws.

G.    Briscoe is in breach of the License Agreement by his failure to carry the appropriate and required insurance as set forth in paragraph 3.02 of the License Agreement.

H.    Briscoe is in breach of his duty to indemnify Clem pursuant to §§ 2.07 and 3.01 of the License Agreement.

56.    Briscoe's breaches of the License Agreement have caused damages to Plaintiffs. Demand has been made on Briscoe. Accordingly, pursuant to § 7.12 of the License Agreement, and as authorized under Chapter 38 of the Texas Civil Practice and Remedies Code, Plaintiffs are entitled to their attorneys' fees.

## X.    SEVENTH CLAIM – BRISCOE – VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

57.    Paragraphs 1-56 set forth above are hereby incorporated by reference.

58.    Briscoe represented to Plaintiffs that "clean fill material" would be transported, delivered, deposited and stored at the Clem property. Instead, Briscoe, acting in concert with, and aided and abetted by, others, delivered, deposited and stored foundry sand and other solid waste at the Clem property.

59.    Briscoe, acting in concert with, and others aided and abetted by, others, has violated the Texas Deceptive Trade Practices Act (the "DTPA," TEX. BUS. & COM. CODE §§ 17.41, *et seq.*) as follows:

ORIGINAL COMPLAINT

A.  Briscoe violated section 17.46(b)(5) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not.

B.  Briscoe violated section 17.46(b)(6) by representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand.

C.  Briscoe violated section 17.46(b)(7) by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

D.  Briscoe violated section 17.46(b)(12) by representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

E.  Briscoe violated section 17.46(b)(24) by failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

F.  Briscoe violated section 17.50(a)(3) by committing unconscionable acts and/or unconscionable course of action against Plaintiffs.

60.  Briscoe's violations of the DTPA have caused economic damages to Plaintiffs. Briscoe's violations of the DTPA were committed knowingly and entitle Plaintiffs to the imposition of additional statutory damages under the DTPA.

61.  As authorized under the DTPA, Plaintiffs also are entitled to their attorneys' fees.

ORIGINAL COMPLAINT

Page 13

62. Briscoe has been notified of Plaintiffs' claims under the DTPA by letter dated May 15, 2007.

## XI.  EIGHTH CLAIM – BRISCOE – INDEMNITY

63. Paragraphs 1-62 set forth above are hereby incorporated by reference.

64. Pursuant to §§ 2.07 and 3.01 of the License Agreement, Plaintiffs are entitled to indemnity from Briscoe.  Briscoe's failure to indemnify Plaintiffs constitutes a further breach of the License Agreement and also gives rise to the invocation of Briscoe's indemnity obligations.

65. Plaintiffs seek attorneys' fees and costs under this claim, as a part of the indemnity, and for breach of contract as set forth in § 7.12 of the License Agreement, and as authorized under Chapter 38 of the Texas Civil Practice and Remedies Code.

## XII.  DISCOVERY RULE AND TOLLING

66. Paragraphs 1-65 set forth above are hereby incorporated by reference.

67. Plaintiffs' claims are subject to the discovery rule, which delay the accrual of such causes of action either because the discovery rule applies to such claims as a matter of law or because Plaintiffs' injuries were inherently undiscoverable and objectively verifiable, and/or concealed fraudulently by the acts of Defendants.  The limitations periods for Plaintiffs' claims have been tolled.  Moreover, Defendants' tortious and other wrongful conduct is ongoing, repeated and continuing.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that Defendants be cited to appear and answer this Complaint, and that upon final trial the Court grant the following relief:

    A.      Issue a declaratory judgment that Defendants have violated, and continue to be in violation of, §§ 4005, 7002(a)(1)(A) and 7002(a)(1)(B) of RCRA, 42 U.S.C. §§ 6945, 6972(a)(1)(A), 6972(a)(1)(B);

ORIGINAL COMPLAINT

B.  Issue a declaratory judgment that Defendants have committed a trespass and created a nuisance that damages Plaintiffs' interests;

C.  Issue a declaratory judgment that Defendant Briscoe is required to indemnify Plaintiffs for all costs, liabilities and expenses associated with Defendant Briscoe's conduct;

D.  Issue a mandatory prospective injunction requiring Defendants to remove and properly dispose of the foundry sand and other waste they have generated, transported, handled, stored, arranged for disposal of, or disposed of at the Clem property;

E.  Issue a mandatory prospective injunction requiring Defendants to cease generating, transporting, handling, storing, arranging for disposal or disposing of foundry sand and other waste at the Clem property;

F.  Order Defendants to pay appropriate civil penalties for the illegal generation, transportation, handling, storing, arranging for disposal and disposal of foundry sand and other waste at the Clem property without a permit and in violation of federal and Texas law;

G.  Order such other injunctive relief as the Court deems appropriate, including restitution and mitigation;

H.  Award Plaintiffs their costs, including reasonable attorneys' fees and expert fees as authorized by § 7002(e) of RCRA, 42 U.S.C. § 6972(e), Chapter 38 of the Texas Civil Practice and Remedies Code, the DTPA, and the License Agreement;

ORIGINAL COMPLAINT

P. APP 0015

I.    Award Plaintiffs their damages for the conduct committed by Defendants
      herein, including without limitation actual damages, punitive damages and
      additional statutory damages as authorized by the DTPA; and

J.    Award Plaintiffs such other relief, both general and special, at law or in
      equity, to which Plaintiffs may show themselves justly entitled.

ORIGINAL COMPLAINT                                                    Page 16

Signed: June 12, 2007 _____

Respectfully submitted,

/s/ Vincent J. Hess _____
Vincent J. Hess
Kirsten M. Castañeda
James B. McGuire
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on the following persons/entities by first-class U.S. mail, certified, return receipt requested, on the 12th day of June, 2007:

Richard Greene
Regional Administrator - *Mail Code:* 6RA
U.S. EPA, Region
1445 Ross Avenue
Suite 1200
Dallas, TX 75202-2733

Stephen L. Johnson
U.S. EPA Acting Administrator – *Mail Code 1101A*
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Jacqueline S. Hardee
Solid Waste Permits – *Mail Code 126*
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, TX 78711-3087

Alan Batcheller
Remediation Division – *Mail Code 225*
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, TX 78711-3087

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

/s/ Vincent J. Hess_____

ORIGINAL COMPLAINT

Page 17

# LOCKE LIDDELL & SAPP LLP

### ATTORNEYS & COUNSELORS

2200 ROSS AVENUE
SUITE 2200
DALLAS, TX 75201-6776

AUSTIN • DALLAS • HOUSTON • NEW ORLEANS • WASHINGTON, D.C.

Phone: (214) 740-8000
Fax: (214) 740-8800
www.lockeliddell.com

**WRITER'S DIRECT DIAL:**
**(214) 740-8670**
**E-MAIL:** faddison@lockeliddell.com

November 20, 2006

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Bill Briscoe, Individually, and
d/b/a Briscoe Land Reclamation Project, and
Bill Briscoe Enterprises, Inc.
5917 Sicilian Circle
Plano, TX 75093

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Hensley Industries, Inc.
2108 Joe Field Road
Dallas, Texas 75229

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Bill Briscoe, Individually, and
d/b/a Briscoe Land Reclamation Project, and
Bill Briscoe Enterprises, Inc.
7209 Sage Meadow Way
Plano, TX 75024-3481

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Hensley Industries, Inc.
P.O. Box 29779
Dallas, TX 75229-0779

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Bill Briscoe, Individually, and
d/b/a Briscoe Land Reclamation Project, and
Bill Briscoe Enterprises, Inc.
4912 Dozier
Carrollton, TX 75010

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Hensley Industries, Inc.
ATTN: Henry Baer – Registered Agent
26th Floor / LTV Tower
Dallas, TX 75201

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Robert Ramirez, Individually, and
d/b/a LBJ Trucking Co., Inc.
2914 Panorama Dr.
Carrollton, TX 75007-4302

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
LBJ Trucking Co., Inc.
ATTN: Carolyn Elizabeth Benavides
Registered Agent
2914 Panorama Dr.
Carrollton, TX 75007-4302

Re:     Resource Conservation Recovery Act ("RCRA") - Pre-Suit Notice Pursuant to
        42 U.S.C. § 6972(b)(1)(2)

Dear Sir or Madam:

Please be informed we represent Lori and Casey Clem and Clem's Ye Olde Homestead Farms, Ltd. ("Clem"), in connection with the claims they have against Bill Briscoe, Individually, d/b/a Briscoe Land Reclamation, and Bill Briscoe Enterprises, Inc. (collectively "Briscoe"), Robert Ramirez, Individually, and d/b/a LBJ Trucking Co., Inc. (collectively "Ramirez"), Hensley

**EXHIBIT**

A

November 20, 2006
Page 2

Industries, Inc. ("Hensley"), and LBJ Trucking Co., Inc. ("LBJ"). Clem's claims are under RCRA, 42 U.S.C. § 6972(a)(1)(A)(B). Our telephone number is set forth above.

Clem's claims arise out of the improper generation, transport, storage, disposal and presence of solid waste in the form of Municipal Solid Waste and foundry sand at 1639 Parker Rd., Carrollton, Texas 75010 in Denton County, Texas ("the Site").

## BACKGROUND

In 2001, Bill Briscoe began performing reclamation work on approximately 46 to 48 acres that make up a part of the property located at 1639 Parker Road in Carrollton, Texas. Briscoe contracted with Clem to bring in clean fill material as a part of a project to raise certain lands owned by Clem out of the flood plain. The project moved forward without incident until 2005. Beginning at that time, unbeknownst to Clem, and continuing through 2006, and more specifically on May 2, 2006, Briscoe began accepting municipal solid waste and foundry sand, a Class 2 non-hazardous industrial waste, and placing it on the Clem's property. Hensley generated the foundry sand and provided it to Ramirez and LBJ Trucking. Ramirez and LBJ Trucking transported municipal solid waste and foundry sand to the site. Hensley and Briscoe, likewise, arranged for the disposal of municipal solid waste and foundry sand at the Site. Substantial quantities of municipal solid waste and foundry sand remain at the Site and still remain to be removed from the Site.

## RESOURCE CONSERVATION AND RECOVERY ACT

Section 7002(a)(1)(A) of RCRA, 42 U.S.C. § 6972(a)(1)(A), requires that sixty (60) days prior to the initiation of a civil suit under the authority of 42 U.S.C. § 6972(a)(1)(A), notice of intent to sue must be given. The purpose of this letter is to inform you that Clem intends to bring a citizen's suit sixty (60) days from the date of this letter under 42 U.S.C. § 6972(a)(1)(A) against Briscoe, Ramirez, Hensley, and Ramirez for the generation, transport, disposal, storage, presence, and release of solid wastes, including but not limited to municipal solid waste and foundry sand. These releases have violated the permits, standards, regulations, conditions, requirements, prohibitions, and/or orders, which have become effective pursuant to RCRA. Clem's suit will seek prospective mandatory injunctive relief requiring Briscoe, LBJ, Hensley, and Ramirez to address, respond to, and remediate conditions at the Property, and also for civil penalties and attorneys' fees.

Pursuant to RCRA, 42 U.S.C. § 6945(a), open dumping of solid waste is prohibited. Open dumping, by definition, includes disposal of solid waste anywhere other than at a licensed landfill or permitted treatment, storage and disposal facility. Disposal includes, *inter alia*, the "discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste, or hazardous waste, or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." See, 42 U.S.C. § 6903(3). Solid waste includes discarded material, garbage, refuse, waste sludge from treatment facilities, and any type of material which is discarded except for domestic sewage, irrigation return flows permitted pursuant to the CWA and nuclear waste. See, 42 U.S.C. § 6093(27).

Briscoe, LBJ, Hensley, and Ramirez and their predecessors have contributed and are contributing to the past and present disposal of solid waste in violation of, *inter alia*, the open dumping provisions of RCRA and its corresponding regulations. The violations arise out of the discharge of solid waste, including but not limited to, municipal solid waste and foundry sand. The

P. APP 0019

November 20, 2006
Page 3

violations set forth herein, and the impacts from such violations of RCRA have been ongoing, are continually occurring, and will continue to exist until they are abated and properly remediated. They include, but are not limited to, the generation, transport, disposal, storage, discharge, release, and presence of solid waste in violation of 42 U.S.C. § 6945(a).

More specifically, Ramirez and LBJ have failed to prevent the transportation of industrial non-hazardous waste for disposal at an unauthorized site, not only in violation of the RCRA sections set forth above, but also in violation of Texas Health and Safety Code Chapter 361, 30 TEX. ADMIN. CODE § 335.2(a)(b). In the same manner, Hensley has generated and arranged for disposal of municipal solid waste, foundry sand, and non-hazardous industrial waste at the site. By so doing, Hensley has caused, suffered, and allowed the disposal of such waste without authorization by permit in violation of 30 TAC § 335.2(a)(b) and Texas Health and Safety Code Chapter 361.

Briscoe, as operator at the site, has likewise caused, suffered, allowed, and permitted the storage, processing or disposal of municipal solid waste and non-hazardous industrial solid waste without a permit in violation of 30 TAC § 335.2(a)(b) and Texas Health and Safety Code Chapter 361.

Briscoe, Ramirez, Hensley and LBJ are also in violation of 40 CFR § 257.1(c) in that each defendant has played a part in creating a solid waste disposal facility that does not satisfy the criteria set forth in 40 CFR § 257. More specifically, the disposal facility at which Hensley's waste, transported by Ramirez and LBJ, and operated by Briscoe, fails to satisfy the following criteria:

- 40 CFR § 257.3-1 – Because the disposal facility is located in a floodplain;

- 40 CFR § 257.3-3 – Because the facility is not designed to prevent discharges of pollutants into waters of the United States and has no permit for such discharges. In the same manner, the disposal facility has not been designed to prevent discharges of dredge and fill material from it to waters of the United States, also in violation of 40 CFR § 257.3-3.

In addition to the statutory provisions referred to herein, Clem may also seek actual property damages, reliance damages, consequential damages, response costs, and costs of litigation under Texas or federal, statutory or common law.

Please contact me should you have any questions concerning this notice, or should you believe this notice is incorrect in any respect. During the notice period, we are available to discuss this matter with you, and hope that negotiations can be instituted immediately in an effort to resolve this matter and avoid the bringing of a civil action against Briscoe, LBJ, Hensley, and Ramirez.

November 20, 2006
Page 4

     I look forward to discussing this matter with you or your representative. If you have any questions or need clarification of the issues set forth herein, please do not hesitate to contact me.

          Very truly yours,

          LOCKE LIDDELL & SAPP LLP
          Attorneys & Counselors

          By: _____
                Frederick W. Addison, III

FWA:kp

cc:   ***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
     Richard Greene
     **Regional Administrator -** *Mail Code: 6RA*
     U.S. EPA, Region
     1445 Ross Avenue
     Suite 1200
     Dallas, TX 75202-2733

     ***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
     Stephen L. Johnson
     **U.S. EPA Acting Administrator –** *Mail Code 1101A*
     U.S. Environmental Protection Agency
     Ariel Rios Building
     1200 Pennsylvania Avenue, N.W.
     Washington, D.C. 20460

     ***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
     Alberto Gonzales
     U.S. Attorney General
     U.S. Department of Justice
     950 Pennsylvania Avenue, N.W.
     Washington, D.C. 20530-0001

     ***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
     Jacqueline S. Hardee
     **Solid Waste Permits –** *Mail Code 126*
     Texas Commission on Environmental Quality
     P.O. Box 13087
     Austin, TX 78711-3087

November 20, 2006
Page 5

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*
Alan Batcheller
Remediation Division – *Mail Code 225*
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, TX 78711-3087

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*
Frances E. Phillips
Gardere Wynne Sewell LLP
Thanksgiving Tower
1601 Elm Street, Suite 3000
Dallas, Texas 75201