IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 3:07-CV-1297-K |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR., Defendants. | § § § § § § § § § § | |

**DEFENDANTS ROBERT RAMIREZ AND LBJ TRUCKING CO., INC.'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Robert Ramirez and LBJ Trucking Co., Inc. (collectively "LBJ Trucking") respectfully respond as follows to the Motion for Summary Judgment filed by Plaintiff Atlantic Casualty Insurance Company.

**I.   SUMMARY**

This is an insurance coverage case. LBJ Trucking was hired to transport fill material to a reclamation site to raise tracts of land above the flood plain. When the landowners objected to the quality of the material transported to their land and threatened to sue, LBJ Trucking submitted the potential claim to Atlantic. After the landowners filed suit, Atlantic hired counsel for LBJ Trucking, as per its policy.

Now Atlantic has filed a motion for summary judgment, almost a year after LBJ Trucking first notified Atlantic of the landowners' claims, contending that it has no duty to

defend or indemnify LBJ Trucking. Summary judgment is improper because there are genuine issues of material fact surrounding the landowners' claims in the underlying lawsuit, and hence there are genuine issues concerning the policy exclusion provisions asserted by Atlantic in this lawsuit. Further, Atlantic's original complaint and summary judgment motion entirely fail to mention its duty to defend LBJ Trucking against the counterclaims asserted in the underlying lawsuit. Accordingly, Atlantic's motion for summary judgment should be denied.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when there is no genuine issue of material fact, so that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Therefore, to prevail on its motion for summary judgment, Atlantic is required to show that there is no genuine issue of material fact regarding its obligation to defend and indemnify LBJ Trucking in connection with the underlying lawsuit.[1]

Whether an insurance policy imposes a duty on the insurer to defend the insured against an underlying lawsuit is a question of law decided by the court. *See Fielder Road Baptist Church v. Guideone Elite Ins. Co.*, 139 S.W.3d 384, 387 (Tex. App.–Ft. Worth 2004), *aff'd*, 197 S.W.3d 305 (Tex. 2006). Once the insured has established that a claim is potentially within scope of coverage, then the burden shifts to the insurer to show that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of all claims. *Northfield Ins. Co. v. Loving Home Care*, 363 F.3d 523, 528 (5th Cir. 2004). Thus, Atlantic cannot obtain summary judgment unless it conclusively demonstrates that, under the plain language of the Policy, there was no duty to defend LBJ Trucking from any of the allegations contained in the underlying lawsuit.

---

[1] *Clem's Ye Olde Homestead Farms, Ltd., et al. v. Briscoe, et al.*, No. 4:07-CV-285-RAS-DDB, U.S. District Court, Eastern District of Texas (the "Clem Lawsuit").

### III. ARGUMENT & AUTHORITIES

**A.     The "Claims in Process" Exclusion Does Not Apply Because LBJ Trucking Transported the Material During the Policy Period.**

As Atlantic states in its motion for summary judgment, the policy covers any "occurrence" that happened during the policy period; only those that happened before the policy period are excluded.  *See* Doc. 17 at p. 11.

While the original complaint in the Clem Lawsuit alleges that the project began in 2002, the "pre-suit notice" explains that the "project went forward without incident until 2005. Beginning at that time, unbeknownst to Clem, and continuing through 2006, and more specifically on May 2, 2006, Briscoe began accepting municipal solid waste and foundry sand, a Class 2 non-hazardous industrial waste, and placing it on the Clems' property.  Hensley generated the foundry sand and provided it to Ramirez and LBJ Trucking." D. App. 00013.[2]

LBJ Trucking had two successive policies with Atlantic, both covering the same period as alleged in the Clem Lawsuit.  The first policy, No. L057003403, ran from April 27, 2004 to April 27, 2005.  *See* P. App. 0023.  The second policy, No. L057004262, ran from April 28, 2005 to April 28, 2006.  (Collectively, referred to as "the Policy.")  The allegations in the Clem Lawsuit almost perfectly align with the time period of the Policy.  Further, the on-going discovery in the Clem Lawsuit has not yet established which truckloads, if any, contained the unsatisfactory fill material.  Until such time, each truckload of sand transported by LBJ Trucking constitutes an "occurrence" under the Policy, and it is undisputed that LBJ Trucking transported sand during the period of the Policy. *See, e.g.,* D. App. 4-5 (Invoices for transport from April 25 and 26, 2006).

---

[2] Despite Defendants' attempts to gather discovery from the Clem Lawsuit before filing this Response, the depositions of the Clem plaintiffs were rescheduled to start tomorrow, Wednesday, November 28, 2007.  Until their testimony can be obtained, there remains a fundamental conflict in the Clem plaintiffs' representations as to who was involved, and when, with the transport of what material to the reclamation site.

**B.     The Policy's Total Pollution Exclusion Clause Does Not Apply Because LBJ Trucking Only Transported Clean Fill Material.**

Under Texas law, there is an exception to the eight corners rule "when it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004).  While there is no dispute with the facts alleged in the underlying lawsuit that fill material was transported to the Clem property, the nature of the fill material is at issue and goes directly to the issue of coverage.

In the Clem Lawsuit, the plaintiffs have claimed their "homestead farm" was "contaminated," but in reality, the Clem plaintiffs have only made this claim because contaminated fill would warrant higher payments to them than the uncontaminated fill that LBJ Trucking transported to their land.  Atlantic's Total Pollution Exclusion clause is intended to exclude coverage for intentional dumping of pollutants that cause bodily injury or property damage; it is not intended to exclude claims for additional payments for legal transport to a certified reclamation site.

The Total Pollution Exclusion clause defines pollutants as "any solid, liquid, gaseous, or thermal *irritant or contaminant*…"  P. App. 0052, 0100.  In contrast, the sand LBJ Trucking transported to the Clem property was certified as a non-contaminant.  Environmental Laboratories conducted a dozen analyses, and their reports indicated that the samples registered below detection levels for tested known contaminant metals.  *See, e.g.,* D. App. 00001 (June 26, 2001 Report), D. App. 00017 (Jan. 21, 2002 Report); D. App. 00027 (Depo. of Carolyn Benavides, at 108:18-20) (testifying that LBJ Trucking provided up to twelve reports of the test results over the course of the project); D. App. 00022-3 (Benavides Dep., at 92:19-.93:1)

(testifying that the soil testing furnished to the reclamation site proved the "uncontaminated sand" "was clean"). Further, while the Clem Lawsuit complaint alleges that "other solid waste" was disposed by the defendants, LBJ Trucking was only responsible for delivering the uncontaminated sand from defendant Hensley Industries' property to defendant Briscoe Enterprises' reclamation site on the Clem plaintiff's property. *See* D. App. 00021 (Benavides Dep., at 78:22-24) (testifying that LBJ Trucking has never "hauled anything else from the Hensley site besides the sand").

### C. Atlantic Has a Duty to Defend LBJ Trucking Against Counterclaims Asserted in the Underlying Lawsuit.

Even if the Court were to conclude that the Policy does not clearly cover LBJ Trucking for the landowners' claims in the Clem Lawsuit, Atlantic still would not be entitled to summary judgment. Atlantic still has a duty to defend LBJ Trucking against the counterclaims asserted by defendant Hensley Industries.

In duty to defend cases, Texas law requires coverage for any plausible claim against the insured under the policy. Without these legal requirements, the insurer could strategically deny coverage in order to obtain a discount or avoid its obligation under a policy. A "duty to defend" policy provides broad coverage to limit disputes between the insurer and the insured.

The Texas Supreme Court instructs lower courts to resolve all doubts as to whether a complaint alleges a cause of action within the coverage of the policy's duty to defend in favor of the insured. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002) ("[W]e resolve all doubts regarding the duty to defend in favor of the duty."). The Fifth Circuit follows that same principle in applying Texas law. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 552 (5th Cir. 2004) ("If any allegation in the complaint is *even potentially* covered by the policy, then the insurer has a duty to defend its insured.") (emphasis in original) (quotations and

citation omitted); *see also Stumph v. Dallas Fire Ins. Co.*, 34 S.W.3d 722, 729 (Tex. App.–Austin 2000, no pet.) (holding that insurance policies are strictly construed in favor of the insured to avoid exclusion of coverage).

In the Clem Lawsuit, defendant Hensley Industries has filed counterclaims against the other defendants, including LBJ Trucking, for negligence and negligence per se for "failing to monitor" defendant Briscoe Enterprises' operation of the landfill on the Clem property to ensure it had the "proper permits." *See* Hensley Counterclaim, at ¶¶ 89-90. Hensley claims it has incurred expenses which could have been avoided if the counter-defendants "notified Hensley and appropriately monitored [Briscoe's] activities" on the Clem property. *Id.* ¶ 90.

The Commercial General Liability Coverage Part of Atlantic's Policy broadly explains that the Policy extends Atlantic's "right and duty to defend the insured against *any* 'suit' seeking those damages; …" *See* P. App. 0069 (emphasis added). At the very least, the Hensley counterclaims in the Clem Lawsuit are *potentially* within the scope of the Policy, which is all that is required to invoke the insurer's duty to defend the insured. *See Houston Petroleum v. Highlands Ins.*, 830 S.W.2d 153, 155 (Tex. App.–Houston [1st Dist. 1990, writ denied). Accordingly, Atlantic is not entitled to summary judgment on its duty to defend.

**D.    Because Atlantic Is Not Entitled to Summary Judgment on Its Duty to Defend, It Is Also Not Entitled to Summary Judgment on Its Duty to Indemnify.**

Atlantic raises only a single argument purporting to negate its duty to indemnify LBJ Trucking for the claims asserted in the Clem Lawsuit. Atlantic claims that if a duty to defend did not exist, then it also had no duty to indemnify LBJ Trucking. As shown above, Atlantic does indeed have an obligation to defend LBJ Trucking in the Clem Lawsuit and is not entitled to any summary judgment on the duty to defend. Accordingly, Atlantic is also not entitled to any summary judgment on its duty to indemnify LBJ Trucking.

## IV.  CONCLUSION

For the reasons stated herein, Defendants Robert Ramirez and LBJ Trucking respectfully request that the Court deny Plaintiff Atlantic Casualty Insurance Company's Motion for Summary Judgment.  Defendants further request all additional relief to which they may show themselves justly entitled.

Dated: November 27, 2007                    Respectfully submitted,

/S/ Cody L. Towns_____
Cody L. Towns
State Bar No. 24034713
LYNN TILLOTSON & PINKER LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANTS ROBERT RAMIREZ AND LBJ TRUCKING CO., INC.**

## CERTIFICATE OF SERVICE

I certify that on November 27, 2007, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

Camille Johnson
Gary N. Schumann
SAVRICK SCHUMANN JOHNSON MCGARR
KAMINSKI & SHIRLEY
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
(214) 368-1515 Telephone
(214) 295-9647 Facsimile

/S/ Cody L. Towns_____
Cody L. Towns