## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. 3:07-CV-1297-K** |
| | § | |
| ROBERT RAMIREZ, individually and | § | |
| d/b/a LBJ TRUCKING CO., INC., | § | |
| LBJ TRUCKING CO., INC., CLEM'S | § | |
| YE OLDE HOMESTEAD FARMS, LTD., | § | |
| BETTYE CRIDER CLEM, CLARENCE | § | |
| TRUMAN CLEM, KELLY CLEM, and | § | |
| CLARENCE T. "CASEY" CLEM, JR., | § | |
|     Defendants. | § | |

## APPENDIX TO DEFENDANTS ROBERT RAMIREZ AND LBJ TRUCKING CO., INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

D.APP 1　　　　　Environmental Laboratories Report (June 26, 2001)

D.APP 2 – 3　　　Articles of Incorporate for LBJ Trucking Co., Inc., in the State of Texas (October 17, 2002)

D.APP 4 – 5　　　Invoices 14572 and 14622(April 25 and 26, 2006)

D.APP 6 – 11　　　Defendant LBJ Trucking Co., Inc.'s Objections and Answers to Plaintiff Clarence T. "Casey" Clem, Jr.'s First Set of Interrogatories from *Clem's Ye Olde Homestead Farms, Ltd., et al., v. Bill Briscoe, et al.,* Case No. 4:07cv285, in the United States District Court for the Eastern District of Texas, Sherman Division (October 4, 2007)

D.APP 12 – 16　　Demand letter from Frederick W. Addison, III, on behalf of Lori and Casey Clem, Re: Resource Conservation Recovery Act ("RCRA") – Pre-Suit Notice Pursuant to 42 U.S.C. § 6972(b)(1)(2) (November 20, 2006)

D.APP 17 – 18　　Environmental Laboratories Report of Sample Analysis (January 21, 2002)

D.APP 19 - 33　　Excerpts from the Deposition of Carolyn Benavides from *Clem's Ye Olde Homestead Farms, Ltd., et al., v. Bill Briscoe, et al.,* Case No. 4:07cv285, in

the United States District Court for the Eastern District of Texas, Sherman
Division (October 11, 2007)

Dated: November 27, 2007                    Respectfully submitted,

                                            /S/ Cody L. Towns
                                            Cody L. Towns
                                            State Bar No. 24034713
                                            LYNN TILLOTSON & PINKER LLP
                                            750 N. St. Paul Street, Suite 1400
                                            Dallas, Texas 75201
                                            (214) 981-3800 Telephone
                                            (214) 981-3839 Facsimile

                                            **ATTORNEYS FOR DEFENDANTS ROBERT
                                            RAMIREZ AND LBJ TRUCKING CO., INC.**

## CERTIFICATE OF SERVICE

I certify that on November 27, 2007, I electronically filed the foregoing document with
the clerk of court for the U.S. District Court, Northern District of Texas.  The electronic case
filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who have
consented in writing to accept this Notice as service of this document by electronic means.

Camille Johnson
Gary N. Schumann
SAVRICK SCHUMANN JOHNSON MCGARR
KAMINSKI & SHIRLEY
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
(214) 368-1515 Telephone
(214) 295-9647 Facsimile

                                            /S/ Cody L. Towns
                                            Cody L. Towns

03/22/2007 08:18 FAX



# Environmental Laboratories
Bethany Tech Center • Suite 190
400 W. Bethany Rd. • Allen, Texas 75013

June 26, 2001

**REPORT OF:**          Solid Analysis

**REPORT TO:**          Mr. Donald Smith
                        Hensley Industries
                        2108 Joe Field Rd.
                        Dallas, Texas 75229

**SAMPLE ID:**          Sand*

**SAMPLE DATE:**        June 05, 2001
**SAMPLE TIME:**        10:00AM
**SAMPLE RECEIVED:**    June 05, 2001
**TIME RECEIVED:**      2:50PM
**SAMPLE METHOD:**      Grab
**SAMPLE COLLECTED BY:** Customer

**SAMPLE NUMBER:**      189193

**SAMPLE RESULTS:**

| Parameter | Regulatory Limits | Detection Limits | Observed Concentration |
|---|---|---|---|
| **TCLP METALS** | | | |
| Antimony, mg/l | ---- | 0.20 | BDL** |
| Arsenic, mg/l | <5.0 | 0.20 | BDL |
| Barium, mg/l | <100.0 | 0.05 | 0.54 |
| Beryllium, mg/l | ---- | 0.05 | BDL |
| Cadmium, mg/l | <1.0 | 0.04 | BDL |
| Chromium, mg/l | <5.0 | 0.05 | 0.29 |
| Copper, mg/l | ---- | 0.05 | BDL |
| Lead, mg/l | <5.0 | 0.10 | BDL |
| Mercury, mg/l | <0.2 | 0.004 | BDL |
| Nickel, mg/l | ---- | 0.10 | 1.3 |
| Selenium, mg/l | <1.0 | 0.20 | BDL |
| Silver, mg/l | <5.0 | 0.07 | BDL |
| Thallium, mg/l | ---- | 0.60 | BDL |
| Zinc, mg/l | ---- | 0.10 | 0.30 |

## Sample Quality Control Information

| Parameter | Sample Preservation | EPA* Method | C.V.% | Standard Deviation | Spike Recovery% | Date of Analyses | Time of Analyses | Analyst |
|---|---|---|---|---|---|---|---|---|
| TCLP Metals Extraction | | 1311 | | | | | | |
| Metals Digestion – ICP | | 3010 | | | | 06/05/01 | 5:15PM | D. Schwartz |
| Metals Digestion – Mercury | | 7470 | | | | 06/06/01 | 11:00AM | K. Maxwell |
| | | | | | | 06/06/01 | 10:00AM | D. Schwartz |

**Form 201**
**(revised 06/00)**

Return in Duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

**Filing Fee: $300**



**Articles of Incorporation**
**Pursuant to Article 3.02**
**Texas Business**
**Corporation Act**

Filed in the Office of the
Secretary of State of Texas
Filing #: 800133912 10/17/2002
Document #: 18449780002
Image Generated Electronically
for Web Filing

## Article 1 - Corporate Name

The name of the corporation is as set forth below:

LBJ Trucking Co., Inc.

The name must contain the word "corporation", "company", "incorporated", or an abbreviation of one of these terms. The name must not be the same as, deceptively similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for the "name availability" is recommended.

## Article 2 – Registered Agent and Registered Office (Select and complete either A or B and complete C)

☐ A. The initial registered agent is a corporation (cannot be corporation named above) by the name of:

OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|
| Carolyn | Elizabeth | Benavides | |

C. The business address of the registered agent and the registered office address is:

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 2914 Panorama Drive | Carrollton | TX | 75007 |

## Article 3 - Directors

The number of directors constituting the initial board of directors and the names and addresses of the person or persons who are to serve as directors until the first annual meeting of shareholders or until their successors are elected and qualified are set forth below:

| Director 1: First Name | M.I. | | Last Name | | Suffix |
|---|---|---|---|---|---|
| Carolyn | Elizabeth | | Benavides | | |
| Street Address | | City | State | | Zip Code |
| 2914 Panorama Drive | | Carrollton | TX, USA | | 75007 |

| Director 2: First Name | M.I. | | Last Name | | Suffix |
|---|---|---|---|---|---|
| Robert | | | Ramirez | | |
| Street Address | | City | State | | Zip Code |
| 2914 Panorama Drive | | Carrollton | TX, USA | | 75007 |

| Director 3: First Name | M.I. | | Last Name | | Suffix |
|---|---|---|---|---|---|
| Richard | | | Benavides | | |
| Street Address | | City | State | | Zip Code |
| 2914 Panorama Drive | | Carrollton | TX, USA | | 75007 |

## Article 4 - Authorized Shares

The total number of shares the corporation is authorized to issue and the par value of each of such shares, or a statement that such shares are without par value, is set forth below.

| Number of Shares | Par Value (must choose and complete either A or B) | Class | Series |
|---|---|---|---|
| 1000000 | ☑ A. has a par value of $.01 ☐ B. without par value. | | |

If the shares are to be divided into classes, you must set forth the designation of each class, the number of shares of each class, and the par value (or statement of no par value), of each class. If shares of a class are to be issued in series, you must provide the designation of each series. The preferences, limitations, and relative rights of each class or series must be stated in space provided for supplemental information.

## Article 5 - Initial Capitalization

The corporation will not commence business until it has received for the issuance of its shares consideration of the value of one thousand dollars ($1,000).

PLAINTIFF'S
EXHIBIT
6

D.A. 000027

## Article 6 - Duration

The period of duration is perpetual.

## Article 7 - Purpose

The purpose for which the corporation is organized is for the transaction of any and all lawful business for which corporations may be incorporated under the Texas Business Corporation Act.

## Supplemental Provisions / Information

[The attached addendum is incorporated herein by reference.]

## Effective Date of Filing

☑A. This document will become effective when the document is filed by the secretary of state.

OR

☐B. This document will become effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

## Name Reservation Document Number

17656680002

## Incorporator

The name and address of the incorporator is set forth below.
Carolyn E. Benavides       2914 Panorama Drive, Carrollton, Texas 75007

## EXECUTION

The undersigned incorporator signs these articles of incorporation subject to the penalties imposed by law for the submission of a false or fraudulent document.
Carolyn E. Benavides

Signature of incorporator.

**FILING OFFICE COPY**

08/22/2007 10:01 FAX                                                                    ☑010/010

9724917481                                                        Page 1

Attn: Robert
Ramirez

№ 14572

Bill R. Briscoe
4812 Davie Road
Carrollton, TX 75010

Office (972) 566-1269
Mobile (214) 662-0909
Home (972) 800-9208

| NAME | LBJ Trucking | DATE | 4/25/06 |
| ADDRESS | | SOLD BY | |
| CITY/STATE | | PHONE | F 972-323-8567 |

| QUAN. | OUT | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| | | 4/24/06 Goodnight Job | | |
| | | Trucks 101, 105, 396, 104, 1628 | | |
| 16 | | Trailer Loads of Black Sand | 30.00 | 480 00 |
| | | Thank You | | |
| | | Net Due 7 Days | | |
| | | | SUB TOTAL | |
| | | | TAX | |
| | | | TOTAL | 480 00 |

Rec'd By

28/2007 10:37 AM

D.APP 000004

3/22/2007 10:31 FAX

Attn:  Robert
       Ramirez

Nº   14622

Bill R. Briscoe
4310 Donor Road
Carollton, TX 75010

Office: (214) 555-xxxx
Mobile: (214) 555-xxxx
Fax: (972) xxx-xxxx

| | | | | |
|---|---|---|---|---|
| NAME | LBJ Trucking | | DATE | 4/26/06 |
| ADDRESS | | | SOLD BY | |
| CITY/STATE | | | PHONE | ₱1972-323-8567 |

| QUAN. | SIZE | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| | | 4/25/06  Goodnight Job | | |
| | | Truck 1638 | | |
| 4 | | Trailer Loads of Black Sand | 30.00 | 120  00 |
| | | Thank You | | |
| | | Due 7 Days | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | SUB TOTAL | | |
| | | TAX | | |
| | | TOTAL | | 120  00 |

Rec'd By

/28/2007 10:37 AM

D.APP 000005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

Clem's Ye Olde Homestead Farms, Ltd.,           §
Bettye Crider Clem, Clarence Truman Clem,       §
Kelly Clem, Clarence T. "Casey" Clem, Jr.,      §
                                                §
            Plaintiffs,                          §
                                                §
                                                §       CIVIL ACTION No.4:07cv285
v.                                              §
                                                §
Bill Briscoe, individually, and d/b/a Briscoe   §
Land Reclamation Project, and d/b/a Bill        §
Briscoe Enterprises, Inc., Hensley Industries,  §
Inc., Robert Ramirez, individually and d/b/a    §
LBJ Trucking Co., Inc., LBJ Trucking Co., Inc., §
                                                §
            Defendants.                          §

## DEFENDANT LBJ TRUCKING CO., INC.'S OBJECTIONS AND
## ANSWERS TO PLAINTIFF CLARENCE T. "CASEY" CLEM, JR.'S
## FIRST SET OF INTERROGATORIES

TO:   Plaintiffs, Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem, Clarence
      Truman Clem, Kelly Clem, and Clarence T. "Casey" Clem, by and through their
      attorney of record, Vincent J. Hess, Kirsten M. Castafieda, James McGuire,
      Locke Liddell & Sapp, LLP, 2200 Ross Avenue, Suite 2200, Dallas, Texas
      75201.

      Defendant LBJ TRUCKING CO., INC., in accordance with Rules 26 and 33 of the

FEDERAL RULES OF CIVIL PROCEDURE, files these Objections and Answers to Plaintiff

Clarence T. "Casey" Clem, Jr.'s First Set of Interrogatories.

                          Respectfully submitted,

                          By: _____
                              David W. Medack
                              State Bar No. 13892950
                              Federal Bar No. 15597

                          ATTORNEY IN CHARGE FOR
                          DEFENDANT LBJ TRUCKING CO., INC.

PLAINTIFF'S
EXHIBIT
11
10/19/07

HEARD & MEDACK, P.C.
9494 Southwest Freeway, Suite 700
Houston, Texas 77056
(713) 772-6400 - Telephone
(713) 772-6495 – Facsimile

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record by facsimile, hand delivery, certified mail, return receipt requested, and/or notice of electronic filing on this ___4th___ day of October, 2007.

Mr. Vincent J. Hess
Ms. Kirsten M. Castafieda
Mr. James B. McGuire
Locke Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
**Via E-mail and/or Federal Express**

Mr. Stephen C. Dickman
Mr. Jonathan M. Buck
Kelly Hart & Hallman LLP
301 Congress Avenue, Suite 2000
Austin, Texas 78701
**Via U.S. Mail**

Mr. John W. Slates
Gardere Wynee Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
**Via U.S. Mail**

David W. Medack

D.APP 000007

**DEFENDANT LBJ TRUCKING CO., INC.'S OBJECTIONS AND
ANSWERS TO PLAINTIFF CLARENCE T. "CASEY" CLEM, JR.'S
FIRST SET OF INTERROGATORIES**

## INTERROGATORY NO. 1:

List all violations of the environmental laws of the State of Texas or of the United States relating to the Property that you have been charged with, accused of, or notified of.

**OBJECTION:**

Defendant objects that the Interrogatory is overbroad.

**ANSWER:**

Subject to and without waiving the foregoing Objection, Defendant refers you to the proceedings commenced by the Texas Commission on Environmental Quality ("TCEQ") concerning the property, documents of which were produced in the initial disclosures and which are currently being subpoenaed by the Plaintiffs.

## INTERROGATORY NO. 2:

Do you contend that Plaintiffs disposed of solid wastes at the Property in the past? If so, please state all facts upon which you rely for this contention, including without limitation the date of such disposal, the type and quantity of material disposed, and the basis of your knowledge of these matters.

**OBJECTION:**

Defendant objects that the Interrogatory is overbroad.   The interrogatory is vague, ambiguous and subject to multiple interpretations.

**ANSWER:**

Subject to and without waiving the foregoing Objection, Defendant does not have sufficient information at this time to answer this question.   Defendant will supplement once it has reviewed the TCEQ's file on the Plaintiffs.

## INTERROGATORY NO. 3:

Do you contend that one or more of the Plaintiffs knew about and acquiesced in Briscoe's use and disposal of Foundry Sand at the Property? If so, please state all facts upon which your [sic] rely for this contention, including without limitation the name of

F:/1551/Discovery/Ans Rog (Pltf Casey Clem)

3

each of the Plaintiffs who so knew and acquiesced, the date of such knowledge and acquiescence, all other persons who were present at the time of such knowledge and acquiescence, and any and all statements by Briscoe that preceded or induced such acquiescence.

**OBJECTION:**

Defendant objects that the Interrogatory is overbroad and is obtainable from another source.

**ANSWER:**

Subject to and without waiving the foregoing Objection, Defendant does not have sufficient information at this time to answer this question. Defendant will supplement once it has reviewed the TCEQ's file on the Plaintiffs. Upon information and belief, one or more of the Plaintiffs were present on multiple occasions when foundry sand was being delivered to the property in question. As such, it is evident that Plaintiffs' acquiesce to the delivery of the foundry sand as part of the reclamation project.

**INTERROGATORY NO. 4:**

Do you contend that when you were transporting Black Sand to the Property, you had no knowledge as to whether the Property was or was not a licensed landfill or permitted treatment storage and disposal facility? If so, please state all facts upon which you rely for this contention, including without limitation a description of any effort you made to ascertain the status of the Property as a licensed landfill or permitted treatment storage and disposal facility, and the date you made any such effort.

**OBJECTION:**

Defendant objects that the Interrogatory is overbroad.

**ANSWER:**

Subject to and without waiving the foregoing Objection, Defendant asked Bill Briscoe if Defendant could dump sand at his dump. Mr. Briscoe asked Defendant for proof of no contamination. Defendant supplied the required paperwork and Mr. Briscoe agreed to accept it.

**INTERROGATORY NO. 5:**

Do you contend that the presence of Black Sand on the Property does not constitute an imminent and substantial endangerment to health or the environment? If so, please

F:/1551/Discovery/Ans Rog (Pltf Cassy Clem)

4

state all facts upon which you rely for this contention, including without limitation any scientific study or chemical analysis.

**OBJECTION:**

Defendant objects that the Interrogatory is overbroad and seeks an expert opinion. It also potentially seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product privilege.

**ANSWER:**

Subject to and without waiving the foregoing Objection, Yes. Defendant refers Plaintiff to the various analyses of the sand that were produced in LBJ's initial disclosures.

**INTERROGATORY NO. 6:**

Identify every person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these interrogatories, and list with respect to each such person the number(s) of the interrogatories to which they helped to prepare answers or with respect to which they were consulted, relied upon, or otherwise constituted a source of information.

**OBJECTION:**

Defendant objects that the Interrogatory is overbroad. It exceeds the scope of discovery. It potentially seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

**ANSWER:**

Subject to and without waiving the foregoing Objection, the answers were prepared by Carolyn Benavides with the assistance of LBJ's counsel.

D.APP 000010

## VERIFICATION

STATE OF TEXAS         :

COUNTY OF _Dallas_      :

    Before me, the undersigned notary, on this day, personally appeared Carolyn Benavides, President, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said she read the Objections and Answers to Plaintiff, Clarence T. "Casey" Clem, Jr.'s First Set of Interrogatories and the facts stated within it are within her personal knowledge and are true and correct.

 

Carolyn Benavides, President·
LBJ Trucking Co., Inc.

    SUBSCRIBED and SWORN TO on this ___2___ day of October, 2007, to certify which witness my hand and official seal of office.

M. MANAS
Notary Public, State of Texas
My Commission Expires 08-31-10

Notary Public in and for
the State of Texas

D.APP 000011

# LOCKE LIDDELL & SAPP LLP

### ATTORNEYS & COUNSELORS

2200 ROSS AVENUE
SUITE 2200
DALLAS, TX 75201-6776

AUSTIN • DALLAS • HOUSTON • NEW ORLEANS • WASHINGTON, D.C.

Phone: (214) 740-8000
Fax: (214) 740-8800
www.lockeliddell.com

**WRITER'S DIRECT DIAL:**
**(214) 740-8670**
**E-MAIL: faddison@lockeliddell.com**

November 20, 2006

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Bill Briscoe, Individually, and
d/b/a Briscoe Land Reclamation Project, and
Bill Briscoe Enterprises, Inc.
5917 Sicilian Circle
Plano, TX 75093

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Hensley Industries, Inc.
2108 Joe Field Road
Dallas, Texas 75229

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Bill Briscoe, Individually, and
d/b/a Briscoe Land Reclamation Project, and
Bill Briscoe Enterprises, Inc.
7209 Sage Meadow Way
Plano, TX 75024-3481

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Hensley Industries, Inc.
P.O. Box 29779
Dallas, TX 75229-0779

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Bill Briscoe, Individually, and
d/b/a Briscoe Land Reclamation Project, and
Bill Briscoe Enterprises, Inc.
4912 Dozier
Carrollton, TX 75010

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Hensley Industries, Inc.
ATTN: Henry Baer – Registered Agent
26th Floor / LTV Tower
Dallas, TX 75201

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Robert Ramirez, Individually, and
d/b/a LBJ Trucking Co., Inc.
2914 Panorama Dr.
Carrollton, TX 75007-4302

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
LBJ Trucking Co., Inc.
ATTN: Carolyn Elizabeth Benavides
Registered Agent
2914 Panorama Dr.
Carrollton, TX 75007-4302

Re:   Resource Conservation Recovery Act ("RCRA") - Pre-Suit Notice Pursuant to
42 U.S.C. § 6972(b)(1)(2)

Dear Sir or Madam:

Please be informed we represent Lori and Casey Clem and Clem's Ye Olde Homestead Farms, Ltd. ("Clem"), in connection with the claims they have against Bill Briscoe, Individually, and d/b/a Briscoe Land Reclamation, and Bill Briscoe Enterprises, Inc. (collectively "Briscoe"), Robert Ramirez, Individually, and d/b/a LBJ Trucking Co., Inc. (collectively "Ramirez"), Hensley

**EXHIBIT**

**A**

D.APP 000012

November 20, 2006
Page 2

Industries, Inc. ("Hensley"), and LBJ Trucking Co., Inc. ("LBJ"). Clem's claims are under RCRA, 42 U.S.C. § 6972(a)(1)(A)(B). Our telephone number is set forth above.

Clem's claims arise out of the improper generation, transport, storage, disposal and presence of solid waste in the form of Municipal Solid Waste and foundry sand at 1639 Parker Rd., Carrollton, Texas 75010 in Denton County, Texas ("the Site").

## BACKGROUND

In 2001, Bill Briscoe began performing reclamation work on approximately 46 to 48 acres that make up a part of the property located at 1639 Parker Road in Carrollton, Texas. Briscoe contracted with Clem to bring in clean fill material as a part of a project to raise certain lands owned by Clem out of the flood plain. The project moved forward without incident until 2005. Beginning at that time, unbeknownst to Clem, and continuing through 2006, and more specifically on May 2, 2006, Briscoe began accepting municipal solid waste and foundry sand, a Class 2 non-hazardous industrial waste, and placing it on the Clem's property. Hensley generated the foundry sand and provided it to Ramirez and LBJ Trucking. Ramirez and LBJ Trucking transported municipal solid waste and foundry sand to the site. Hensley and Briscoe, likewise, arranged for the disposal of municipal solid waste and foundry sand at the Site. Substantial quantities of municipal solid waste and foundry sand remain at the Site and still remain to be removed from the Site.

## RESOURCE CONSERVATION AND RECOVERY ACT

Section 7002(a)(1)(A) of RCRA, 42 U.S.C. § 6972(a)(1)(A), requires that sixty (60) days prior to the initiation of a civil suit under the authority of 42 U.S.C. § 6972(a)(1)(A), notice of intent to sue must be given. The purpose of this letter is to inform you that Clem intends to bring a citizen's suit sixty (60) days from the date of this letter under 42 U.S.C. § 6972(a)(1)(A) against Briscoe, Ramirez, Hensley, and Ramirez for the generation, transport, disposal, storage, presence, and release of solid wastes, including but not limited to municipal solid waste and foundry sand. These releases have violated the permits, standards, regulations, conditions, requirements, prohibitions, and/or orders, which have become effective pursuant to RCRA. Clem's suit will seek prospective mandatory injunctive relief requiring Briscoe, LBJ, Hensley, and Ramirez to address, respond to, and remediate conditions at the Property, and also for civil penalties and attorneys' fees.

Pursuant to RCRA, 42 U.S.C. § 6945(a), open dumping of solid waste is prohibited. Open dumping, by definition, includes disposal of solid waste anywhere other than at a licensed landfill or permitted treatment, storage and disposal facility. Disposal includes, *inter alia*, the "discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste, or hazardous waste, or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." See, 42 U.S.C. § 6903(3). Solid waste includes discarded material, garbage, refuse, waste sludge from treatment facilities, and any type of material which is discarded except for domestic sewage, irrigation return flows permitted pursuant to the CWA and nuclear waste. See, 42 U.S.C. § 6093(27).

Briscoe, LBJ, Hensley, and Ramirez and their predecessors have contributed and are contributing to the past and present disposal of solid waste in violation of, *inter alia*, the open dumping provisions of RCRA and its corresponding regulations. The violations arise out of the discharge of solid waste, including but not limited to, municipal solid waste and foundry sand. The

D.APP 000013

November 20, 2006
Page 3

violations set forth herein, and the impacts from such violations of RCRA have been ongoing, are continually occurring, and will continue to exist until they are abated and properly remediated. They include, but are not limited to, the generation, transport, disposal, storage, discharge, release, and presence of solid waste in violation of 42 U.S.C. § 6945(a).

More specifically, Ramirez and LBJ have failed to prevent the transportation of industrial non-hazardous waste for disposal at an unauthorized site, not only in violation of the RCRA sections set forth above, but also in violation of Texas Health and Safety Code Chapter 361, 30 TEX. ADMIN. CODE § 335.2(a)(b). In the same manner, Hensley has generated and arranged for disposal of municipal solid waste, foundry sand, and non-hazardous industrial waste at the site. By so doing, Hensley has caused, suffered, and allowed the disposal of such waste without authorization by permit in violation of 30 TAC § 335.2(a)(b) and Texas Health and Safety Code Chapter 361.

Briscoe, as operator at the site, has likewise caused, suffered, allowed, and permitted the storage, processing or disposal of municipal solid waste and non-hazardous industrial solid waste without a permit in violation of 30 TAC § 335.2(a)(b) and Texas Health and Safety Code Chapter 361.

Briscoe, Ramirez, Hensley and LBJ are also in violation of 40 CFR § 257.1(c) in that each defendant has played a part in creating a solid waste disposal facility that does not satisfy the criteria set forth in 40 CFR § 257. More specifically, the disposal facility at which Hensley's waste, transported by Ramirez and LBJ, and operated by Briscoe, fails to satisfy the following criteria:

- 40 CFR § 257.3-1 – Because the disposal facility is located in a floodplain;

- 40 CFR § 257.3-3 – Because the facility is not designed to prevent discharges of pollutants into waters of the United States and has no permit for such discharges. In the same manner, the disposal facility has not been designed to prevent discharges of dredge and fill material from it to waters of the United States, also in violation of 40 CFR § 257.3-3.

In addition to the statutory provisions referred to herein, Clem may also seek actual property damages, reliance damages, consequential damages, response costs, and costs of litigation under Texas or federal, statutory or common law.

Please contact me should you have any questions concerning this notice, or should you believe this notice is incorrect in any respect. During the notice period, we are available to discuss this matter with you, and hope that negotiations can be instituted immediately in an effort to resolve this matter and avoid the bringing of a civil action against Briscoe, LBJ, Hensley, and Ramirez.

November 20, 2006
Page 4

I look forward to discussing this matter with you or your representative. If you have any questions or need clarification of the issues set forth herein, please do not hesitate to contact me.

Very truly yours,

LOCKE LIDDELL & SAPP LLP
Attorneys & Counselors

By: _____
Frederick W. Addison, III

FWA:kp

cc:   ***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
Richard Greene
Regional Administrator - *Mail Code:* 6RA
U.S. EPA, Region
1445 Ross Avenue
Suite 1200
Dallas, TX 75202-2733

***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
Stephen L. Johnson
U.S. EPA Acting Administrator – *Mail Code 1101A*
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

***VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
Jacqueline S. Hardee
Solid Waste Permits – *Mail Code 126*
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, TX 78711-3087

November 20, 2006
Page 5

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*
Alan Batcheller
Remediation Division – *Mail Code 225*
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, TX 78711-3087

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*
Frances E. Phillips
Gardere Wynne Sewell LLP
Thanksgiving Tower
1601 Elm Street, Suite 3000
Dallas, Texas 75201



## Environmental Laboratories

Bethany Tech Center ✦ Suite 190
400 W. Bethany Rd. ✦ Allen, Texas 75013

### Report of Sample Analysis

Hensley Industries
2108 Joe Field Road
Dallas TX, 75229
ATTN: Donald Smith

Page:   Page 3 of 16
Project:   Hensley Industries
Project #:   94017023
Print Date/Time:   01/21/02 1721

| Laboratory ID #: | Sample Type | | Matrix | | | Sample Collected By | | Customer |
|---|---|---|---|---|---|---|---|---|
| 0201221-01 | Grab | | Solid | | | Brady Gillar | | |
| Sample Description | | | Sample Date/Time | | | | | |
| B-15 Baghouse Dust | | | 01/09/02 0900 | | | | | |

| Analyte(s) | Result | *SRL | **MRL | Units | Method # | Analysis Date/Time | Analyst | Flag |
|---|---|---|---|---|---|---|---|---|
| **Metals (TCLP)** | | | | | | | | |
| Antimony | ND | 0.20 | 0.20 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Arsenic | ND | 0.20 | 0.20 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Beryllium | ND | 0.050 | 0.050 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Cadmium | ND | 0.040 | 0.040 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Chromium | ND | 0.050 | 0.050 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Copper | ND | 0.40 | 0.40 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Lead | ND | 0.10 | 0.10 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Mercury | ND | 0.0040 | 0.0040 | mg/l | EPA 1311/7470A | 01/15/02 1404 | DES | |
| Nickel | ND | 0.10 | 0.10 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Selenium | ND | 0.20 | 0.20 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Silver | ND | 0.070 | 0.070 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Thallium | ND | 0.60 | 0.60 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |
| Zinc | 0.46 | 0.25 | 0.25 | mg/l | EPA 1311/6010B | 01/11/02 1847 | SPS | |

*Sample Reporting Limit   **Method Reporting Limit
*The results in this report apply to the samples analyzed in accordance with the chain of custody document. This analytical report must be reproduced in its entirety.*

0201221.01/0172.322AM123

Long Distance: (800) 228-ERMI

FAX: (972) 727-1175

D.APP 000017



**Environmental Laboratories**
Bethany Tech Center • Suite 190
400 W. Bethany Rd. • Allen, Texas 75013

## Report of Sample Analysis

Hensley Industries
2108 Joe Field Road
Dallas TX, 75229
ATTN: Donald Smith

Page:   Page 1 of 16
Project:   Hensley Industries
Project #:   94017023
Print Date/Time:   01/21/02 1721

Attached is our analytical report for the samples received for your project. Below is a list of your individual sample descriptions with our corresponding laboratory number. We also have enclosed a copy of the Chain of Custody that was received with your samples and a form documenting the condition of your samples upon arrival. Please note any unused portion of the samples may be discarded upon expiration of the EPA holding time for the analysis performed or after 30 days from the above report date, unless you have requested otherwise.

### Sample Identification

| Laboratory ID # | Client Sample ID | Matrix | Sampled Date/Time | Received Date/Time |
|---|---|---|---|---|
| 0201221-01 | B-15 Baghouse Dust | Solid | 01/09/02 0900 | 01/09/02 1135 |

Thank you for the opportunity to serve your environmental chemistry analysis needs. If you have any questions or concerns regarding this report please contact our Customer Service Department at the phone number below.

Respectfully submitted,

*Kendall K. Brown*

Kendall K. Brown
President  *KC*

*Sample Reporting Limit   **Method Reporting Limit
The results in this report apply to the samples analyzed in accordance with the chain of custody document. This analytical report must be reproduced in its entirety.

/0292007 (972) 727-1123       Long Distance: (800) 228-ERMI       FAX: (972) 727-1175

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF TEXAS
 2                     SHERMAN DIVISION
        CLEM'S YE OLDE HOMESTEAD FARMS,)
 3      LTD, BETTYE CRIDER CLEM,       )
        CLARENCE TRUMAN CLEM, KELLY     )
 4      CLEM, CLARENCE T. "CASEY"       )
        CLEM, JR.                       )
 5                                      )
                      Plaintiffs,       )
 6                                      )
          VS                            )   NO. 4:07cv285
 7                                      )
        BILL BRISCOE, INDIVIDUALLY,     )
 8      AND D/B/A BRISCOE LAND          )
        RECLAMATION PROJECT, ET AL      )
 9
                          VIDEOTAPED
10
                       ORAL DEPOSITION
11
                            OF
12
                     CAROLYN BENAVIDES
13
                     OCTOBER 11, 2007
14

15

16            ANSWERS AND DEPOSITION OF CAROLYN BENAVIDES,

17   produced as a witness at the instance of the

18   Plaintiffs, taken in the above-styled and -numbered

19   cause on the 11th day of October, 2007, from 9:27 a.m.

20   to 3:51 p.m., before Deborah A. Copeland, a Certified

21   Shorthand Reporter in and for the State of Texas,

22   Registered Professional Reporter, reported by machine

23   shorthand at the offices of Locke, Lord, Bissell &

24   Liddell, located at 2200 Ross Avenue, in the City of

25   Dallas, County of Dallas and State of Texas.
```

```
 1                    A P P E A R A N C E S

 2

 3      FOR THE PLAINTIFFS

 4           MR. VINCENT J. HESS
             MR. JAMES MCGUIRE
 5           Locke Lord Bissell& Liddell, LLP
             2200 Ross Avenue, Suite 2200
 6           Dallas, Texas   75201
             214.740.8000
 7           vhess@lockelord.com

 8      and

 9           MR. J. MARK MCPHERSON
             McPherson & Associates, P.C.
10           17400 Dallas Parkway, Suite 112
             Dallas, Texas   75287
11           972.381.9800
             mark@mctexlaw.com
12

13      FOR LBJ TRUCKING COMPANY, INC.

14           MR. DAVID W. MEDACK
             Heard & Medack, P.C.
15           9494 Southwest Freeway, Suite 700
             Houston, Texas   77074
16           713.772.6400
             dmedack@heardmedackpc.com
17

18      FOR HENSLEY INDUSTRIES, INC.

19           MR. JOHN W. SLATES
             Gardere Wynne Sewell, LLP
20           1601 Elm Street, Suite 3000
             Dallas, Texas   75201
21           214.999.3000
             jslates@gardere.com
22

23      ALSO PRESENT: Ben Bekerman, Videographer
                      Bettye Clem
24                    Kelly Clem
                      Clarence Truman Clem
25
```

1     Q     Has he been in Mexico?

2     A     He travels, yes.

3     Q     Let me make sure I understand.  This is

4  something else we covered this morning, but I want to

5  make sure I understand it.  With -- regarding LBJ,

6  your company, that in the proceedings in front of the

7  environmental agency, the Texas Commission on

8  Environmental Quality, TCEQ, that LBJ does not have a

9  lawyer representing it in the TCEQ proceedings; is

10 that correct?

11    A     That's correct.

12    Q     Is there anyone else, for example, an

13 environmental consultant, who is representing LBJ in

14 the TCEQ proceedings?

15    A     No.  The only other person I've spoke to

16 about it was Tom McCormick.

17    Q     And Mr. McCormick is with Hensley?

18    A     Yes.

19    Q     We've talked some already today about the

20 foundry sand or sand or black sand that LBJ

21 transported from the Hensley site to the Briscoe

22 reclamation site.  Has LBJ ever hauled anything else

23 from the Hensley site besides the sand?

24    A     No.

25    Q     Has LBJ ever hauled anything else to the

1  months. And so he would get on the horn, I guess, and
2  confirm the tickets, give them to the little girls
3  downstairs and then they'd call me and say, You'll
4  have a check Friday, or come pick it up Monday.

5      Q    So it --

6      A    So -- so I told him that I could not
7  possibly, you know, finance his dump fees for two
8  months or six weeks or whatever it might be, so
9  Hensley needed to open an account out there so they
10 could pay them directly and then I would bill them for
11 the trucking part of it.

12     Q    Now, how did -- when you were calling around
13 for quotes for the dump fees, how did you know about
14 the Briscoe site, the Briscoe reclamation site?

15     A    I asked around, made a few phone calls to
16 other people that we haul for, said, Is there anywhere
17 else that will take clean sand, and they gave me
18 Mr. Briscoe and Sandstorm's name, and I called them
19 up. Told them we had sand, uncontaminated sand, had
20 soil testing to prove it. It was clean. They said,
21 Okay. We'll take it.

22              I asked Hensley for the reports, they
23 gave them to me. I furnished them to both Sandstorm
24 and Briscoe periodically anytime they asked me for it.
25 It was all good. We hauled it, dumped it out there,

1    **and paid the fee and moved on.**

2        **Q    Now, were you the person at LBJ who received**

3    **the contact from the TCEQ in April or May of 2006 when**

4    **TCEQ contacted LBJ about the issues at the Briscoe**

5    **site?**

6        **A    Yes.**

7        **Q    Do you remember who from the TCEQ contacted**

8    **you?**

9        **A    No.**

10        **Q    This was after your father, Robert Rameriz,**

11    **was at the Briscoe site and was told -- told to return**

12    **the load to Hensley, right?**

13        **A    Right.  The agent that I did work with on my**

14    **part of the case was Alison.  A young lady by the name**

15    **of Alison Echols, maybe, at the TEQC.**

16        **Q    When was the last time you spoke with Alison?**

17        **A    Probably June.**

18        **Q    Of this year?**

19        **A    Yes.  Of '07.**

20        **Q    Now, you mentioned you had been at the --**

21    **actually present on site at the Briscoe reclamation**

22    **project on two different occasions.  And was it both**

23    **times that you saw somebody there in the pickup?**

24        **A    An older man.  Yeah.  I think on another**

25    **occasion I told Mr. Briscoe I'd come out to see him**

1    referenced; do you see that?

2         A    Uh-huh.

3                   (Exhibit 4 marked.)

4         Q    Let me refer you to item -- the item listed

5    there as Number 4.  Ms. Benavides, the court reporter

6    has handed you a document marked as Plaintiff's

7    Exhibit 4.  Have you seen this document before?

8         A    Yes.

9         Q    It is a two-page document, correct, or at

10   least two pages are here, correct?

11        A    Yes.

12        Q    Okay.  This is -- well, can you tell me what

13   this document, Plaintiff's Exhibit 4, is?

14        A    A report of the sample analysis of the sand

15   at Hensley.

16        Q    Is this the report that you had mentioned

17   earlier today that Hensley provided you?

18        A    Yes.  I believe there is another one, too.

19        Q    I think we may come to that a little bit

20   later.

21                   Do you remember who from Hensley gave

22   you this document, Plaintiff's Exhibit 4?

23        A    No.  I called to the office and they would

24   give it to Martine and Martin would give it to our

25   driver, and then we would take it down to Mr. Briscoe

1 or Sandstorm when they asked for it.

2      Q    Now, is this the -- strike that.

3           MR. HESS: Let's mark this as 5.

4           (Exhibit 5 marked.)

5      Q    (By Mr. Hess) Ms. Benavides, the court

6 reporter has handed you another document. This one is

7 marked as Plaintiff's Exhibit 5. Is this the other

8 report you mentioned a moment ago?

9      A    Yes.

10      Q    Okay. So we have Plaintiff's Exhibit 4 and

11 Plaintiff's Exhibit 5. And these were the two sets of

12 test results concerning the sand that Hensley provided

13 to LBJ; is that correct?

14      A    Yes.

15      Q    You'll notice on -- let me ask you first,

16 when did Hensley provide LBJ with either of these sets

17 of test results?

18      A    In the beginning, and then any time we asked

19 for them.

20      Q    Okay. So let's take the beginning first. In

21 the beginning, do you mean when you were contacted by

22 Hensley about hauling away the sand?

23      A    Yes.

24      Q    And did you ask for test results regarding

25 the contents of the sand?

1      **A**    Yes.  I asked them is it contaminated or

2  uncontaminated?  They said it was uncontaminated.  I

3  said, Do you have proof of that?  And they said yes.

4      **Q**    You don't recall who at Hensley you were

5  speaking to that told you it was uncontaminated?

6      **A**    No.

7      **Q**    Might have been Dennis, but you're not sure?

8      **A**    Might have been Tom.

9      **Q**    Might have been Tom.  Okay.  So in response

10  to your question you were given test results.

11             Do you recall when you made that initial

12  request to Hensley for test results?

13      **A**    Do I recall it?

14      **Q**    Yeah.

15      **A**    Yes.

16      **Q**    But do you recall when?  The time?

17      **A**    It was in late 2000, because I had these

18  reports in my hand when I was calling the dumps,

19  because that's their first question, is it

20  contaminated or uncontaminated, and I said

21  uncontaminated.  The price is different.  Then I would

22  give them this, or they said, Can you fax it to me.

23  That's why they gave me the bid that they did, the

24  dump fee.

25      **Q**    Did you send any of the test results to

| 1 | **Q** **Have you ever at any time called ERMI to ask**
| 2 | **them for their interpretation of these test results?**
| 3 | **A** **No.**
| 4 | **Q** **Did you ever think of doing that?**
| 5 | **A** **No.**
| 6 | **Q** **Because Hensley told you it was**
| 7 | **uncontaminated, you took them at their word?**
| 8 | **A** **Absolutely.**
| 9 | **Q** **Now -- okay. I'm sorry. You mentioned that**
| 10 | **at the beginning when you started -- when you were**
| 11 | **doing the preparatory work for hauling the sand from**
| 12 | **Hensley that you'd asked for test results, but then**
| 13 | **you mentioned also, if I understood you correctly,**
| 14 | **that you made it at least one, maybe more than one,**
| 15 | **additional request to Hensley sometime later for test**
| 16 | **results?**
| 17 | **A** **Yes.**
| 18 | **Q** **How many times did you ask Hensley for test**
| 19 | **results?**
| 20 | **A** **Eight to 12.**
| 21 | **Q** **And what -- eight to 12 times. And this was**
| 22 | **from approximately late 2000 until about May of 2006;**
| 23 | **is that right?**
| 24 | **A** **Yes. Yes.**
| 25 | **Q** **And May of 2006 is when LBJ stopped hauling**

1  Incorporation that you filed with the State when you

2  were incorporating LBJ Trucking Company as a

3  corporation?

4      A    Yes.

5      Q    Let me refer you to the upper right of the

6  first page on the third line.  There's a filing, then

7  there's a filing number and then a date.  And the date

8  appears to be October 17, 2002; is that what you read

9  there?

10     A    Yes.

11     Q    Does that sound correct to you from your

12  recollection that it was somewhere around October 17th

13  of 2002 that LBJ Trucking Company was incorporated?

14     A    Yes.

15     Q    Now, if you look under that on the first page

16  there's a reference under Item B for the initial

17  registered agent, and there's a person listed,

18  Carolyn Elizabeth Benavides; do you see that?

19     A    Yes.

20     Q    That's you, correct?

21     A    That's correct.

22     Q    And then if we look under Article 3, there

23  are three directors listed.  There's you, Carolyn

24  Elizabeth Benavides.

25     A    Yes.

 1  project on the Clem property?

 2       A      Today?

 3       Q      Today.

 4       A      No.

 5       Q      What about before the settlement conference

 6  with the TCEQ in January of this year, if Hensley had

 7  sent you test results for the sand and somewhere in

 8  the test results there's a statement, this is a

 9  Class 2 industrial waste, would you have accepted the

10  sand and shipped it to the Briscoe reclamation site on

11  the Clem property?

12              MR. MEDACK:   Objection.   Form.   You can

13  answer, ma'am.

14       A      Probably not.

15       Q      (By Mr. Hess)   Why is that?

16       A      Because I didn't -- wouldn't have known at

17  the time what a Class or Type 2 -- did you say Class 2

18  or Type 2?

19       Q      Class 2.

20       A      Class 2 was.   And I would ask them what is

21  that and they would have to explain and I would have

22  to do my own research.   But that's not the issue, as I

23  understand, with the TCEQ.   It's not an issue of

24  contaminated or uncontaminated, the issue is the type.

25  And in my conversations with Tom McCormick, now

1     they've been pushing for Type 3, which would allow

2     them to dump it anywhere.

3          Q     And this is Hensley --

4          A     Tom McCormick.

5          Q     -- wanting the sand to be classified as

6     Type 3?

7          A     Yes.

8          Q     And that's what you discussed with

9     Mr. McCormick at Hensley?

10         A     Since this whole thing started, yes.  Prior

11    to that, I had no knowledge of any classification.  It

12    was sand that we were hauling that was uncontaminated.

13         Q     Has Mr. McCormick told you what Hensley is

14    doing now with the sand?

15         A     No.

16         Q     But since your father, Robert Rameriz, was

17    sent back to Hensley to return that load of sand, LBJ

18    has not hauled any sand for Hensley?

19         A     No, we have not.

20         Q     Has Mr. McCormick told you that if the sand

21    is classified as a Class 3 material that then Hensley

22    would again use LBJ to ship the sand to a landfill

23    somewhere?

24         A     Well, I'd have to find out what a Type 3 is.

25         Q     So Mr. McCormick has mentioned Type 3 to you,

```
 1    but you do not know what that is?
 2         A    No.  He told me that it was a classification
 3    that allowed us to dump it in other facilities.
 4         Q    But this time you're not just going to take
 5    their word for it?
 6         A    No, sir.
 7         Q    Have you ever talked to a Greg Briscoe?
 8         A    Greg who?
 9         Q    Briscoe.
10         A    No.
11         Q    How about Janet Briscoe?
12         A    No.  Janet, did you say?
13         Q    Yes.  Janet Briscoe.
14         A    Other than answering the phone, I haven't had
15    any conversations with her.
16         Q    Okay.  So when you called Briscoe, sometimes
17    Janet Briscoe answered the phone?
18         A    A lady would answer.  I'm assuming that was
19    Janet Briscoe.  I don't know who she is.
20         Q    Okay.  Now, Ms. Benavides, you're aware that
21    in this lawsuit that we're here for today, that
22    Hensley has filed a cross-claim against LBJ?
23         A    Yes.
24         Q    Do you have any plans, sitting here today, to
25    file a cross-claim on behalf of LBJ against Hensley?
```

```
1   STATE OF TEXAS         X
2   COUNTY OF DALLAS       X
3
4              I, Deborah A. Copeland, a Certified
5   Shorthand Reporter duly commissioned and qualified in
6   and for the State of Texas, do hereby certify that
7   there came before me on the 11th day of October, 2007,
8   in the offices of Locke, Lord, Bissell & Liddell,
9   L.L.P., located at 2200 Ross Avenue, in the City of
10  Dallas, State of Texas, the following named person,
11  to-wit:  CAROLYN BENAVIDES, who was duly sworn to
12  testify the truth, the whole truth, and nothing but
13  the truth of knowledge touching and concerning the
14  matters in controversy in this cause; and that she was
15  thereupon examined upon her oath and her examination
16  reduced to typewriting under my supervision; that the
17  deposition is a true record of the testimony given by
18  the witness.
19       I further certify that pursuant to FRCP Rule
20  30(e) that the signature of the deponent:
21            _x__ was requested by the deponent or a party
22  before the completion of the deposition, and that
23  signature is to be before any notary public and
24  returned within 30 days from date of receipt of the
25  transcript:
```

1       ___ was not requested by the deponent or a

2    party before the completion of the deposition.

3        I further certify that I am neither attorney nor

4    counsel for, nor related to or employed by any of the

5    parties to the action in which this deposition is

6    taken, and further that I am not a relative or

7    employee of any attorney or counsel employed by the

8    parties hereto, or financially interested in the

9    action.

10

11       IN WITNESS WHEREOF, I have hereunto set my hand

12   this _____ day of _____, 2007.

13

14

15           Deborah A Copeland
             DEBORAH A. COPELAND
16           Texas CSR 5730
             Expiration Date 12/31/09
17           Firm Registration No. 526
             Corporate Plaza 1/Suite 152
18           4950 North O'Connor Road
             Irving, Texas   75062
19           972.719.5000/972.717.3985(fax)

20

21

22

23

24

25