IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR., | § § § § § § § § § § | CIVIL ACTION NO. 3:07cv1297-K |
| Defendants. | § | |

**ATLANTIC CASUALTY'S RESPONSE TO THE
CLEM DEFENDANTS' MOTION FOR CONTINUANCE AS TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ED KINKEADE, U.S. DISTRICT JUDGE:

Atlantic Casualty responds to the Clem Defendants' motion to continue the filing of their response to Atlantic's motion for summary judgment, and respectfully shows the Court as follows:

The Clems continue to act as though their being a party to this coverage action is stranger than a talking monkey. To the contrary, as Atlantic points out in response to their ill-conceived motion to dismiss, an underlying plaintiff, like the Clems, is a typical party to a coverage action. This is so because getting a no-coverage judgment only against the insured does not prevent the underlying plaintiff, once he has a judgment against the insured, from suing the insurer directly

**ATLANTIC'S RESPONSE TO THE CLEMS' MOTION
TO CONTINUE THEIR SUMMARY JUDGMENT RESPONSE**                               Page 1

and re-litigating the very same coverage issues. As Atlantic shows in its response to the Clems' motion to dismiss, the issue of coverage is ripe as between Atlantic and the Clems under both federal and Texas law.

In their motion for continuance, the Clems rehash their wrong view that they are improper parties to this action and argue that the Court should decide the issue of subject matter jurisdiction before deciding a merits motion like one for summary judgment.[1] But they do not merely ask the Court to decide the motion to dismiss before turning to Atlantic's motion for summary judgment. The Court can do that without the Clems filing a motion about it. Instead, they want to further delay a decision on the merits while Atlantic continues having to defend their environmental pollution case in which they seek millions of dollars in damages from Atlantic's insured, and ultimately (to policy limits), from Atlantic. The Clems' position boils down to not wanting to spend money litigating the coverage action by having to file a response. Atlantic, though, is in the same position, because the longer the underlying case goes on, the more Atlantic has to pay to defend its insured in an action for which there is no coverage. The policy's pollution exclusions directly preclude coverage for their claims, and it is thus clear why the Clems do not want to address those issues.

The Clems allege that Atlantic's motion for summary judgment is "premature." But according to the Federal Rules, it is not so: "A party seeking . . . to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action . . . , move . . . for a summary judgment . . . ." FED. R. CIV. P. 56(a). Atlantic filed its motion for summary judgment more than 20 days after commencement of the action. The declaratory

---

[1] Atlantic incorporates its response to the motion to dismiss herein by reference. *See* FED. R. CIV. P. 10(c) (addressing incorporation by reference).

**ATLANTIC'S RESPONSE TO THE CLEMS' MOTION**
**TO CONTINUE THEIR SUMMARY JUDGMENT RESPONSE**                                   **Page 2**

judgment procedural device affords a speedy and inexpensive method of adjudicating legal disputes. *Lijoi v. Continental Cas. Co.*, 414 F. Supp. 2d 228, 246-47 (E.D.N.Y. 2006). If the Clems are aggrieved, it is with the existence and nature of declaratory relief—not with Atlantic's seeking to enforce its own legitimate legal rights in a coverage action.

The Clems also purport to "reserve the right" to delay the action further by "seeking additional time for discovery" should the Court deny their motion. (Clems' Mot. Continuance at 3 n.3.) If the Clems thought they lacked the evidence to respond to Atlantic's motion, they were required to move for a continuance, supported by affidavit explaining the need, under Rule 56(f). They did not do so. In any event, coverage actions under Texas law are typically decided under the "eight corners" rule in which the Court considers the most recent underlying complaint in light of the insurance policy language. *See GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006) (discussing eight-corners rule). The Clems fail to specify any such discovery they think they need and likely need none under the eight corners.

The Clems also point out that Atlantic "failed" to address their argument that, if they are proper parties as potential judgment creditors, they would be subject to multiple coverage actions by multiple carriers. This speculation does not advance the Clems' cause, though, because they would be subject to the same disputes (assuming there are such other carriers who dispute coverage as to their insureds) as *actual* judgment creditors unless coverage is previously decided with them as parties. It is not that the Clems do not intend to fight a coverage battle; they just do not want to do it *now*, at a place and time of Atlantic's choosing. They clearly see LBJ Trucking as a judgment debtor and Atlantic's policy as a source of recovery.

The Clems waited until the day their response was due to ask for their extension. They have already gotten a substantial extension by merely not filing one when it was due. Atlantic agreed to give the Clems just over a month's extension to file their initial pleading and has thus been accommodating to whatever drives their scheduling. They should not now be indulged in further delay of ripe issues that are ready for determination. LBJ Trucking has already filed a response to Atlantic's motion for summary judgment, and the motion as to LBJ will soon be ripe for decision. The Court and the other parties should not have to be put on hold because the Clems would rather not file a response.

WHEREFORE, Atlantic Casualty prays that the Court deny the Clems' motion and further prays for general relief.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, MCGARR,
KAMINSKI & SHIRLEY, L.L.P.

By: _____
Camille Johnson
State Bar No. 10686600
William A. Reece
State Bar No. 16672990
6440 N. Central Expwy., Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647

ATTORNEYS FOR ATLANTIC CASUALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2007, I electronically filed the foregoing response with the Clerk of Court for the U.S. District Court for the Northern District of Texas using the CM/ECF system, which will send notification of such filing to counsel of record.

_____
William A. Reece