**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR.,** | § | **CIVIL ACTION NO. 3:07-CV-1297-O** |
| | § | **ECF** |
| | § | |
| **Defendants.** | § | |

**APPENDIX IN FURTHER SUPPORT OF ATLANTIC'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE REED O'CONNOR, U.S. DISTRICT JUDGE:

Plaintiff, Atlantic Casualty Insurance Company, submits this Appendix in further support of its Motion for Summary Judgment. The Appendix contains the following:

- Exhibit A: Declaration of William A. Reece with its exhibit.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: ______________________________
Camille Johnson
State Bar No. 10686600
William A. Reece
State Bar No. 16672990
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647
Email: camille@ssjmlaw.com

**ATTORNEYS FOR PLAINTIFF,**
**ATLANTIC CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of December, 2007, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system, and I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

______________________________
Camille Johnson

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| **ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR.,** | § | **CIVIL ACTION NO. 3:07-CV-1297-O** |
| **Defendants.** | § | |

**DECLARATION OF WILLIAM A. REECE**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

I, William A. Reece, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is William A. Reece. I am over 21 and have never been convicted of a felony or offense involving moral turpitude. I am in all respects competent to make this declaration. The facts stated in this declaration are true, correct and within my personal knowledge.

2. I am an attorney at law, licensed in the State of Texas, with the law firm of SAVRICK, SCHUMANN, JOHNSON, MCGARR, KAMINSKI & SHIRLEY, L.L.P. I am admitted to practice before the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas. My firm and I are counsel for Atlantic Casualty Insurance Company in the

above-styled action. In connection with my work as an attorney, I frequently access the ECF/Pacer system of various federal judicial districts.

3. On December 11, 2007, I accessed the website for the United States District Court for the Eastern District of Texas, located at <http://www.txed.uscourts.gov/>, and further accessed the Court's CM/ECF and Pacer system linked to the Eastern District's website. On that system, I accessed the docket sheet for Cause No. 4:07-CV-285, *Clem's Ye Olde Homestead Farms, Ltd. v. Briscoe*, pending in the U.S. District Court for the Eastern District of Texas, Sherman Division. The docket sheet contains links to the various documents filed in the matter. I accessed the link for the document entitled "Defendant Hensley Industries, Inc.'s Answer, Counterclaims, and Cross Claims," and downloaded such document to my computer.

4. Attached hereto as Exhibit 1 is a true, correct and genuine copy of the document entitled "Defendant Hensley Industries, Inc.'s Answer, Counterclaims, and Cross Claims," which I downloaded from the Eastern District's ECF/Pacer website.

5. I, William A. Reece, declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2007.

William A. Reece

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, CLARENCE T. "CASEY" CLEM, JR.<br><br>Plaintiffs<br><br>vs.<br><br>BILL BRISCOE, individually, and d/b/a BRISCOE LAND RECLAMATION PROJECT, and d/b/a BILL BRISCOE ENTERPRISES, INC., HENSLEY INDUSTRIES, INC., ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.4:07cv285 |

**DEFENDANT HENSLEY INDUSTRIES, INC.'S ANSWER, COUNTERCLAIMS, AND CROSS CLAIMS**

Defendant Hensley Industries, Inc. ("Hensley") files this answer to Plaintiffs Clem's Ye Olde Homestead Farms, Ltd, Bettye Crider Clem, Clarence Truman Clem, Kelly Clem, Clarence T. "Casey" Clem, Jr. (collectively "Plaintiffs").

**Introduction**

Hensley answers the allegations in the separately numbered paragraphs of Plaintiffs' Original Complaint as follows:

1. Hensley admits the certain foundry sand generated by Hensley was transported to Clem's Ye Olde Homestead Farms, Ltd. (the "Clem Property"). Hensley further admits that Bill

Briscoe, individually, and d/b/a Bill Briscoe Land Reclamation Project, and d/b/a Bill Briscoe Enterprises, Inc. (collectively the "Briscoe entities") engaged in the storage and disposal of certain foundry sand generated by Hensley. Hensley admits that LBJ Trucking Co., Inc. ("LBJ Trucking") transported certain foundry sand generated by Hensley to the Clem Property.

2. Hensley denies the allegations in paragraph 2 that it has violated the Resource Conservation Recovery Act "RCRA." Hensley admits that Plaintiffs have filed a complaint alleging violations of the RCRA, 42 U.S.C. § 6972(a)(1)(A) and 42 U.S.C. § 6972(a)(1)(B), a request for declaratory judgment, injunctive relief, civil penalties, and damages, including costs, and attorneys and experts fees.

I. **Jurisdiction and Venue**

3. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

4. Hensley admits the allegations in paragraph 4 that this court has subject matter jurisdiction over the RCRA claims. Hensley admits that this Court has supplemental jurisdiction over Plaintiffs' state and common law claims.

5. Hensley admits the allegations in paragraph 5 that it received notice of Plaintiffs' claims on November 20, 2006.

6. Hensley admits the allegations in paragraph 6 that 90 days have passed since Hensley received the notice.

7. Hensley is without sufficient information to admit or deny the allegations in paragraph 7.

8. Hensley is without sufficient information to admit or deny the allegations in paragraph 8.

9. Hensley admits that venue is appropriate in the Eastern District of Texas, Sherman Division.

## II. Parties

10. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

11. Hensley denies that any violations occurred, or that Hensley is liable for any such violations. Hensley is without sufficient information to admit or deny the truth of the remainder of the allegations in paragraph 11.

12. Hensley objects to the use of the phrases "Defendants' conduct" and "time Defendants committed their conduct" as vague and ambiguous. The use of such phrases does not provide information sufficient for Hensley to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Hensley denies the allegations in paragraph 12 to the extent it is implied that Hensley committed any conduct for which it may be liable. Hensley is without sufficient information to further admit or deny the truth of the allegations in paragraph 12.

13. Hensley objects to the use of the phrase "Defendants' conduct" as vague and ambiguous. The use of such phrase does not provide information sufficient for Hensley to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Hensley denies the allegations in paragraph 13 to the extent it is implied that Hensley committed any conduct for which it may be liable. Hensley is without sufficient information to further admit or deny the truth of the allegations in paragraph 13.

14. Hensley objects to the use of the phrase "Defendants' conduct" as vague and ambiguous. The use of such phrase does not provide information sufficient for Hensley to form

a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Hensley denies the allegations in paragraph 13 to the extent it is implied that Hensley committed any conduct for which it may be liable. Hensley is without sufficient information to further admit or deny the truth of the allegations in paragraph 14.

15. Hensley objects to the use of the phrase "Defendants' conduct" as vague and ambiguous. The use of such phrase does not provide information sufficient for Hensley to form a response, and Plaintiffs should be ordered to provide a more definite statement of the phrases and words utilized pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Hensley denies the allegations in paragraph 13 to the extent it is implied that Hensley committed any conduct for which it may be liable. Hensley is without sufficient information to further admit or deny the truth of the allegations in paragraph 15.

16. Hensley admits that it is a corporation formed under Texas law. Hensley admits that it generated foundry sand that was transported to the Clem property. Hensley admits that its registered agent is CT Corporation System.

17. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 17.

18. Hensley admits that LBJ Trucking Co., Inc. was involved in the handling and transport of foundry sand generated by Hensley to the Clem Property. Hensley is without sufficient information to further admit or deny the truth of the remainder of the allegations in paragraph 18.

19. Hensley admits that the Briscoe entities participated in the handling, storage, arranging for disposal, and disposal of solid waste, including foundry sand, that was transported at Briscoe's instruction, which Briscoe then directed be stored and disposed of at the Clem

Property. Hensley admits on information and belief that Briscoe Enterprises, Inc. is not in good standing with the Texas Comptroller. Hensley does not sufficient information to admit or deny whether Briscoe Enterprises, Inc. has forfeited its charter. Hensley is without sufficient information to admit or deny the truth of the remainder of the allegations in paragraph 19.

## III. Facts

20. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

21. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 21.

22. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 22.

23. Hensley denies the allegations in paragraph 23 to the extent that Plaintiffs allege they had no knowledge Briscoe was storing and disposing of solid waste and foundry sand at the Clem Property. Hensley further denies that Plaintiffs had no reason to be aware of the same. Hensley admits that certain foundry sand generated by Hensley was transported to the Clem Property by LBJ Trucking. Hensley is without sufficient information to admit or deny the truth of the remainder of the allegations in paragraph 23.

24. Hensley admits that it generated foundry sand and provided it to LBJ Trucking for transport. Hensley admits that LBJ Trucking transported the foundry sand to the Clem Property. Hensley denies that it arranged for the disposal of the solid waste and foundry sand at the Clem Property. Hensley denies the remainder of the allegations in paragraph 24.

25. Hensley is without sufficient information to admit or deny whether Briscoe has taken some action to remove certain municipal solid waste from the Clem Property. Hensley denies the remainder of the allegations in paragraph 25.

26. Hensley denies the allegations in paragraph 26.

27. Hensley admits that it has received notice of the RCRA claims. Hensley is without sufficient information to admit or deny the truth of the remainder of the allegations.

**IV. First Claim – Storage and/or Disposal of Solid Waste**

28. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

29. Hensley admits the allegations in paragraph 29.

30. Hensley admits the allegations in paragraph 30.

31. Hensley denies the allegations in paragraph 31.

32. Hensley denies the allegations in paragraph 32.

33. Hensley denies the allegations in paragraph 33.

34. Hensley denies the allegations in paragraph 34.

**V. Second Claim – Imminent and Substantial Endangerment**

35. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

36. Hensley admits that Section 7002(a)(1)(B) of the RCRA provides that any person may commence a civil action against any person who has contributed to or is contributing to the handling, etc. of waste that may present an imminent and substantial endangerment to health or the environment. Hensley denies the remainder of the allegations in paragraph 36.

37. Hensley denies the allegations in paragraph 37.

### VI. Third Claim - Nuisance

38. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

39. Hensley denies the allegations in paragraph 39.

40. Hensley denies the allegations in paragraph 40.

41. Hensley denies the allegations in paragraph 41.

42. Hensley denies the allegations in paragraph 42.

43. Hensley denies the allegations in paragraph 43.

44. Hensley denies the allegations in paragraph 44.

### VII. Fourth Claim - Negligence

45. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

46. Hensley denies the allegations in paragraph 46.

47. Hensley denies the allegations in paragraph 47.

48. Hensley denies the allegations in paragraph 48.

### VIII. Fifth Claim – Trespass

49. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

50. Hensley denies the allegations in paragraph 50.

51. Hensley denies the allegations in paragraph 51.

52. Hensley denies the allegations in paragraph 52.

53. Hensley denies the allegations in paragraph 53.

### IX. Sixth Claim – Briscoe – Breach of License Agreement

54. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

55. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 55.

56. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 56.

### X. Seventh Claim – Briscoe – Violations of Texas Deceptive Trade Practices Act

57. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

58. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 58.

59. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 59.

60. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 60.

61. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 61.

62. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 62.

### XI. Eighth Claim – Briscoe - Indemnity

63. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

64. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 64.

65. Hensley is without sufficient information to admit or deny the truth of the allegations in paragraph 65.

**XII. Discovery Rule and Tolling**

66. Hensley incorporates its answers to the preceding paragraphs as set forth below and for all purposes.

67. Hensley denies the allegations in paragraph 67.

**AFFIRMATIVE DEFENSES**

68. Plaintiffs' claims are barred because Plaintiffs voluntarily assumed the risk of storing the materials of which they complain has caused them injury.

69. Plaintiffs' claims are barred by waiver.

70. Plaintiffs' claims are barred by the doctrine of unclean hands.

71. Plaintiffs' claims are barred by estoppel.

72. Plaintiffs' claims are barred by the applicable statute of limitations.

73. Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' own contributory negligence.

74. To the extent that Plaintiffs sustained injury or damage as alleged in Plaintiffs' Original Complaint, which is denied, said injury or damage was caused or contributed to by the negligence, recklessness, wantonness, willfulness, intentional acts, or other legal responsibility (including the violations of any applicable statutes or regulations) of persons other than Hensley over whom Hensley had no control or responsibility in law or fact, including, but not limited to, Plaintiffs and Defendants Briscoe, Ramirez, and LBJ Trucking. Therefore, an apportionment of

responsibility should be made as to all parties, and any liability of Hensley should be reduced proportionally or negated entirely pursuant to applicable law, including the doctrines of contribution and indemnity.

**HENSLEY'S COUNTERCLAIMS AGAINST PLAINTIFFS AND CROSS CLAIMS**

75. Hensley, as Counter-Plaintiff/Cross-Claimant, hereby alleges for its Counterclaims against Plaintiffs/Counter-Defendants and its Cross Claims against Co-Defendants/Cross-Defendants Bill Briscoe, individually, and d/b/a Bill Briscoe Land Reclamation Project, and d/b/a Bill Briscoe Enterprises, Inc. ("Briscoe entities"), and LBJ Trucking Co., Inc. ("LBJ Trucking") (collectively referred to as "Cross-Defendants") as follows:

**I. The Parties**

76. Counter-Plaintiff/Cross-Claimant Hensley is a Texas corporation.

77. Counter-Defendants have appeared before the Court in this suit and for all purposes and may be served through their attorney of record

78. Hensley is informed and believes that Cross-Defendant Bill Briscoe, individually and d/b/a Briscoe Land Reclamation Project and d/b/a Bill Briscoe Enterprises, Inc. is a resident of Collin County, Texas. Briscoe has voluntarily agreed to waive service of process in this lawsuit.

79. Hensley is informed and believes that Cross-Defendant LBJ Trucking Co., Inc. is a Texas corporation. LBJ Trucking has voluntarily agreed to waive service of process in this lawsuit.

## II. Jurisdiction and Venue

80. This court has jurisdiction over these claims pursuant to Federal Rules of Civil Procedure 13(a) and (g) because said claims arise out of the same transactions or occurrences that are the subject of Plaintiffs' claims and the adjudication of these claims does not require the presence of a third-party over whom the court cannot acquire jurisdiction.

## III. Facts

81. On information and belief, Counter-Defendants own the site known as the Briscoe Reclamation Project, located approximately 10 acres west of Josey Lane, North of Parker Road, and East of Crider Road in addition to approximately 150 acres in the immediate vicinity (the 160 acres referred to as the "Property").

82. Counter-Defendants leased the Property to the Briscoe entities to cause certain enhancements to be made to the surface for Counter-Defendants' benefit. The Briscoe entities, with the consent of Counter-Defendants, caused municipal and industrial waste materials to be received and disposed of at the Property, to enhance the surface of the site for the benefit of Counter-Defendants.

83. These materials included foundry sand that was generated by Hensley and transported to the Property by LBJ Trucking. The Briscoe entities, however, did not have the necessary environmental permits to receive and/or dispose of the materials they were receiving, including the foundry sand. Hensley was not aware that the Briscoe entities did not have the proper permits.

84. In 2005, the Briscoe entities' activities became the subject of an enforcement action by the Texas Commission on Environmental Quality ("TCEQ") because the Briscoe entities did not have the required environmental permits and regulations to operate the

reclamation activities. Counter-Defendants were aware of the action, yet continued to lease the Property to the Briscoe entities.

85. The Briscoe entities and Counter-Defendants, aware pursuant to the TCEQ action, that the Briscoe entities needed specific environmental permits to receive certain types of materials, including the foundry sand generated by Hensley and transported by LBJ Trucking.

86. At all times that LBJ Trucking was transporting the foundry sand to the Property, Hensley was not required to and did not know that LBJ Trucking was being allowed to dispose of the foundry sand at a facility that did not have the requisite permits to receive such sand. Hensley did not become aware of such facts until May 3, 2006, when the TCEQ called Hensley to inform it that the foundry sand had been disposed of at a site that did not have the proper permits to receive it. Hensley immediately discontinued using LBJ Trucking as the transporter for its foundry sand.

87. As a result of Counter-Defendants, the Briscoe entities, and LBJ Trucking's conduct as described above, Hensley has been forced to incur significant legal and other expenses.

88. At all times that the foundry sand was being illegally received by the Briscoe entities from LBJ Trucking, Counter-Defendants failed to take any action to assure that the enhancement of the Property were being performed legally. Moreover, even after receiving notice that the Briscoe entities were illegally receiving the foundry sand, Counter-Defendants failed to take any action to cease the operation.

**Negligence/Negligence Per Se**

(Against Counter-Defendants)

89. Hensley incorporates by reference as if set forth at length each of the preceding paragraphs.

90. Counter-Defendants' conduct constitutes actionable negligence and negligence per se under Texas law. As owners of the Property, Counter-Defendants owed a legal duty to those generating landfill, including Hensley, to ensure that the Briscoe entities were not conducting land filling operations of municipal and industrial waste without proper permits. Counter-Defendants breached this duty by failing to monitor the Briscoe entities to ensure that they had the proper permits. Counter-Defendants also had a duty, under section 335.2 of the Texas Administration Code, to cease the Briscoe entities' operation of the landfill without the required permits. Counter-Defendants, however, have breached both their common law and statutory duties. Counter-Defendants' breach of both its common law and statutory duties has caused and will continue to cause Hensley to incur expenses which could have been avoided if Counter-Defendants had notified Hensley and appropriately monitored the activities on the Property being performed by the Briscoe entities.

**Contribution/Indemnity**

(Against Briscoe entities and LBJ Trucking)

91. Hensley incorporates by reference as if set forth at length each of the preceding paragraphs.

92. To the extent that Plaintiffs/Counter-Defendants have been harmed as alleged in the Original Complaint, such harm was caused by the acts and/or omissions of the Briscoe entities and LBJ Trucking. Specifically, the Briscoe entities and LBJ Trucking, knew or should

have known that the Briscoe entities did not have the proper permits to receive the foundry sand and dispose of it on the Property. The Briscoe entities had a duty to ensure that it had obtained the proper permits and LBJ Trucking had a duty to ensure that it was not transporting the foundry sand to a recipient that did not have the proper permits. Both the Briscoe entities and LBJ Trucking, however, breached their respective duties. The Briscoe entities' and LBJ Trucking's breach of these duties was the actual and proximate cause of any injuries allegedly suffered by Plaintiffs. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Hensley is therefore entitled to seek contribution from the Briscoe entities and LBJ Trucking for any damages awarded to Plaintiffs.

**Declaratory Judgment**

(Against Briscoe Entities, LBJ Trucking, and Counter-Defendants)

93. Hensley incorporates by reference as if set forth at length each of the preceding paragraphs.

94. The Texas Commission on Environmental Quality ("TCEQ") is currently investigating potential removal or remedial action with respect to the foundry sand at issue in this lawsuit. Therefore, pursuant to The Declaratory Judgment Act, 28 U.S.C. § 2201-2202, there is an actual, substantial controversy between the parties who have adverse legal interests of sufficient immediacy and reality. Pursuant to The Declaratory Judgment Act, Hensley seeks a declaratory judgment finding that:

a. Should the TCEQ issue an order compelling Hensley to take removal or remedial action, that Hensley be entitled to recover its costs and expenses incurred in complying with such order from the Briscoe Entities, LBJ Trucking, and Plaintiffs/Counter-Defendants pursuant to section 361.344 of the Texas Health and Safety Code.
b. Alternatively, should Hensley voluntarily take removal or remedial action with the approval of the TCEQ that addresses a release or a threatened release of the foundry sand, that Hensley be entitled to recover its costs and expenses

incurred from the Briscoe Entities, LBJ Trucking, and Plaintiffs/Counter-Defendants pursuant to section 361.344 of the Texas Health and Safety Code.

## CONCLUSION AND PRAYER FOR RELIEF

95. For all these reasons, Defendant/Counter-Plaintiff/Cross-Claimant Hensley, asks the Court to enter judgment that Plaintiffs take nothing on their claims, and awarding judgment for Hensley against Plaintiffs, the Briscoe entities, and LBJ Trucking for actual damages, lost profits, out-of pocket costs, expenses, consequential damages, attorneys' fees, interest, costs of court, and any other relief to which Hensley may be justly entitled.

Respectfully submitted,

By: ______________________

John W. Slates
State Bar No.: 00794646
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, TX 75201-4761

ATTORNEYS FOR DEFENDANT
HENSLEY INDUSTRIES, INC.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded by facsimile to all counsel of record on this 13th day of August 2007.

John W. Slates