IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR., | § § § § § § § § § § § | CIVIL ACTION NO. 3:07-CV-1297-O |
| Defendants. | § | |

**PLAINTIFF ATLANTIC CASUALTY'S OBJECTIONS TO AND MOTION
TO STRIKE LBJ'S SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE REED O'CONNOR, U.S. DISTRICT JUDGE:

Plaintiff, Atlantic Casualty Insurance Company (Atlantic), objects to the evidence Defendants Robert Ramirez and LBJ Trucking Co., Inc. submitted with their Response to Plaintiff's Motion for Summary Judgment, and respectfully shows the Court as follows:

**I.
INTRODUCTION**

1. Atlantic Casualty moves for summary judgment based on certain exclusions in the insurance policies it issued to LBJ Trucking. In response, LBJ filed an appendix in support of its response, to which is attached objectionable evidence, to which Atlantic objects below.

## II.
## OBJECTIONS

2. Plaintiff objects to the following evidence contained in the Appendix to Defendants Robert Ramirez and LBJ Trucking Co., Inc.'s Response to Plaintiff's Motion for Summary Judgment:

- D.App 1    Environmental Laboratories Report (June 26, 2001)
- D.App 2-3    Articles of Incorporation for LBJ Trucking Co., Inc., in the State of Texas (October 17, 2002)
- D.App. 4-5    Invoices 14572 and 14622 (April 25 and 26, 2006)
- D.App. 6-11    Defendant LBJ Trucking Co., Inc.'s Objections and Answers to Plaintiff Clarence T. "Casey" Clem, Jr.'s First Set of Interrogatories
- D.App 17-18    Environmental Laboratories Report of Sample Analysis (January 21, 2002)
- D.App 19-33    Excerpts from the Deposition of Carolyn Benavides

3. First, Plaintiff objects to this evidence because it is extrinsic to the pleadings and therefore cannot be considered in determining an insurer's duty to defend. The Texas Supreme Court has recently reaffirmed a strict "eight corners" analysis and rejected the use of extrinsic evidence. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). The evidence contained in Defendants' appendix is extrinsic to the pleadings. Since Texas law requires a strict "eight corners" analysis in determining an insurer's duty to defend, Defendants' evidence is inadmissible and should be struck.

4. Second, Plaintiff objects to this evidence because none of it is authenticated as required by FED. R. EVID. 901. There are no affidavits providing testimony from a witness with knowledge, nor has LBJ met any of the other methods provided in Rule 901 to authenticate their evidence. Since authentication is a condition precedent to admissibility, Defendants' summary judgment evidence is inadmissible and should be struck.

5. Third, Plaintiff objects to the evidence because it constitutes inadmissible hearsay under FED. R. EVID. 802. The evidence is hearsay as defined by FED. R. EVID. 801 because it contains statements made, by one other than the declarant while testifying at trial or hearing, offered to prove the truth of the matter asserted. As such, the evidence is inadmissible and should be struck.

6. In addition to the objections above, Plaintiff further objects to Defendants' reliance on D.App 2-3, LBJ Trucking Co., Inc.'s Articles of Incorporation, because the Articles of Incorporation contain no seal or other certification or marking to indicate that the Articles of Incorporation are a public document or public record as required by FED. R. EVID. 902. The Articles of Incorporation are inadmissible and should be struck.

7. Plaintiff objects to Defendants' use of D.App. 6-11, Defendant LBJ Trucking Co., Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories, because these discovery responses are from another lawsuit and are therefore hearsay and unauthenticated. As such they constitute inadmissible summary judgment evidence and should be struck.

8. Plaintiff objects to Defendants' use of D.App 19-33, Excerpts from the Deposition of Carolyn Benavides, because these excerpts are from a deposition taken in another case and constitute hearsay and are unauthenticated. Since the deposition excerpts are inadmissible they should be struck.

### III.
### CONCLUSION

9. Atlantic requests that the Court sustain Atlantic's objections and strike Defendants Robert Ramirez and LBJ Trucking Co., Inc.'s evidence as objected to above.

**ATLANTIC CASUALTY'S OBJECTIONS TO AND MOTION
TO STRIKE LBJ'S SUMMARY JUDGMENT EVIDENCE**                    Page 3

WHEREFORE, Atlantic prays that the Court sustain its objections, strike Defendants Robert Ramirez and LBJ Trucking Co., Inc.'s evidence, grant Atlantic's Motion for Summary Judgment, and grant all other general relief to which Atlantic may be entitled.

> Respectfully submitted,
>
> SAVRICK, SCHUMANN, JOHNSON,
> MCGARR, KAMINSKI & SHIRLEY, L.L.P.
>
> By: _/s/ Camille Johnson_
>
> Camille Johnson, Attorney-in-Charge
> State Bar No. 10686600
> William A. Reece
> State Bar No. 16672990
> 6440 N. Central Expressway, Suite 107
> Dallas, Texas  75206
> Phone: (214) 368-1515
> Fax: (214) 292-9647
> Email: camille@ssjmlaw.com
>
> **ATTORNEYS FOR PLAINTIFF,
> ATLANTIC CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2007, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification of such filing to the following:

> Abigail B. Moore / Vincent J. Hess
> LOCKE LORD BISSELL AND LIDDELL, LLP
> 2200 Ross Avenue, Suite 2200
> Dallas, Texas  75201
> Email: abmoore@lockelord.com
> Email: vhess@lockelord.com

> Cody L. Towns
> LYNN TILLOTSON & PINKER LLP

750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
Email: ctowns@lynnllp.com

_____
William A. Reece