IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No. |
| vs. | § § | 3:07-cv-01297 |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, Jr., | § § § § § § § § | |
| Defendants. | § | |

## CLEM DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CONTINUANCE AS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Clem Defendants file this Reply in Support of Their Motion for Continuance as to Plaintiff's Motion for Summary Judgment ("Reply").

## I.     INTRODUCTION

Plaintiff Atlantic Casualty Insurance Company ("Atlantic") essentially uses its untimely-filed Response to the Clem Defendants' Motion for Continuance as a forum to try to reargue the merits of the Clem Defendants' Motion to Dismiss, going so far as to incorporate by reference its response to the Clem Defendants' Motion to Dismiss.  However, the Motion to Dismiss has been fully briefed and is awaiting the Court's decision.  Atlantic also devotes a number of paragraphs to peddling the merits on its Motion for Summary Judgment, deliberately attempting to divert the Court's attention from the issue at hand – the Clem Defendants' simple request for a continuance pending the Court's determination of its subject matter jurisdiction.

As demonstrated in the Clem Defendants' Motion for Continuance, a brief continuance resetting the deadline for the Clem Defendants' response to the Motion for Summary Judgment to a date no earlier than twenty days after the date the Court issues its order on the Motion to Dismiss (should such Motion to Dismiss not be granted) is appropriate and permissible. The Clem Defendants (individual tort-plaintiffs in the underlying suit) seek a brief continuance of their response to Atlantic's Motion for Summary Judgment pending resolution of the fundamental inquiry of subject-matter jurisdiction. Under these circumstances, Atlantic's arguments that the continuance should not be granted because the Clem Defendants "seek millions of dollars in damages from Atlantic's insured" ring hollow.

## II.  THE COURT SHOULD GRANT THE CLEM DEFENDANTS' MOTION FOR CONTINUANCE.

### A.  The Court should disregard Atlantic's Response as untimely.

As an initial matter, the Court should disregard Atlantic's Response to the Clem Defendants' Motion for Continuance as untimely, because Atlantic failed to file the Response on or prior to the time allotted for a response and brief under the local rules for the Northern District of Texas. LR 7.1(e); *see, e.g., Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997) ("parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law"). Atlantic neither sought leave of the Court for its failure to follow the local rules, nor offered any explanation for the untimely filing. Indeed, Atlantic completely failed to mention the fact that its Response was late.

Therefore, the Court should decide the Clem Defendants' Motion for Continuance solely on the basis of the arguments presented in that Motion, and the arguments in this Reply, disregarding any arguments presented by Atlantic in its untimely-filed Response.

### B.     Atlantic's Response seeks to conceal the true litigation burdens on the parties.

Even were the Court to consider Atlantic's untimely-filed Response, Atlantic has failed to demonstrate that granting the Clem Defendants' Motion for Continuance is inappropriate. Indeed, Atlantic's arguments demonstrate that this is just such a circumstance where a continuance is proper.

Atlantic attempts to villainize the Clem Defendants for filing suit against the LBJ Defendants.[1]  Atlantic's arguments in this respect are without merit.

Incredulously, Atlantic asserts that its position is equivalent to the Clem Defendants because the "longer the underlying case goes on, the more Atlantic has to pay to defend its insured."  But Atlantic's dispute regarding any duty to defend is a dispute that could only arise with its alleged insureds.  Even were the Clem Defendants to become actual judgment creditors of the LBJ Defendants, no dispute regarding the duty to defend would ever arise between Atlantic and the Clem Defendants.  Whether the Clem Defendants' response to the Motion for Summary Judgment is continued, or whether the Clem Defendants even remain in this coverage action, has no bearing on whether Atlantic can obtain a declaratory judgment that it has no duty to defend the LBJ Defendants in the underlying lawsuit.[2]

Atlantic also seems to suggest that because it believes it will be successful on the merits of its coverage action, the Clem Defendants should be the ones to bear the costs of the continued litigation in two forums.  This is simply not a sound basis to deny the Motion for Continuance. When a party challenges subject matter jurisdiction in a motion under Rule 12, "the court should

---

[1] The Clem Defendants in the underlying suit have asserted claims against the LBJ Defendants for negligence and nuisance, among other things, but Atlantic ignores such claims.

[2] Indeed, Atlantic has not been forced into litigation at all.  If Atlantic was sure its coverage position was correct, that is that no coverage exists for any of the Clem Defendants' claims in the underlying litigation, Atlantic could simply deny coverage and defense to the LBJ Defendants.  It has chosen not to do so.

consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a court finds that subject matter jurisdiction is lacking, the case must be immediately dismissed. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Atlantic's argument ignores both the fundamental reason for the Clem Defendants' Motion for Continuance and the sequence of this litigation. The Clem Defendants have filed no answer in this litigation – they do not believe that the Court has subject matter jurisdiction over the issues against them in this case or that they are proper parties to the litigation. They, therefore, filed their Motion to Dismiss challenging, among other things, the subject matter jurisdiction of this Court.

Then, while the Motion to Dismiss was pending, and before the Clem Defendants had even filed their Reply in support of their Motion to Dismiss, Atlantic filed its Motion for Summary Judgment. While Atlantic is correct that the Federal Rules of Civil Procedure state that a party seeking a declaratory judgment may seek summary judgment after the expiration of twenty days from the commencement of the action, the Court must first reach the primary inquiry of whether it has subject matter jurisdiction over this alleged dispute. *Ramming*, 281 F.3d at 161.

### III.   CONCLUSION

As set forth in the Clem Defendants' Motion for Continuance, the Court's subject matter jurisdiction is not established, and Atlantic has failed to state a claim upon which relief can be granted. The Fifth Circuit has made clear that a court should consider and assure itself of its subject matter jurisdiction before considering any argument on the merits. *Ramming*, 281 F.3d at 161. Therefore, the Clem Defendants' motion for a brief continuance of their response to

Atlantic's Motion for Summary Judgment should be granted.  *See* FED. R. CIV. P. 12(b)(1), 12(b)(6); *cf. Ramming*, 281 F.3d at 161.

Respectfully submitted,

 /s/ Abigail B. Moore
Vincent J. Hess
  Texas State Bar. No. 09549417
  vhess@lockelord.com
Abigail B. Moore
  Texas State Bar No. 24037133
  abmoore@lockelord.com
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (telecopy)

**ATTORNEYS FOR DEFENDANTS CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, AND CLARENCE T. "CASEY" CLEM, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the court's electronic filing system, on this 20th day of December 2007 on the following counsel of record:

| | |
|---|---|
| Camille Johnson | Cody L. Towns |
| Gary N. Schumann | Lynn Tillotson & Pinker LLP |
| William A. Reece | 750 N. St. Paul Street, Suite 1400 |
| Savrick, Schumann, Johnson, McGarr, | Dallas, Texas 75201 |
| Kaminski & Shirley, L.L.P. | |
| 6440 N. Central Expressway, Suite 107 | |
| Dallas, Texas 75206 | |

 /s/ Abigail B. Moore
 Abigail B. Moore
