IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br>　　Plaintiff,<br><br>v.<br><br>ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR.,<br>　　Defendants. | § § § § § § § § § § § § § § § | Cause No. 3:07-CV-1297-O |

**DEFENDANTS ROBERT RAMIREZ AND LBJ TRUCKING CO., INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
SUMMARY JUDGMENT EVIDENCE**

　　Defendants Robert Ramirez and LBJ Trucking Co., Inc. (collectively "LBJ Trucking") respectfully respond as follows to the Motion to Strike LBJ Trucking's Summary Judgment Evidence, filed by Plaintiff Atlantic Casualty Insurance Company.

## I. ARGUMENT & AUTHORITIES

**A.　The Summary Judgment Evidence Is Necessary To Discern Coverage.**

　　This is an insurance coverage case, and the evidence cited by LBJ Trucking in its Response to Atlantic's Motion for Summary Judgment is vital to determine coverage and may be validly considered by this Court. Atlantic's allusion to the Texas Supreme Court's strict "eight corners" analysis ignores the valid exception to the eight corners doctrine recognized by the Fifth Circuit, which acknowledges the need for extrinsic evidence "when it is initially impossible to

discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage …" *Northfield Ins. Co. v. Loving Home Care*, 363 F.3d 523, 531 (5th Cir. 2004) (cited in LBJ Trucking's Response, at p. 4). The summary judgment evidence cited by LBJ Trucking contradicts the statements asserted by Atlantic in its Motion for Summary Judgment, highlighting the fundamental disparity between Atlantic's interpretation and LBJ Trucking's understanding of both the time period and coverage of the policy. Accordingly, the evidence is offered as part of LBJ Trucking's Response to afford the Court all material facts in determining the extent of Atlantic's coverage of LBJ Trucking, and it should not be struck.

**B.    The Discovery From The Underlying Lawsuit Is Authenticated and Admissible.**

Atlantic complains, without citing any authority beyond bare recitation of the Rules of Evidence, that LBJ Trucking's evidence is "inadmissible and should be struck." This is untrue. The evidence is self-authenticating and therefore admissible. "There is no single way … to authenticate evidence. … [A] document's appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances, can, in cumulation, even without direct testimony, provide sufficient indicia of reliability to permit a finding that it is authentic." *U.S. v. Garcia*, 452 F.3d 36, 40 (1st Cir. 2006). The documents cited in LBJ Trucking's Appendix were obtained as part of the underlying lawsuit, and several of the documents contain internally verifying information. For example, the Articles of Incorporation for LBJ Trucking is a public document, bearing the unique filing and document numbers used to obtain the document from the Secretary of State's website, all of which is readily apparent from the face of the document. *See* D. App. 000002. LBJ Trucking's answers to a set of interrogatories contain the requisite verification page at the end, again providing sufficient indicia of reliability to permit a finding that the document is authentic. *See* D. App. 000011. Finally, the deposition excerpt from the underlying lawsuit includes the reporter's certification

page, which has been held to be sufficient to prove authenticity. *See* D. App. 33; *see also Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent.").

Atlantic also complains, without citing any authority, that any evidence from the underlying lawsuit is "hearsay and inadmissible." But the hearsay rule is intended to prevent reliance on out-of-court statements, not statements by the same parties in another proceeding. The evidence included in LBJ Trucking's Appendix is part of the discovery obtained in the underlying lawsuit, in conjunction with the rules of civil procedure and evidence, and falls within the exceptions to the hearsay rule. *See* Fed. R. Evid. 801(d)(1), (2) (prior statements by a witness and admissions by party-opponents are not hearsay). Not permitting this evidence would allow Atlantic to rush to file its summary judgment in this case, before discovery has commenced, and then not allow any opponents to rely on the discovery obtained between the same parties in the underlying lawsuit to defend against the motion. Given the fundamental disparity in the material facts as recited by Atlantic in its motion and by LBJ Trucking in its response, striking the evidence would impermissibly allow Atlantic to suppress the facts that contradict its motion.

## II. <u>CONCLUSION</u>

For the reasons stated herein, Defendants Robert Ramirez and LBJ Trucking respectfully request that the Court deny Plaintiff Atlantic Casualty Insurance Company's Motion to Strike LBJ Trucking's Summary Judgment Evidence. Defendants further request all additional relief to which they may show themselves justly entitled.

Dated: January 2, 2008                    Respectfully submitted,

/S/ Cody L. Towns
Cody L. Towns
State Bar No. 24034713
LYNN TILLOTSON & PINKER LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANTS ROBERT RAMIREZ AND LBJ TRUCKING CO., INC.**

CERTIFICATE OF SERVICE

I certify that on January 2, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

Camille Johnson
Gary N. Schumann
SAVRICK SCHUMANN JOHNSON MCGARR
KAMINSKI & SHIRLEY
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
(214) 368-1515 Telephone
(214) 292-9647 Facsimile

/S/ Cody L. Towns
Cody L. Towns