# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| V. § § | |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR., § § § § § § § § § § § | CIVIL ACTION NO. 3:07-CV-1297-O |
| Defendants. § | |

### ATLANTIC CASUALTY'S REPLY TO THE LBJ DEFENDANTS' RESPONSE TO ATLANTIC'S MOTION TO STRIKE

TO THE HONORABLE REED O'CONNOR, U.S. DISTRICT JUDGE:

Atlantic Casualty replies to the LBJ Defendants' response to Atlantic's motion to strike their summary judgment evidence and respectfully shows the Court as follows:

LBJ and Ramirez's response to Atlantic's motion to strike their summary judgment evidence is at best feeble, for instance, stating that Atlantic relies on "bare" recitation of the rules of evidence, as if the rules of evidence were not sufficient to govern admissibility. In any event, their reliance on extrinsic evidence is simply impermissible under the eight-corners rule, and Atlantic has addressed, in its reply to LBJ's response to Atlantic's motion for summary judgment, just why it is impermissible and how the coverage-only exception to that rule does not

**ATLANTIC'S REPLY TO LBJ'S RESPONSE TO
ATLANTIC'S MOTION TO STRIKE**                                                                                      Page 1

apply on these facts.[1] In short, LBJ may not use extrinsic evidence to contradict the underlying pleadings, which must be taken as true.

LBJ's argument that its alleged evidence authenticates itself does not square with the rules. Rule 901 says that the requirement of authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a). This rule assumes that the *authenticating* evidence is different from the material *offered* as evidence, unless that material is self authenticating under Rule 902, which states that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to" materials thereafter defined. The phrase "extrinsic evidence" confirms that the authenticating evidence is different from, or extrinsic to, the material it purports to authenticate. Were this not true, everything, if it looked like it ought to be authentic, would be self authenticating, and there would be no need for Rule 901. LBJ essentially sponsors a presumption of authenticity, which is not supportable. Instead, LBJ must affirmatively offer proof of authenticity, which it fails to do.

LBJ's understanding of the hearsay rule is also wrong. LBJ says that the hearsay rule was designed to address out of court statements, not statements made by the same parties in a different proceeding. First of all, statements made in proceeding B are out of court statements in the court that hears proceeding A. Under the rules, the testimony in proceeding B might be excluded from the operation of the hearsay rule as "former testimony," if "if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." FED. R. EVID. 804(b)(1). Atlantic is not a party to the underlying action, and no

---

[1] Atlantic incorporates that portion of its reply herein by reference.

**ATLANTIC'S REPLY TO LBJ'S RESPONSE TO**
**ATLANTIC'S MOTION TO STRIKE**                                                    Page 2

party there is a predecessor in interest to Atlantic. Accordingly, the deposition testimony on which LBJ relies, taken in a different proceeding, is excluded by the hearsay rule.

LBJ also says that prior statements by a witness and admissions of a party opponent are not hearsay. The prior statement rule assumes that a party is using a prior witness statement to impeach the witness or to rebut an implied charge against the declarant of recent fabrication or improper influence or motive. FED. R. EVID. 801(d)(1). That rule thus has no application here because credibility has not been put at issue. And as to an admission of a party opponent, LBJ offers no statement by Atlantic, which is the party opponent the rule contemplates. *See* FED. R. EVID. 801(d)(2) (statement offered against a party must be the party's own statement). LBJ's attempt to smuggle hearsay from a different proceeding into this one thus fails.

Ultimately, LBJ, without satisfying the required evidentiary formalities, wants to rely on purported evidence that, even if it were in admissible form, would not be properly considered under the analysis that applies to a coverage action—the eight-corners rule, which focuses on the underlying complaint and the insurance policy. In evidentiary terms, even if it were in admissible form, LBJ's purported evidence would be irrelevant. The Court should grant Atlantic's motion and strike LBJ's purported evidence.

                      Respectfully submitted,

                      SAVRICK, SCHUMANN, JOHNSON, MCGARR,
                      KAMINSKI & SHIRLEY, L.L.P.

                      By: _____

**ATLANTIC'S REPLY TO LBJ'S RESPONSE TO**
**ATLANTIC'S MOTION TO STRIKE**                                          Page 3

          Camille Johnson
          State Bar No. 10686600
          William A. Reece
          State Bar No. 16672990
          6440 N. Central Expwy., Suite 107
          Dallas, Texas 75206
          Phone: (214) 368-1515
          Fax: (214) 292-9647

          **ATTORNEYS FOR ATLANTIC CASUALTY
          INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 17th day of January, 2008, I electronically filed the foregoing reply with the Clerk of Court for the U.S. District Court for the Northern District of Texas using the CM/ECF system, which will send notification of such filing to counsel of record.

                                          _/s/ William A. Reece_
                                          William A. Reece