IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, JR., | § § § § § § § § § § § | CIVIL ACTION NO. 3:07-CV-1297-O |
| Defendants. | § | |

**ATLANTIC CASUALTY'S RESPONSE, AND BRIEF IN SUPPORT, TO THE CLEM DEFENDANTS' SECOND MOTION TO DISMISS**

TO THE HONORABLE REED O'CONNOR, U.S. DISTRICT JUDGE:

Atlantic Casualty responds to the Clem Defendants' second motion to dismiss and respectfully shows the Court as follows:

### I. Introduction

The Clems' second motion to dismiss is functionally a motion to reconsider the recommendation that Magistrate Judge Stickney already made on the Clems' first motion to dismiss, which he recommended be denied. The Clems raise no new grounds in their second motion, and they admit as much.[1] They instead use the filing of Atlantic Casualty's first

---

[1] In their second motion, the Clems state:

**ATLANTIC'S RESPONSE TO THE CLEMS' SECOND MOTION TO DISMISS       Page 1**

amended complaint as an opportunity to put the same issues before the Court, again. The Court has been down this road before, and all of these issues were briefed once before Judge Stickney, who correctly recommended based on an extensive analysis that the Clems' motion to dismiss be denied because the Court *does* have subject matter jurisdiction, because Atlantic *does* state a claim against the Clems on which relief can be granted, and because the Court *should not* dismiss the action as a matter of discretion. The issues were again addressed in the Clems' objections to the magistrate's recommendation, in Atlantic's response and the Clems' reply, which are pending before the Court. The Court should adopt Magistrate Stickney's recommendation, overrule the Clems' objections and deny their renewed motion.

## II. Argument and Authorities

A couple of comments on Atlantic's amended complaint are in order. First, no substantive changes in any allegations were made, which otherwise might appropriately give rise to a new motion to dismiss. The Clems' 12(b)(6) motion is thus duplicative, as is its renewed 12(b)(1) motion, as the jurisdictional allegations likewise have not changed. The amended complaint added new parties based on the same theories of no coverage. The Clems apparently do not disagree with these points, but felt that they needed to, "out of an abundance of caution," reassert their motion.

In any event, the only different point the Clems raise is an attempted new spin on the justiciability of indemnity in a declaratory judgment action under state, rather than federal, law.[2]

---

> This Motion to Dismiss does not raise any grounds that are not already raised in the prior briefing. The Clems are filing this Motion to Dismiss out of an abundance of caution given that Atlantic has filed a First Amended Complaint.

(Clems' Second Mot. Dismiss at 2 n.1.)

[2] In a diversity case, state law supplies the rule of decision for substantive issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). However, justiciability or ripeness under the Federal Declaratory Judgment Act is a procedural matter decided under federal law. *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3rd Cir. 1986) ("It is

**ATLANTIC'S RESPONSE TO THE CLEMS' SECOND MOTION TO DISMISS     Page 2**

The Clems now allege that Atlantic must show that there is no possible set of facts in the Underlying Action under which Atlantic would ever have a duty to indemnify. (Clems' Second Mot. at 11.) This notion comes from dicta in a footnote in *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365 (5th Cir. 2008). (*See* Clems' Second Mot. at 12.) In its entirety, that footnote states the following:

> Although our reversal on the duty to defend issue makes analysis of the duty to indemnify unnecessary, we note that the district court's conclusion on this matter was premature. Even if the Statement of Claim [*i.e.* in arbitration] had not alleged matters within coverage, it did not preclude a situation where evidence at trial implicated BaySys's conduct and its Policy's coverage. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997)) ("Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless '*the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*' ").

*Gore*, 538 F.3d at 368 n.6 (emphasis in original). This is nothing but a restatement of the law as it has been since the 1997 *Griffin* decision and as it was when Judge Stickney considered the justiciability/ripeness issue. Determining that the waste materials, of which they complain in the Underlying Lawsuit, are "waste" or "Solid Waste" under the total pollution exclusion is not necessary to support their claims for common law trespass, negligent trespass, negligence or nuisance, according to the Clems. (Clems' Second Mot. at 13.) They conclude that they therefore might prove facts at trial to support these causes of action and that the issue of indemnity is therefore not ripe.

  The Clems' view falls on several fronts. First, they have the burden wrong by saying that Atlantic must show at the 12(b)(1) stage that there is no possible set of facts in the Underlying Action under which Atlantic would ever have a duty to indemnify. To the contrary, on a

---

settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases. While state law must determine the substantive rights and duties of the parties to the insurance contract, the question of justiciability is a federal issue to be determined only by federal law.")

**ATLANTIC'S RESPONSE TO THE CLEMS' SECOND MOTION TO DISMISS Page 3**

12(b)(1) motion, the Clems must show that the plaintiff cannot prove "any set of facts in support of his claim . . . [that] would entitle him to relief." *Home Builders Assoc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Next, the Clems improperly focus on the causes of action that they have pleaded, rather than on the pleaded facts underlying those claims. In an eight-corners analysis, the court considers the underlying complaint and the insurance policy. The court does not focus on the legal causes of action pleaded, but instead on the factual allegations that give rise to damages:

> In *National Union Fire Insurance Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139 (Tex. 1997), we reiterated that the petition's allegations and the policy's language determine the insurer's duty to defend. *Id.* at 141; *see also Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). A court must focus on the factual allegations rather than the legal theories asserted in reviewing the underlying petition. *National Union*, 939 S.W.2d at 141.

*Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997); *National Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141 (stating, "the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged."). In their most recent complaint, the Clems allege that material deposited on their land was "solid waste (as defined under federal law and Texas law . . .), including without limitation foundry sand and other foundry refuse . . . as well as brush, trees, wood grindings (sometimes referred to as mulch or compost), other woody materials, and construction and demolition debris." (Clem Defs.' Fourth Amend. Compl. at 1.) The Clems' pleaded facts giving rise to their alleged damages indicate that they complain factually of waste. They even use that word to describe all of the material "*solid waste* . . . including without limitation . . . ."

The total pollution exclusion states that "this insurance does not apply to . . . 'property damage' which would not have occurred in whole or part but for the actual, alleged, or

**ATLANTIC'S RESPONSE TO THE CLEMS' SECOND MOTION TO DISMISS      Page 4**

threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." (*See* Findings, Conclusions & Recommendation, Aug. 5, 2008 at 6-7, quoting exclusion.) The policy defines "pollutants" to include "waste." (*Id.*) The plain language of the policy makes no distinction between or among causes of action, and the law does not either for purposes of this analysis.

The only facts pleaded by the Clems indicating their origin of damages fall directly into the total pollution exclusion. That exclusion precludes all coverage of any liability caused by pollutants. *See Constitution State Ins. Co. v. Iso-Tex, Inc.*, 61 F.3d 405, 409 (5th Cir. 1995) ("On the basis of the plain language of the exclusion in question, virtually all courts in other jurisdictions which have considered such an exclusion have found that it precludes *all* coverage of *any* liability arising out of the release of pollutants." (emphasis in original), quoting *Tri County Svc. Co. v. Nationwide Mut. Ins. Co.*, 873 S.W.2d 719, 721 (Tex. App.—San Antonio 1993, writ denied)). The record therefore *does* support that the same reasons negating the duty to defend also negate any possibility that there would be a duty to indemnify, and the Clems' renewed motion should be denied.

A final note on this point: As shown above, federal law, not state law, determines whether there is a ripe controversy for purposes of the Federal Declaratory Judgment Act. Already briefed, and already considered by Judge Stickney, is the extensive federal law on this issue indicating that there is a controversy that is ripe and justiciable between Atlantic and the Clems. (*See, e.g.*, Findings, Conclusions & Recommendation, May 12, 2008 at 5-15.)

### III. Conclusion

For any further response to the Clems' second motion to dismiss, Atlantic respectfully refers the Court to its response to the Clems' first motion to dismiss as well as its response to the

**ATLANTIC'S RESPONSE TO THE CLEMS' SECOND MOTION TO DISMISS    Page 5**

Clems' objections to the magistrate's recommendation,[3] as well as to the magistrate's May 12, 2008 Findings, Conclusions and Recommendation, which recommends the denial of the Clems' first motion. Their renewed motion brings nothing new to the table and should be denied.

WHEREFORE, Atlantic Casualty prays that the Court deny the Clems' second motion to dismiss and prays for such other and further relief to which it may be entitled.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, MCGARR,
KAMINSKI & SHIRLEY, L.L.P.

By: _____
Camille Johnson
State Bar No. 10686600
William A. Reece
State Bar No. 16672990
6440 N. Central Expwy., Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647

**ATTORNEYS FOR ATLANTIC CASUALTY INSURANCE COMPANY**

---

[3] Pursuant to FED. R. CIV. P. 10(c), Atlantic incorporates by reference herein its response (Docket entry 16) to the Clems' first motion and its response (Docket entry 46) to the Clems' objections.

<u>**ATLANTIC'S RESPONSE TO THE CLEMS' SECOND MOTION TO DISMISS**</u>     **Page 6**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of October, 2008, I electronically filed the foregoing response with the Clerk of Court for the U.S. District Court for the Northern District of Texas using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                  William A. Reece