**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, CLARENCE T. "CASEY" CLEM, JR., ET AL.** | § | **Civil Action No. 3:07-CV-I297-0** |
| | § | |
| **Defendants.** | § | |

**HENSLEY'S MOTION TO DISMISS CLAIMS AGAINST IT IN ATLANTIC CASUALTY'S FIRST AMENDED <u>COMPLAINT SEEKING DECLARATORY JUDGMENT, AND BRIEF IN SUPPORT</u>**

John W. Slates
State Bar No.: 00794646
Kelly L. Musser
State Bar No.: 24033179
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR DEFENDANT HENSLEY INDUSTRIES, INC.**

# TABLE OF CONTENTS


I. INTRODUCTION .....1

II. FACTUAL BACKGROUND .....2

III. ARGUMENTS AND AUTHORITIES .....3

A. THE DECLARATORY JUDGMENT ACTION AGAINST HENSLEY SHOULD BE DISMISSED UNDER RULE 12(b)(1) BECAUSE NO ACTUAL PRESENT CONTROVERSY EXISTS. .....3

1. Standard Under Fed. R. Civ. P. 12(b)(1). .....4

2. Atlantic Has Failed to Meet Its Burden to Establish That Subject Matter Jurisdiction Exists Over Defendant Hensley. .....4

B. THE CLAIMS AGAINST HENSLEY SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE ATLANTIC HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .....6

1. Standard Under Fed. R. Civ. P. 12(b)(6). .....6

2. Because Hensley is Not a Proper Party, Atlantic Has Failed to Provide Allegations That Raise a Right to Relief Above the Speculative Level. .....7

C. FINALLY, THE DECLARATORY JUDGMENT ACTION AGAINST HENSLEY SHOULD BE DISMISSED UNDER THE COURT'S DISCRETIONARY POWER TO DECLINE JURISDICTION OVER A PARTICULAR DECLARATORY JUDGMENT ACTION. .....8

1. Standard to Decline Jurisdiction Over Declaratory Judgment Claim Based on Discretion. .....9

2. Several Factors Support the Court's Exercise of Its Discretionary Power to Decline Jurisdiction. .....9

IV. CONCLUSION AND PRAYER FOR RELIEF .....12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937)....................4, 5

*Armstrong v. Harris*,
Civ. A. No. 3:01-CV-1722L, 2002 WL 31245377 (N.D. Tex. 2002)....................7

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007)....................7, 8

*Bonham State Bank v. Beadle*, 907 S.W.2d 465 (Tex.1995)....................5

*Campbell v. City of San Antonio*,
43 F.3d 973 (5th Cir. 1995)....................7

*Collier v. Allstate County Mut. Ins. Co.*, 64 S.W.3d 54 (Tex.App.-Fort Worth 2001, no pet.)....................6

*Den Norske Stats Oljeselskap As v. HeereMac Vof*,
241 F.3d 420 (5th Cir.), *cert. denied*, 122 S. Ct. 1059 (2002)....................4, 5

*Feria v. CU Lloyd's of Texas*,
No. 05-00-01245-CV, 2001 WL 1263666 (Tex. App.—Dallas 2001, no pet.)....................3, 10

*Home Builders Assoc., Inc. v. City of Madison*,
143 F.3d 1006 (5th Cir. 1998)....................4

*Hunt v. State Farm Mut. Auto. Ins. Co.*,
655 F. Supp. 284 (D. Nev. 1987)....................5

*Kokkonen v. Guardian Life Ins. Co.*,
511 U.S. 375 (1991)....................4

*MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.*,
558 F. Supp. 596 (S.D. Ala. 1983)....................5

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)....................5

*Mercantile Nat'l Bank v. Bradford Trust Co.*,
850 F.2d 215 (5th Cir. 1988)....................11

*Mission Ins. Co. v. Puritan Fashions Corp.*,
706 F.2d 599 (5th Cir. 1983)....................9

*Orix Credit Alliance, Inc. v. Wolfe*,
212 F.3d 891 (5th Cir. 2000) ....................................................................................8

*Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*,
751 F.2d 801 (5th Cir. 1985) ....................................................................................9

*Rowan Cos., Inc. v. Griffin*,
876 F.2d 26 (5th Cir. 1989) ......................................................................................9

*Standard Fire Ins. Co. v. Sassin*,
894 F. Supp. 1023 (N.D. Tex. 1995) ..................................................3, 4, 5, 9, 10, 11, 12

*Stockman v. Federal Election Comm'n*,
138 F.3d 144 (5th Cir. 1998) ....................................................................................4

*Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*,
996 F.2d 774 (5th Cir. 1993) ................................................................................9, 10

*United Transp. Union v. Foster*,
205 F.3d 851 (5th Cir. 2000) ....................................................................................8

*Veldhoen v. United States Coast Guard*,
35 F.3d 222 (5th Cir. 1994) ......................................................................................4

*Vermont Mut. Ins. Co. v. Everette*,
875 F. Supp. 1181 (E.D. Va. 1995) ...........................................................................5

*Ynclan v. Dep't of Air Force*,
943 F.2d 1388 (5th Cir. 1991) ..................................................................................4

**STATUTES**

Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 ...............................................3

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and this Court's discretionary powers to dismiss declaratory judgment claims, Defendant Hensley Industries, Inc. ("Hensley") files Hensley's Motion to Dismiss Claims Against it in Atlantic Casualty's First Amended Complaint Seeking Declaratory Judgment, and would respectfully show the Court as follows:

## I.
## INTRODUCTION

Plaintiff Atlantic Casualty Insurance Company ("Atlantic") files this suit to resolve a coverage dispute with its insureds, Robert Ramirez and LBJ Trucking Co., Inc. (together, the "LBJ Defendants"). Atlantic also names as defendants Hensley Industries, Inc., Clem's Ye Olde Homestead Farms, LTD., Bettye Crider Clem, Clarence Truman Clem, Kelly Clem, and Clarence T. "Casey" Clem, Jr., Paradigm Engineering, LLC, Gracombs, LLC, Leigh Anne Prins, Bill Briscoe, and Janet Briscoe (collectively, the "Potential Judgment-Creditor Defendants"), attempting to obtain a preemptive ruling against non-parties to the insurance contract who are not judgment-creditors of the LBJ Defendants and who are not presently seeking indemnity from Atlantic. Atlantic concedes that it sues the Potential Judgment-Creditor Defendants only so that they "will be bound by any decision rendered in this declaratory judgment action with respect to coverage under the Atlantic Casualty policies." (Amended Compl. ¶ 37.)

The Court should *grant* Hensley's Motion to Dismiss because no ripe, justiciable controversy exists between Hensley and Atlantic. Therefore, subject matter jurisdiction is lacking. Pursuant to FED. R. CIV. P. 12(b)(1), Atlantic's claims against Hensley should be dismissed.

Hensley is also not a proper party to this coverage lawsuit for the same reasons. Consequently, pursuant to FED. R. Civ. P. 12(b)(6), Atlantic's claims against Hensley should be dismissed.

Moreover, the Court should exercise its discretion to decline jurisdiction over Hensley because of the inequity of permitting such an action to proceed when Hensley cannot institute a declaratory judgment to bind Atlantic regarding coverage under the Policies. Hensley otherwise would be forced to expend costs and attorney's fees to respond to a dispute in which it has no legally cognizable interest, and in which it may never have an interest.

## II.
## FACTUAL BACKGROUND

Atlantic filed this lawsuit asking the Court to interpret certain commercial general liability insurance policies between Atlantic and the LBJ Defendants (the "Policies"). Atlantic has provided only one reason for naming Hensley in this lawsuit: Hensley is a potential judgment-creditor in ongoing litigation in the Eastern District of Texas against the LBJ Defendants, as well as other defendants (the "Underlying Lawsuit"). (Amended Compl. ¶ 37.) That case, filed on June 12, 2007, is styled and numbered *Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem, Clarence Truman Clem, Kelly Clem and Clarence T. "Casey" Clem, Jr. v. Bill Briscoe, individually and d/b/a Briscoe Land Reclamation Project, and d/b/a Bill Briscoe Enterprises, Inc., Hensley Industries, Inc., Robert Ramirez, individually and d/b/a LBJ Trucking Co., Inc., and LBJ Trucking Co., Inc.,* Cause No. 4:07-CV-00285, in the United States District Court for the Eastern District of Texas, Sherman Division. The live pleading in the Underlying Lawsuit is the Fourth Amended Complaint. Discovery is ongoing in the Underlying Lawsuit.

Atlantic seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, that it has no duty to defend or indemnify the LBJ Defendants or any other insured or Defendant for the claims in the Underlying Lawsuit. *(Id.* 39.) Hensley is a stranger to the Policies between Atlantic and the LBJ Defendants. Additionally, because the Underlying Lawsuit is ongoing, Hensley is only a ***potential*** judgment creditor of the LBJ Defendants. Hensley seeks no indemnity from Atlantic at this time. Indeed, Hensley has no legally cognizable interest in the Policies between Atlantic and the LBJ Defendants. *See Standard Fire Ins. Co. v. Sassin,* 894 F. Supp. 1023, 1027 (N.D. Tex. 1995); *see also Feria v. CU Lloyd's of Texas,* No. 05-00-01245-CV, 2001 WL 1263666, at *1 (Tex. App.—Dallas 2001, no pet.) (not designated for publication).

Atlantic admits it named Hensley as a party in the instant litigation so that Hensley "will be bound by any decision rendered in this declaratory judgment action with respect to coverage." (Amended Compl. ¶ 37.) Atlantic does not, however, allege any present controversy against Hensley sufficient to confer jurisdiction on this Court.

## III.
## ARGUMENTS AND AUTHORITIES

### A. THE DECLARATORY JUDGMENT ACTION AGAINST HENSLEY SHOULD BE DISMISSED UNDER RULE 12(b)(1) BECAUSE NO ACTUAL PRESENT CONTROVERSY EXISTS.

No actual present controversy exists between Hensley and Atlantic, nor is Hensley a proper party to this action. Hensley's interest in the Policies is too remote. Moreover, no facts have been determined in the Underlying Lawsuit. In fact, discovery is ongoing.

Because the controversy between Atlantic and Hensley is too remote, the Court lacks subject matter jurisdiction. Thus, Plaintiff Atlantic's claims against Hensley should be dismissed under Rule 12(b)(1).

**1. Standard Under Fed. R. Civ. P. 12(b)(1).**

A claim must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *See Home Builders Assoc., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). As courts of limited jurisdiction, federal courts lack the power to adjudicate claims absent jurisdiction conferred by statute. *See, e.g., Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)). The United States Constitution limits the exercise of the judicial power to cases and controversies. U.S. CONST. art. III, § 2; *see also Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41 (1937). Therefore, a federal court cannot have subject matter jurisdiction unless there is an actual controversy between the parties to the litigation. *Haworth,* 300 U.S. at 239-41 (the `case or controversy' requirement is jurisdictional); *Sassin,* 894 F. Supp. at 1026.

Here the burden of establishing subject matter jurisdiction rests on Atlantic, as the party invoking jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1991). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.), *cert. denied,* 122 S. Ct. 1059 (2002); *see also Ynclan v. Dep't of Air Force,* 943 F.2d 1388, 1390 (5th Cir. 1991). In making such a decision, all uncontroverted allegations in the complaint must be accepted as true. *Den Norske Stats Oljeselskap As,* 241 F.3d at 424.

**2. Atlantic Has Failed to Meet Its Burden to Establish That Subject Matter Jurisdiction Exists against Defendant Hensley.**

Atlantic has failed to meet its burden to show that an actual, present controversy exists between itself and Hensley. Under federal law, an actual controversy exists if there is: (1) a substantial controversy; (2) between parties having adverse legal interests; (3) ***of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.*** *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41 (1937) (emphasis added); *Sassin,* 894 F. Supp. at 1026. Plaintiff is not able to meet the third element.

In determining whether an insurer's declaratory judgment action against a plaintiff presents a "case or controversy" sufficient to confer jurisdiction, the United States Supreme Court has indicated that courts should examine whether applicable state law affords the plaintiff rights against the insurance company. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273-74 (1941). District courts have applied *Maryland Casualty* in declaratory judgment cases involving insurers and plaintiffs such that "state law, by defining the substantive rights of the parties, plays a large role in determining whether a case or controversy exists." *Sassin,* 894 F. Supp. at 1026; *see also Vermont Mut. Ins. Co. v. Everette,* 875 F. Supp. 1181, 1185-86 (E.D. Va. 1995); *Hunt v. State Farm Mut. Auto. Ins. Co.,* 655 F. Supp. 284, 286-287 (D. Nev. 1987); and *MacMillan-Bloedel, Inc. v. Firemen's Fund Ins. Co.,* 558 F. Supp. 596, 598 (S.D. Ala. 1983).

While the first two elements of an actual and present controversy are satisfied, the controversy is not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A controversy is justiciable only if there exists a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). If Hensley is found liable in the Underlying Lawsuit *and* prevails on its claims for contribution and common law indemnity against the LBJ Defendants, there may be a dispute between Atlantic and Hensley.

Such a dispute, however, is too speculative to satisfy the actual controversy requirement. The duty to indemnify only arises after an insured has been adjudicated to be legally responsible for damages in a lawsuit. *Collier v. Allstate County Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex.App.-Fort Worth 2001, no pet.). Atlantic's duty to indemnify the LBJ Defendants against Hensley's claims will not arise unless Hensley prevails on its claims for contribution and common law indemnity against the LBJ Defendants. Moreover, the claims of contribution and indemnity do not arise unless Hensley is found liable to the Clems in the Underlying Lawsuit. Accordingly, the controversy between Atlantic and Hensley is too remote because two separate and distinct findings of liability must be made in the Underlying Lawsuit: (1) Hensley must be found liable to the Clems; and (2) the LBJ Defendants must be found liable to Hensley. Thus, the controversy between Hensley and Atlantic is too intangible and theoretical.

There is no controversy of sufficient immediacy to establish that the Court has subject matter jurisdiction over Atlantic's claims against Hensley. Pursuant to Rule 12(b)(1), Atlantic's claims against Hensley should be dismissed.

## B. THE CLAIMS AGAINST HENSLEY SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE ATLANTIC HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

For the same reasons that dismissal under Rule 12(b)(1) is appropriate, Hensley is not a proper party to the coverage dispute between Atlantic and the LBJ Defendants. Therefore, Atlantic's claims against Hensley should also be dismissed under Rule 12(b)(6) because Atlantic has failed to state a claim upon which relief can be granted.

### 1. Standard Under Fed. R. Civ. P. 12(b)(6).

A motion under Rule 12(b)(6) should be granted if a plaintiff has failed to provide the "grounds" of his "entitle[ment] to relief" through allegations that raise a right to relief above the

speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007). In other words, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must meet the threshold requirement of possessing enough heft to "sho[w] that the pleader is entitled to relief." *Id.* In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

**2. Because Hensley is Not a Proper Party, Atlantic Has Failed to Provide Allegations That Raise a Right to Relief Above the Speculative Level.**

For the same reasons that the Court lacks subject matter jurisdiction, Hensley is not a proper party to this litigation. *See, e.g., Armstrong v. Harris,* Civ. A. No. 3:01-CV-1722L, 2002 WL 31245377, *3 n.2 (N.D. Tex. 2002) (not designated for publication). Where a party is not a proper party to a lawsuit, dismissal under Rule 12(b)(6) is appropriate because there is no set of facts that can be alleged upon which relief can be granted. *Id.*

Atlantic's allegations in support of the request for declaratory judgment against Hensley do not possess enough heft to show any actual controversy. This threshold requirement is necessary for Hensley to be a proper party to the litigation and for Atlantic to show entitlement to relief. *See, e.g., Twombly,* 127 S. Ct. at 1964-65. Even taking all of the allegations in the First Amended Complaint as true, Atlantic cannot overcome the fact that Hensley is simply a ***potential*** judgment creditor, having no legal rights under the Policies prior to any actual judgment or agreed liability against the LBJ Defendants. *See, e.g., Gracida,* 946 S.W.2d at 507. Indeed, the facts in the Underlying Lawsuit have not been finally determined. Hensley is not presently looking to Atlantic for any indemnity because there is no judgment against Atlantic's insureds that could be indemnified.

Any legal rights that Hensley has under the Policies are solely derivative of Hensley's success on its cross-claims in the Underlying Lawsuit. As the Fifth Circuit has explained, speculative, hypothetical controversies are not ripe for a declaratory judgment. *See, e.g., Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000) (deeming as unripe a declaratory judgment action that sought to bar the filing of a broad class of "unasserted, unthreatened, and unknown claims"); *United Transp. Union v. Foster,* 205 F.3d 851, 857-58 (5th Cir. 2000) (determining that a pre- enforcement declaratory challenge to a state railroad law rested upon "a mountain of conjecture and speculation," because the necessary events giving rise to the operation of the challenged statute had not yet occurred). Atlantic's "controversy" with *Hensley* (as opposed to the LBJ Defendants) will only exist at such time that the facts in the Underlying Lawsuit are finally determined and Hensley obtains a judgment in the Underlying Lawsuit that implicates coverage under the Policies.

Even assuming that all the First Amended Complaint's allegations are true, they do not rise above a speculative level such that they present a right to relief *against Hensley,* as required by *Twombly. See* 127 S. Ct. at 1964-65. Accordingly, Atlantic has failed to state a claim against Hensley upon which relief can be granted, and dismissal should be granted pursuant to Rule 12(b)(6).

### C. FINALLY, THE DECLARATORY JUDGMENT ACTION AGAINST HENSLEY SHOULD BE DISMISSED UNDER THE COURT'S DISCRETIONARY POWER TO DECLINE JURISDICTION OVER A PARTICULAR DECLARATORY JUDGMENT ACTION.

Independently, the Court should exercise its discretion to decline jurisdiction over Atlantic's claims against Hensley because of the uncertainty regarding whether there will ever be any dispute between Hensley and Atlantic, Atlantic's attempt to gain advantage through a pre-emptive strike, forcing Hensley to incur costs and fees, and the inequity in allowing Atlantic to

seek declaratory judgment at a time when Hensley may have no such reciprocal right. *See Sassin,* 894 F. Supp. at 1028.

**1. Standard to Decline Jurisdiction Over Declaratory Judgment Claim Based on Discretion.**

"'[I]t is a matter for the district court's sound discretion whether to decide a declaratory judgment action."' *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801, 804 (5th Cir. 1985) (quoting *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983)). Although a district court may not dismiss requests for declaratory relief "on the basis of whim or personal disinclination," certain factors may warrant dismissal. *See Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (quoting *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28-29 (5th Cir. 1989)). In considering whether to dismiss a declaratory judgment action, a district court considers:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses; and

(6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers,* 996 F.2d at 778 (citations omitted). Other factors may also be considered by a district court in deciding not to exercise jurisdiction over a declaratory judgment claim. *See, e.g., Sassin,* 894 F. Supp. at 1028 (explaining that the list of factors that may be considered is not exhaustive).

**2. Several Factors Support the Court's Exercise of Its Discretionary Power to Decline Jurisdiction.**

Independent of the grounds for dismissal under Rules 12(b)(1) and (6), the Court should exercise its discretion to decline Atlantic's declaratory judgment claims against Hensley. It would be inequitable to allow Atlantic's declaratory judgment action to proceed when Hensley has no right to sue Atlantic for declaratory relief, no right to bind Atlantic regarding coverage under the Policies, and no present rights as a judgment creditor.

One factor to consider is whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant. *Sassin,* 894 F. Supp. at 1028. Here, Atlantic filed suit in anticipation of a possible judgment in the Underlying Lawsuit. By seeking an advisory ruling against Hensley about its duty to indemnify, Atlantic seeks to cut off a future suit by Hensley before the facts in the Underlying Lawsuit have ever been decided.

Another factor to consider is whether the plaintiff engaged in forum shopping in bringing the suit. *Id.* Hensley filed its cross-claims against the LBJ Defendants when Hensley was named as a defendant in the Underlying Lawsuit. The Underlying Lawsuit was filed in the United States District Court for the Eastern District of Texas, Sherman Division. Under the Texas Rules of Civil Procedure, Hensley had no right to assert third party claims against Atlantic in the Underlying Lawsuit or to file its own declaratory judgment action against Atlantic in the Eastern District. *See Feria,* 2001 WL 1263666 at *1-2. Among other reasons, this is because there is at least one set of possible facts that could be determined in the Underlying Lawsuit for which Atlantic's coverage could be implicated. Despite the pending Underlying Lawsuit, Atlantic chose to file this pre-emptive declaratory judgment action in the Northern District of Texas.

The Court also should consider whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forums. *Sassin,* 894 F. Supp. at 1028. Atlantic has gained precedence in time by exploiting an inequality in rights: during the time

between the filing of a plaintiff's lawsuit and a favorable judgment or settlement, the plaintiff has no ability to seek relief against the insurer under the Texas Rules. By acting during the time that Hensley is powerless to take any affirmative action, Atlantic gains control of the litigation, determining when the declaratory action is filed, where it is filed, what scope of declaration is sought, and other matters particularly in the purview of a plaintiff.

Permitting such a declaratory judgment action to proceed allows insurers, as a matter of course, to force plaintiffs to spend costs and attorney's fees to defend against an action on an insurance contract to which the other parties in interest are strangers. Moreover, should the finally determined facts in the Underlying Lawsuit fail to implicate coverage, ***no dispute would ever arise.*** Even if a plaintiff is successful in the declaratory judgment action, it is unclear whether the Federal Declaratory Judgment Act permits recovery of the plaintiff's costs and fees where, as here, Hensley is not a party to the policy and has no present right to enforce the policy as a third-party beneficiary. *See Mercantile Nat'l Bank v. Bradford Trust Co.,* 850 F.2d 215, 216 (5th Cir. 1988) (stating that "attorney's fees are recoverable . . . only where they are recoverable under non-declaratory judgment circumstances."). By forcing Hensley to litigate in two lawsuits — and in this case, in two forums — the insurer can increase settlement pressure in both the Underlying Lawsuit and the coverage action by making Hensley expend costs and fees that it may never recover, even if successful.

The inequities multiply in situations where, as here, there are multiple plaintiffs and defendants in the Underlying Lawsuit, and the allegations in the Underlying Lawsuit complain of acts that took place over a period of years. As a result, multiple insurance policies might be implicated. Hensley faces the untenable position of being sued by each potential insurer of each

party in the Underlying Lawsuit, despite the absence of any actual ripe dispute with any of the insurers. Such a situation would be inequitable and counterproductive to the interests of justice.

Finally, the Court should consider whether the declaratory judgment action serves the purposes of judicial economy. Requiring Hensley to participate in this lawsuit does not serve the purposes of judicial economy. Deciding the claim against Hensley — *i.e.,* whether Atlantic will, at some point in the future, owe Hensley any obligations through indemnification — erodes the principle that district courts should not adjudicate theoretical questions that may never actually present themselves. *See Sassin,* 894 F. Supp. at 1028. The facts in the Underlying Lawsuit are still being adjudicated. Even if the Court still will face the dispute between Atlantic and the LBJ Defendants, it does not serve judicial economy for the Court clerks to process an additional set of filings from Hensley, for the Court to face an additional set of briefing, or for the progress of the lawsuit to be burdened with necessary motions particular to Hensley (such as this motion).

The factors to be considered in deciding whether to dismiss a declaratory judgment action favor dismissal. Regardless of whether the Court agrees that dismissal is appropriate under Rule 12(b)(1) or 12(b)(6), the Court should decline to exercise its declaratory judgment jurisdiction over the claim against Hensley. *Id.*

## IV.
## CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, Hensley's motion to dismiss should be granted and Atlantic's claims against Hensley should be dismissed in their entirety.

Respectfully submitted,

/s/ John W. Slates

John W. Slates
State Bar No.: 00794646
Kelly L. Musser
State Bar No.: 24033179
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR DEFENDANT HENSLEY INDUSTRIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the court's electronic filing system, on this 17th day of November 2008, which serves counsel of record electronically.

/s/ John W. Slates
John W. Slates