IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., INC., CLEM'S YE OLDE HOMESTEAD FARMS, LTD., BETTYE CRIDER CLEM, CLARENCE TRUMAN CLEM, KELLY CLEM, and CLARENCE T. "CASEY" CLEM, Jr., | § § § § § § § § § | 3:07-CV1297-K |
| Defendants. | § § | |

## DEFENDANT HENSLEY INDUSTRIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Atlantic Casualty Insurance Company's Response and Brief in Support Thereof (the "Response") does not refute any of Hensley Industries, Inc.'s arguments that jurisdiction does not exist over the Hensley Industries, Inc. ("Hensley"). Likewise, the Response fails to defeat Hensley's arguments in support of its request that the Court decline to exercise jurisdiction over it in this case.

## I.
## INTRODUCTION

In order to implicate coverage under certain commercial general liability insurance policies between Atlantic and the LBJ Defendants (the "Policies") and arouse the prospect of litigation between Atlantic Casualty Insurance Company ("Atlantic") and Hensley, multiple theories of liability in ongoing litigation in the Eastern District of Texas (the "Underlying Lawsuit") must succeed. First, the court must find Hensley liable to the Clems. Second, the

court must find Robert Ramirez and LBJ Trucking Co., Inc. (together, the "LBJ Defendants") liable to Hensley. Completion of this two-step process may lead to litigation between Atlantic and Hensley, but that controversy is too remote to be judisticiable. Thus, Hensley's motion to dismiss should be granted.

Moreover, the balance of factors weighs strongly in favor of the Court declining to exercise its jurisdiction over Hensley. Although Atlantic addresses some of Hensley's arguments in support of the Court declining to exercise jurisdiction, Atlantic completely ignores two of the most significant factors: the number of other potential declaratory judgment actions that might be brought against Hensley arising out of the allegations in the Underlying Lawsuit, and the potentially substantial cost of this litigation to Hensley, whom Atlantic admittedly named as a defendant only to bind it to any judgment.

For the reasons stated herein, and in Hensley's Motion to Dismiss, this Court should dismiss Hensley from this litigation under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), and/or the Court should decline jurisdiction over Hensley in this action.

## II.
## ARGUMENT AND AUTHORITIES

A.   **This Court Should Dismiss Atlantic's Claims Against Hensley Because the Controversy Between Atlantic and Hensley is too Remote and not Justiciable Under the Federal Declaratory Judgment Act.**

Despite the tenor of Atlantic's Response, Hensley has presented substantial authority that no present justiciable controversy exists in this case.

   1.   **Hensley has shown that no justiciable controversy exists.**

As stated in Hensley's motion to dismiss, there is no justiciable controversy between Hensley and Atlantic. There is no justiciable controversy between Atlantic and Hensley because there is no present controversy, i.e. the controversy between Atlantic and Hensley is too

remote. Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.2d 891 896 (5th Cir. 2000). In this case, there is merely a threat of litigation and no present controversy exits. The threat of litigation, however, can establish a controversy upon which a declaratory judgment can be based, but the threat must be specific and concrete. *Id* at 897.

However, in determining whether a threat of future litigation is sufficient to rise to the level of a justiciable controversy, a district court must take into account the likelihood that the threat will come to fruition. *Id.* The threat of future litigation between Atlantic and Hensley is an empty one. As Hensley argued in its motion to dismiss, for a dispute to arise between Hensley and Atlantic separate and distinct findings of liability must be made in the Underlying Lawsuit.

First, Hensley must be found liable to the Plaintiffs. A magistrate in the Underlying Lawsuit recently recommended that the court grant Hensley's motion for partial summary judgment against the Plaintiffs. If the court follows the magistrate's order, the Plaintiffs' only remaining claims against Hensley will be for violations of the Resource Conservation Recovery Act ("RCRA"). The potential litigation between Hensley and Atlantic is predicated on the Plaintiffs obtaining a judgment for monetary relief against Hensley. Considering the recommendation of the magistrate in the Underlying Lawsuit, the likelihood of Hensley being found liable to the Plaintiffs for monetary damages is extremely remote.

Second, in addition to the Clems obtaining monetary damages against Hensley, Hensely must prevail on its claims against the LBJ Defendants. If the court follows the magistrate's order, the Plaintiffs will no longer have tort claims against Hensley. Thus, Hensley's claims for

contribution, indemnity, and negligence against the LBJ Defendants are in serious jeopardy. Therefore, the two events that must occur before there is even a *chance* of litigation between Atlantic and Hensley are both unlikely. Atlantic is seeking to establish a specific and concrete threat of litigation where the threat of litigation is, in fact, too remote to be justiciable.

### 2. Atlantic's Cases Are Distinguishable.

Additionally, neither of the cases upon which Atlantic relies are germane to the standing dispute with Hensley. Both *National American Insurance Co. v. Breaux*, 368 F. Supp. 2d 604 (E.D. Tex. 2005) and *Century Surety Co. v. Hardscape Construction Specialties, Inc.*, No. 4:05-CV-285-Y, 2006 WL 1948063 (N.D. Tex. 2006) are cases where the defendant in the declaratory judgment action is the original plaintiff in the underlying litigation. Because Hensley is not an original plaintiff, two findings of liability are necessary to expose Atlantic to potential liability to Hensley, whereas in *Breaux* and *Century Surety* only one finding of liability was necessary. This extra step makes the present threat of litigation more remote than in either of the cited cases

### B. This Court Should Exercise Its Discretion to Decline to Hear Atlantic's Declaratory Judgment Action Against Hensley.

Atlantic contends that Hensley's request that the Court decline jurisdiction over it as a matter of discretion is an argument based mainly on the contingency of judgment in the Underlying Lawsuit. While this may be considered one factor, it is only one — and Atlantic has failed to address Hensley's most significant arguments in support of their request that the Court decline to exercise its jurisdiction.

First, if Atlantic's asserted claims against Hensley are allowed to proceed, Hensley would be subject to being named as potential judgment creditors in a number of additional "coverage" lawsuits. The Underlying Lawsuit involves multiple defendants. Moreover,

the alleged conduct in the Underlying Lawsuit occurred over a span of years, only two of which are implicated by the Atlantic policies at issue in the instant suit.

Judicial economy would not be served by permitting this action to proceed against Hensley, only to have several other later coverage actions name Hensley as a potential judgment creditor. Judicial economy would be better served by dismissing Hensley from this litigation so that, should Hensley succeed in the Underlying Lawsuit, any later coverage determination could proceed against the appropriate insurers.

Second, it is inequitable to impose the potentially substantial court costs and attorney's fees of this coverage action on Hensley solely because it is a potential judgment creditor. Hensley's only "wrongdoing" justifying the imposition of these costs seems to be being named as a defendant in the Underlying Lawsuit. Requiring potential judgment creditors to incur expenses in a second lawsuit regarding a contingent insurance dispute is hardly convenient for Hensley.

Hensley, therefore, request this Court to exercise its discretion to decline jurisdiction of the case over them.

## III.
## CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, Hensley's motion to dismiss should be granted and Atlantic's claims against Hensley should be dismissed in their entirety.

Respectfully submitted,

/s/ John W. Slates
John W. Slates
State Bar No.: 00794646
Kelly L. Musser
State Bar No.: 24033179
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR DEFENDANT
HENSLEY INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the court's electronic filing system, on this 22th day of December 2008, which serves counsel of record electronically.

/s/ John W. Slates
John W. Slates