

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY <br> INSURANCE COMPANY, <br>     Plaintiff, <br><br> v. <br><br> ROBERT RAMIREZ, individually <br> and d/b/a LBJ TRUCKING CO., <br> INC., CLEM'S YE OLDE <br> HOMESTEAD FARMS, LTD., <br> BETTYE CRIDER CLEM, <br> CLARENCE TRUMAN CLEM, <br> KELLY CLEM, and CLARENCE <br> T. "CASEY" CLEM, Jr., <br>     Defendants. | § § § § § § § § § § § § § § § § § | No. 3:07-CV-1297-F |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION

BEFORE THE COURT are Magistrate Judge Paul Stickney's Findings, Conclusions, and Recommendation (Docket No. 39), filed May 12, 2008; Clem Defendants' Motion to Dismiss Plaintiff Atlantic Casualty Insurance Company's Claims Against Them, and Brief in Support (Docket No. 15), filed September 24, 2007; Atlantic Casualty's Response, and Brief in Support Thereof, to the Clem Defendants' Motion to Dismiss (Docket No. 16), filed October 14, 2007; and Clem Defendants' Response and Brief in Support of Their Motion to Dismiss Plaintiff's Claim Against Them (Docket No. 20), filed October 29, 2007. Upon

consideration of the parties' briefings, the facts, and the applicable law, the Court is of the opinion that the Magistrate Judge's Findings, Conclusions, and Recommendation (Docket No. 39) should be ADOPTED and the Clem Defendants' Motion to Dismiss (Docket No. 15) should be DENIED.

## Factual and Procedural Background

Plaintiff Atlantic Casualty Insurance Company ("Atlantic") has brought an action against Defendants Robert Ramirez ("Ramirez"), individually and doing business as LBJ Trucking Co., Inc. ("LBJ Trucking") (collectively, the "LBJ Defendants"), and Defendants Clem's Ye Olde Homestead Farms, Ltd., Bettye Crider Clem, Clarence Truman Clem, Kelly Clem, and Clarence T. "Casey" Clem, Jr. (collectively, the "Clem Defendants"). Atlantic seeks a declaratory judgment regarding defense and indemnity coverage under certain commercial general liability policies between Atlantic and the LBJ Defendants (the "Policies"). Atlantic insured LBJ Trucking Co., Inc., of which Ramirez is either an officer or director, under commercial general liability policies. *Resp.* at ¶ 1. The Clem Defendants contracted with Briscoe Land Reclamation to supply "clean fill material" to their property on Parker Road in Carrollton, Texas. *Id.* The LBJ Defendants are alleged to have transported the fill material, which the Clem Defendents allege was not clean fill material but rather foundry sand that they claim is environmentally unsuitable for their land. *Id.* Thereafter, the Clem Defendants filed suit ("Underlying Lawsuit") against the LBJ Defendants, amongst others, under federal pollution laws and state-law theories. *Id.*

This declaratory judgment action arises out of a demand by the LBJ Defendants for defense and indemnity coverage under the Policies in the Underlying Lawsuit. *Id.* at ¶ 2. Atlantic maintains that the Policies do not cover the alleged wrongful conduct of the LBJ Defendants as result of a pollution exclusion provision, a classification endorsement, and a claims-in-process exclusion contained within the Policies. *Id.* at ¶ 1. Atlantic also further maintains that the Policies do not cover Ramirez acting individually prior to the formation of LBJ Trucking Co., Inc. *Id.*

Although Atlantic has been paying for the defense of the LBJ Defendants in the Underlying Lawsuit, it has done so under a reservation of rights to contest coverage for the aforementioned reasons. *Id.* at ¶ 2. Accordingly, Atlantic seeks a declaration from this Court that the company has no duty to defend or indemnify the LBJ Defendants in the Underlying Lawsuit because of the policy exclusions, and has joined the Clem Defendants in this action given their status as potential judgment creditors against the LBJ Defendants. With the Clem Defendants joined as parties to this action, both defendant parties would be bound by this Court's resulting decision in this action. *See Id.* at ¶ 3.

The Clem Defendants have filed a motion to dismiss Atlantic's claims against them in this action pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, 12(b)(6), failure to state a claim, and/or the Court's discretionary power to decline jurisdiction over a declaratory judgment action. *Mot.* at ¶ 1. The Clem Defendants assert that no actual controversy currently exists between Atlantic and the Clem Defendants,

and that an actual controversy, "will only exist at such time that the Clem Defendants obtain a favorable judgment in the Underlying Lawsuit." *Id.* at ¶ 28. As such, the Clem Defendants assert that they are not proper parties to this litigation and consequently Atlantic's claims against them should be dismissed. *Id.* at ¶ 4.

## Standard of Review

The Clem Defendants contend that Atlantic's claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), lack of subject-matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. *Id.* at ¶ 1. When a motion to dismiss is predicated on both Rule 12(b)(1) and (6), the Court should first resolve the jurisdictional attack before addressing an attack on the merits of the claim. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When addressing a lack of subject matter defense, the Court can base its decision upon "(1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dept of Navy* 392 F.3d 147, 149 (5th Cir. 2004) (citing *Robinson v. TCI/US West Commc'ns, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)). In weighing the evidence and resolving factual disputes, there is no presumption of the truthfulness of Atlantic's allegations in the complaint when determining whether or not the Court has jurisdiction in this case. *Id.*

Insofar as the Clem Defendants seek dismissal under Rules 12(b)(1) and (6), they rely primarily on the assertion that Atlantic's complaint does not present an actual case or

controversy as required by the Constitution, and is therefore not within the scope of the Federal Declaratory Judgment Act. *See Mot.* at ¶ 12. Since the determination of whether a case or controversy exists is jurisdictional, the Court will first determine whether the Clem Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted. *See Aetna Life Ins. Co. V. Haworth*, 300 U.S. 227, 239-41 (1937).

## Analysis

Federal courts are courts of limited jurisdiction, and are limited under Art. III § 2 of the Constitution to hearing only "cases" and "controversies". *Shields v. Norton*, 289 F.3d 832, 834. The United States Supreme Court has distinguished between cases and controversies and has determined that in a declaratory judgment action, a controversy exists, "where the facts alleged...show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. V. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). (citing *Aetna* at 240-1). Moreover, for a Federal Court to exercise jurisdiction over a controversy, it must also be ripe, meaning that the controversy must be mature and not merely speculative. *Shields* at 835. The implication is that ripeness becomes a constitutional prerequisite to exercising jurisdiction. *Id.*

In the instant case, the Clem Defendants argue that the Court lacks jurisdiction because no controversy exists between them and Atlantic. Yet, the Supreme Court has determined that a declaratory judgment action brought by an insurance company against its

insured *and* an injured party - a potential judgment creditor like the Clem Defendants - seeking liability determination against the insured in a state court action does constitute an actual controversy within the meaning of the Declaratory Judgment Act. *Maryland Casualty* at 272.

As in our present case, Maryland Casualty Co. ("Maryland Casualty") had agreed to indemnify the Pacific Coal and Oil Co. ("Pacific Coal") for third party injuries covered under the policy, and to defend Pacific Coal in any lawsuit brought by the third party as a result of alleged injuries. *Id.* at 271  In that case, an employee of Pacific Coal, the insured, was involved in an automobile collision with a third party, Joe Orteca ("Orteca"). *Id.* Orteca filed suit in state court against the insured to recover damages for injuries sustained in the collision. *Id.* Prior to the parties obtaining judgment in the underlying state court action, Maryland Casualty sought a determination of no duty to indemnify or defend Pacific Coal in the underlying lawsuit, and also sought a temporary injunction restraining the underlying lawsuit proceedings pending a final determination in the declaratory judgment action. *Id.* Orteca sought to have Maryland Casualty's complaint against him dismissed, claiming that the complaint did not state a cause of action against him. *Id.*

The Supreme Court found in *Maryland Casualty* that the facts alleged did satisfy the test for determining the existence of an 'actual controversy' between Maryland Casualty and Orteca because the injured party was seeking a judgment against the insured, which the insured claimed was covered by the insurance policy, and because state law gives the injured

party a statutory right to proceed against the insurer if final judgment was handed down in favor of the injured party against the insured in the underlying lawsuit. *Id.* at 273.

Additionally, the Fifth Circuit has held that an injured party, who is a plaintiff in state court litigation against an insured party, has a "real and substantial, though not immediate" interest in a determination of whether an insurance company has a duty to indemnify the insured, and as such is a proper party to a declaratory judgment action. *Central Surety & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939). The Fifth Circuit has gone so far as to hold that the dismissal of a state court plaintiff from a declaratory judgment action would be a plain error. *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422, 424 (5th Cir. 1942). The Fifth Circuit has continued to affirm its decision in *Meadows* that an injured party who has sued an insured, but has yet to obtain a judgment in a state court action, is a proper party to a declaratory judgment action. *See e.g., Dairyland Ins. Co. v. Makover,* 654 F.2d 1120 (5th Cir. 1981), *See also Nat'l. Am. Ins. Co. v. Breaux* 368 F.Supp.2d 604 (E.D. Tex. 2005).

Policy considerations also support joining an injured party to a declaratory judgment action when that party has an underlying lawsuit against the insured. The Fifth Circuit has held that the interest of an injured party would be prejudiced if not joined to a declaratory judgment action, and pursuant to Federal Rule of Civil Procedure 19(a) the injured party would effectively be an indispensable party in such an action.[1] *Ranger Ins. Co. v. United*

---

[1] *See also Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967). The "courts may even refuse declaratory relief for the nonjoinder of interested parties who are not, technically speaking, indispensable." *Id.* at 155.

*Housing of New Mexico, Inc.*, 488 F.2d 682, 684 (5th. Cir. 1974). The Court held that if the injured party, who was not included in a declaratory judgment action, received judgment against the insured in an underlying lawsuit that injured party would have to contend with the *stare decisis* effect of a judgment in a case in which they were not involved *or* would be forced to re-litigate the effect of the judgment in a separate, direct action against the insurer. *See Id.* at 683. Moreover, by determining that an injured is not an proper party to a declaratory judgment action the risk of contradictory decisions by different courts regarding the insurer's coverage responsibility under an issued policy increases substantially. *Maryland Casualty* at 274; *Central Surety* at 116-17.

The Court concludes that an actual controversy exists between Atlantic, the LBJ Defendants, and the Clem Defendants, and as such, Atlantic has proven that jurisdiction exists in the present case. The Court agrees with the Magistrate Judge's conclusion that the Clem Defendants are proper parties to this declaratory judgment action and will be bound by the Court's declaration.

The Clem Defendants maintain that the Court should exercise its discretionary power to decline jurisdiction over this action. *Mot.* at ¶ 30. While the court does have discretion in determining whether to decide a declaratory judgment action, the factors that would warrant the Court to decline jurisdiction are not present in this case. *See Pacific Employers Ins. Co. V. Cargill*, 751 F.2d 801 (5th Cir. 1985); *See also Sherwin Williams Co. V. Holmes County*, 343 F.3d 383 (5th Cir. 2003). The Fifth Circuit has established a nonexclusive seven factor

test to be used by the Court when determining whether to decide or dismiss a declaratory action. *Id.* at 388. (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

The first factor is, "whether there is a pending state action in which all matters in this controversy may be fully litigated." *Id.* Although there is a pending state action between the injured party and the insured, the issue of whether Atlantic has the duty to defend and indemnify the LBJ Defendants for the wrongful actions alleged by the Clem Defendants will not be litigated in the Underlying Lawsuit.

The second and third factors to consider are, "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant . . . and whether the plaintiff engaged in forum shopping." *Id.* The Fifth Circuit has held the mere filing of a declaratory judgment action in federal court, in anticipation of a potential state court action, does not in itself constitute improper anticipatory litigation or forum shopping. *Id.* at 391.

The fourth factor is, "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exists." *Id.* at 388. It is not inequitable to allow the declaratory plaintiff to gain precedence in time or to change forums in this present case because Atlantic has properly filed this declaratory judgment action, and the Clem Defendants are properly joined as parties to the litigation. Since the Clem Defendants derive an interest in this litigation, they have a right to fully participate in the coverage determination at issue in this action.

The fifth factor is whether the Northern District of Texas is a convenient forum for this

case. *Id.* The witnesses and parties in this case reside in Carrollton, Texas which is located in the Northern District of Texas, so it is evident that this Court is a convenient forum.

The sixth factor to consider is, "whether retaining the lawsuit would serve the purposes of judicial economy." *Id.* The Clem Defendants contend that judicial economy would be best served declining jurisdiction in this case. If the court should decline to exercise jurisdiction over the Clem Defendants in this matter, however, the Clem Defendants would not be bound by the Court's decision in this case. Consequently, the issue of defense and indemnity coverage would have to be re-litigated should the Clem Defendants obtain judgment against the insured in the Underlying Lawsuit. This could result in contradictory rulings regarding Atlantic's duty to defend and indemnify the LBJ Defendants. Thus, the Court holds that judicial economy would be best served by exercising jurisdiction in this case.

The last factor to consider is, "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between parties is pending." *Id.* This factor does not require extensive consideration because there is no judicial decree involved and Atlantic is not party to the Underlying Lawsuit.

## Conclusion

The Court finds that an actual controversy, as required by the Constitution, exists in this case and the Clem Defendants are proper parties to the action. Accordingly, jurisdiction is proper and Atlantic states a claim for declaratory judgment. Furthermore,

there is not a sufficient basis for the Court to decline to exercise jurisdiction over the present case. Accordingly, the Court is of the opinion that the Clem Defendants' Motion to Dismiss should be DENIED.

The Court ORDERS that the Magistrate Judge's Findings, Conclusions, and Recommendation (Docket No. 39) is ADOPTED and the Clem Defendants' Motion to Dismiss Plaintiff Atlantic Casualty Insurance Company's Claims Against Them (Docket No. 15) is DENIED.

Signed this 2nd day of September, 2009.

ROYAL FURGESON
UNITED STATES DISTRICT JUDGE