# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br>    Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No. 3:07-cv-1297-F |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., et al.,<br>    Defendants, | §<br>§<br>§<br>§<br>§ | |

## ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Second Motion for Summary Judgment, as well as responses in opposition filed by Defendants and Plaintiff's reply in support. This Court previously entered its Order, adopting the magistrate judge's recommendation and granting Plaintiff's first motion for summary judgment.[1] As a result of the Court's conclusions in that September 2, 2009 Order, the question before the Court at this time is quite narrow – whether the relevant insurance policies preclude Plaintiff's duty to defend or indemnify its insured as to the cross-claims or counter-claims in the underlying litigation. For the reasons explained here, the Court GRANTS Plaintiff's Second Motion for Summary Judgment. (Docket no. 91).

### I. Factual and Procedural Background

This case stems from a dispute about real property, that became a dumping ground for

---

[1] *See* Order Adopting Magistrate Judge's Findings, Conclusions and Recommendation, entered on September 2, 2009. *Atlantic Casualty Ins. Co. v. Ramirez*, No. 07-cv-1297, Docket no. 105 (N.D. Tex.).

1

to Defendant LBJ Trucking. Litigation arose in the Eastern District of Texas regarding the real property when Defendants Clem's Ye Olde Homestead Farms, Ltd. and individual members of the Clem family (the "Clem Defendants") filed suit, alleging in part that Defendants Ramirez and LBJ Trucking transported solid waste, as defined under Texas and federal law, fill material to the property.[2] The Clem Defendants alleged that the foundry sand and other materials presented "am imminent and substantial endangerment to individuals and the environment." *See* Docket no. 92-2 at 1 (Pltf's. App. 1) (Fourth Amended Complaint in underlying lawsuit, hereinafter "Fourth Amended Complaint").

Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") filed its complaint for declaratory judgment before this Court in July 2007, naming as Defendants those individuals and entities that had been plaintiffs in the underlying lawsuit. Atlantic Casualty alleged that Defendants are potential judgment creditors. Atlantic Casualty's Complaint sought a declaratory judgment that, under the terms of the relevant policies, Atlantic Casualty has no duty to defend or indemnify any Defendant for the claims in the underlying lawsuit. Some Defendants answered; others filed a motion to dismiss. Atlantic Casualty filed its first motion for summary judgment on October 22, 2007. *See* Docket no. 17. In December 2007, the case was reassigned. The district court judge referred pending motions to the magistrate judge on January 29, 2008. On May 12, 2008, the magistrate judge issued his findings,

---

[2] *See Clem's Ye Olde Homestead Farms, Ltd. v. Briscoe*, No. 4:07-cv-285-RAS-DDB (E.D. Tex.) (the "underlying lawsuit"). The case before the Eastern District of Texas is currently abated pending efforts at environmental clean-up pursuant to Consent Decree. *See id.*, Consent Decree and Interim Order of Abatement, Docket no. 344 (Aug. 10, 2009).

2

conclusions, and recommendation, suggesting the denial of the motion to dismiss. *See* Docket no. 19. Defendants filed objections, with respect to the recommended disposition of the motion to dismiss. Also, Defendants filed their response to Atlantic Casualty's motion for summary judgment and a motion to amend their response, which was granted. *See* Docket nos. 41, 42, 43, 44, 45, 50.

On August 5, 2008, the magistrate judge issued his findings, conclusions, and recommendation, suggesting that Atlantic Casualty's motion for summary judgment be granted. *See* Docket no. 58. Defendants filed objections to the recommendation, and Atlantic Casualty opposed the objections. On September 8, 2008, Atlantic Casualty filed with leave of the Court its Amended Complaint. *See* Docket no. 67. There, Atlantic Casualty added as Defendants, Hensley Industries, Paradigm Engineering, Gracomb LLC, Leigh Anne Prins, Bill Briscoe and Janet Briscoe (all of whom are counter-claimants or cross-claimants in the underlying lawsuit). Atlantic Casualty alleged that the new Defendants' cross-claims were derivative of the prior claims and that the parties were therefore potential judgment creditors with an interest in the coverage determination at issue in this case. Atlantic Casualty also alleged in its Amended Complaint that it was entitled to a declaratory judgment that under the relevant policies Atlantic Casualty had no duty to defend any Defendant, including both the underlying lawsuit plaintiffs and the underlying lawsuit cross-claimants.

Again, some Defendants answered the Amended Complaint, and others filed a motion to dismiss. *See* Docket nos. 69, 70, 79, 80. The Defendants added in the Amended Complaint filed their answers on November 7 and November 10, 2008. *See* Docket nos. 79, 80. Hensley

3

Industries filed a motion to dismiss on November 17, 2008. On December 22, 2008, the case was transferred to the docket of the undersigned. With leave of Court, Atlantic Casualty filed its Second Motion for Summary Judgment on April 9, 2009. Defendants filed their responses in opposition on April 29, 2009. Atlantic Casualty filed its reply briefs in support on May 14, 2009, along with a motion to strike certain evidence. The Court held a hearing in the case on June 12, 2009.

On September 2, 2009, the Court adopted the magistrate judge's findings, conclusions and recommendations with respect to the denial of the motion to dismiss and with respect to the grant of Atlantic Casualty's first motion for summary judgment, filed against the original Defendants in this case. That same day the Court improvidently entered final judgment in this case. On September 10, 2009, the Court vacated the final judgment, noting that Atlantic Casualty's Second Motion for Summary Judgment remained pending before the Court. The Court here addresses the Second Motion for Summary Judgment. The sole issue remaining before the Court is Atlantic Casualty's request for summary judgment against the amended Defendants, Hensley Industries, Paradigm Engineering, Gracomb LLC, Leigh Anne Prins, Bill Briscoe and Janet Briscoe.

## II. Legal Standard

Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). In the summary judgment process, both movants and non-movants bear burdens of proof. *Celotex Corp. v. Catrett*, 477

4

U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.*

At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses." *Id.* at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial and not mere general allegations. Fed. Rule Civ. P. 56(e); *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). It is important to note that "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. Thus, the Court construes all facts and inferences in the light most favorable to the non-moving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). "The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To the extent that facts are undisputed, the Court may resolve the case as a matter of law. *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

As explained in this Court's prior opinion, Texas law applies to this diversity case. *See Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n*, 783 F.2d 1234, 1240 (5th Cir. 1986). Under Texas law when asked to determine an insurer's duty to defend, the courts look only to the allegations in the underlying plaintiff's pleadings and the language of the policy provisions. *See Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642 (5th Cir. 2008); *Nat'l Fire Ins. Co. of Pittsburgh v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Texas law provides that insurance policies are generally subject to the same rules of interpretation that are applied to other contracts. *Guaranty Nat'l Ins. Co. v. Azrock Indus., Inc.*, 211 F.3d 239, 243 (5th Cir. 2000), *citing Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987).

### III. Analysis

Addressing the "Pollution Exclusion Provision" of the relevant policies issued by Atlantic Casualty to the LBJ Defendants, the Court previously determined that the plain language of the provision is unambiguous for the reasons explained in the magistrate judge's Order. The Court concluded that the Pollution Exclusion Provision of the policies excludes coverage of each of the claims asserted by the plaintiffs in the underlying lawsuit because the policies unambiguously preclude coverage for underlying claims arising out of actual or alleged environmental pollution. *See Noble Energy*, 529 F.3d 642; *United Nat'l Ins. Co. v. Hydro Tank, Inc.*, 497 F.3d 445, 448 (5th Cir. 2007), *amended on rehearing by* 525 F.3d 400 (2008).[3] The Court concluded that Atlantic Casualty had no duty to defend, and thus no duty

---

[3] *See also* Docket no. 92-2 at 37-119 (the relevant commercial general liability insurance policies issued by Atlantic Casualty to LBJ Trucking).

6

to indemnify, under the plain language of the policies, specifically that of the Pollution Exclusion Provision.[4] In relevant part, the Pollution Exclusion Provision states that the insurance does not apply to: "f. Pollution. (1) 'Bodily injury' or 'property damage' arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'." Docket no. 92-2 at 54. The contract language also states that where there is no insurance coverage, there is no duty to defend any insured. *Id.* at 71, 112.

In its Second Motion for Summary Judgment, Atlantic Casualty again relies upon the Pollution Exclusion Provision, among other provisions, of the policies in support of its argument that it has no duty to defend or indemnify its insured in the underlying litigation for the claims asserted by the cross-claimants or counter-claimants[5] because the cross-claims are entirely derivative of the primary claims in the underlying lawsuit, which this Court has already determined do not give rise to a duty to defend or indemnify.

In opposition, Defendant Hensley Industries ("Hensley")[6] argues that summary judgment would constitute an impermissible advisory opinion and should be denied on the merits because none of the policies' terms preclude a duty to defend or indemnify.

---

[4] In relevant part, the pollution exclusion provision states that the insurance does not apply to: "f. Pollution. (1) 'Bodily injury' or 'property damage' arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'." Docket no. 92-2 at 54.

[5] Throughout this memorandum Order, the Court uses cross-claims to refer to both cross-claims and counter-claims in the underlying lawsuit.

[6] In the underlying lawsuit, plaintiffs allege that Hensley generated foundry sand and provided it to Ramirez and LBJ Trucking for transport to the real property at issue. *See* Docket no. 92-2 at 8 (P.App. 8) (Fourth Amended Complaint in underlying lawsuit at ¶ 30). The underlying plaintiffs also allege that the foundry sand is a solid waste that remains on the real property. *See id.* at 7 (Fourth Amended Complaint in the underlying lawsuit at ¶ 28).

7

*See* Docket no. 94. With respect to jurisdiction, Hensley argues that because it "currently asserts" no direct claim against any person under the policies in the underlying litigation, it has no legally cognizable interest in the policies. Although Hensley expressly reserves its right to assert a direct claim against other Defendants, *see id.* at 2, it argues that summary judgment in Atlantic Casualty's favor would constitute an impermissible advisory opinion. In the underlying lawsuit, Hensley pleaded in its Answer to Fourth Amended Complaint the following affirmative defense: "Therefore an apportionment of responsibility should be made as to all parties, and any liability of Hensley should be reduce proportionally or negated entirely pursuant to applicable law, including the doctrines of contribution and indemnity." *Id.*

Hensley's argument is unpersuasive, however, because it is based solely upon the issue of indemnification or contribution. Hensley fails to explain – indeed, even to address – how its affirmative defense prayer for contribution and indemnification in the underlying lawsuit does not trigger a justiciable controversy with respect to Atlantic Casualty's duty to defend. In the event that an insurer has a duty to defend, that duty is triggered prior to a legal conclusion that indemnification is required. Hensley, therefore, cannot argue that because it has not yet demonstrated contribution or indemnification, there is no legally cognizable dispute as to Atlantic Casualty's potential duty to defend. Atlantic Casualty argues that Hensley's claim or affirmative defense for indemnification and contribution are entirely derivative of the primary claims in the underlying lawsuit. As derivative claims, according to Atlantic Casualty, Hensley's claim cannot give rise to a duty to defend where the primary

claims provide none, and accordingly Atlantic Casualty has no duty to defend any party to the underlying lawsuit. The Court need not adopt so broad a conclusion in order to resolve the question raised by Atlantic Casualty's Complaint and Second Motion for Summary Judgment. The Court concludes only that to the extent Hensley's affirmative defense states a claim for indemnification or contribution, the plain text of the policies preclude Atlantic Casualty's duty to defend for the reasons previously explained in this Court's prior Order. Because no duty to defend is triggered, the Court need not address any duty by Atlantic Casualty to indemnify.

Also, the Court does not resolve any fact issue with respect to the quality of the foundry sand and whether it constitutes a pollutant. Hensley and Atlantic Casualty dispute this "fact" in their briefing, but it is not a genuine issue of material fact precluding summary judgment in this declaratory judgment case because in the underlying lawsuit, the plaintiffs allege that it is a pollutant. As previously explained by the magistrate judge's recommendation Order, in resolving the instant Complaint for declaratory judgment, the Court looks *only* to the *allegations* in the underlying plaintiff's pleadings and the language of the policy provisions. *See Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642 (5th Cir. 2008). With respect to Hensley's cross-claim, the relevant allegation is one for contribution or indemnification in the event that the underlying plaintiff's allegations demonstrate the liability of the underlying defendants. Those allegations include in relevant part the allegation that the foundry sand is a pollutant. The Court therefore could not properly and does not reach the extrinsic evidence argued by Hensley that would invite a conclusion about the quality of the foundry sand. In addition, the plain language of the policy also resolves this

9

question. The Pollution Exclusion Provision unambiguously excludes coverage for property damage due to "actual, *alleged*, or threatened" release of pollutants. *See* Docket no. 92-2 at 54 (Section 2. Exclusions. f. Pollution. (1)).

The remaining parties, Paradigm Engineering, Gracomb LLC, Leigh Anne Prins, Bill Briscoe and Janet Briscoe, did not file a response in opposition to Atlantic Casualty's motion. Responses were filed by both the Clem Defendants and Ramirez and LBJ Trucking, but the Court's prior Order resolved the motion with regard to these parties. Atlantic Casualty represents that, similar to Hensley's underlying allegations, the remaining parties (Paradigm Engineering, Gracomb LLC, Leigh Anne Prins, Bill Briscoe and Janet Briscoe) each seek reduction, contribution or indemnification. To the extent that these parties' state reduction, contribution or indemnification claims in their Answers to the Fourth Amended Complaint in the underlying litigation, Atlantic Casualty bears no duty to defend for the same reasons explained in the magistrate judge's recommendation Order, in this Court's September 2, 2009 Order and in this memorandum Order.

## IV. Conclusion

For the foregoing reasons, the Court concludes that as a matter of law the applicable policies preclude any duty of Atlantic Casualty to defend any insured in the underlying lawsuit against any claims or cross-claims of the underlying lawsuit as alleged in the live pleading filed there, that is, the Fourth Amended Complaint. *See Clem's Ye Olde Homestead Farms, Ltd. v. Briscoe*, No. 4:07-cv-285-RAS-DDB (E.D. Tex.), at Docket no. 153. This conclusion does not, and could not properly, address all potential parties or claims to the underlying

litigation. On this record, the Court GRANTS Plaintiff's Second Motion for Summary Judgment (Docket no. 91).

Signed this 21ˢᵗ day of December, 2009.

*Royal Furgeson*
W. ROYAL FURGESON, JR.
SENIOR UNITED STATES DISTRICT JUDGE