

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § |
| Plaintiff, | § § |
| v. | §  No. 3:07-CV-1297-F |
| | § § |
| ROBERT RAMIREZ, individually and d/b/a LBJ TRUCKING CO., INC., LBJ TRUCKING CO., et al., | § § § § § |
| Defendants. | § § |

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

BEFORE THE COURT are Defendants' Clarence Truman Clem, Kelly Clem, Clarence T. Clem, Jr., Clem's Ye Olde Homestead Farms Ltd., Bettye Crider Clem's ("Clem Defendants") Motion to Amend or Alter Judgment (Docket No. 110), joined by Defendants Hensley Industries, Inc., Robert Ramirez, LBJ Trucking Co., Inc., Gracombs, L.L.C., Leigh Anne Prins, and Paradigm Engineering, LLC (collectively the "Defendants"); and Plaintiff Atlantic Casualty Insurance Company's ("Atlantic") Response. Having reviewed the briefs and for the reasons stated below, the Court DENIES Clem Defendants' Motion to Amend or Alter Judgment.[1] Defendants Gracombs, L.L.C., Leigh Anne Prins and Paradigm Engineering, LLC's (the "Paradigm Defendants") Motion to Join Clem Defendants' Motion to Alter or Amend Judgment is GRANTED insofar as it requests to join the Clem Defendants' motion, but DENIED

---

[1] (Resolves Docket No. 110).

insofar as the motion can be interpreted to independently move to alter or amend the judgment.[2]

## I.   BACKGROUND

On December 21, 2009, the Court entered its Final Judgment in favor of Atlantic, finding that it did not possess a duty to indemnify or defend claims against its insured in the underlying lawsuit, relying on *Farmers Texas County Mutual Insurance Company v. Griffin*, 955 S.W.2d 81 (Tex. 1997) . Defendants now ask the Court to alter or amend the judgment, relying solely on a recently decided Texas Supreme Court case, *D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd.* --- S.W.3d ----, 2009 WL 4728008, 2009 Tex. LEXIS 1042 (Tex. Dec. 11, 2009). Defendants explain that *D.R. Horton* significantly narrowed the holding of *Griffin*. They argue that it is not impossible at this state to determine if there is a duty to indemnify. Atlantic disagrees. They urge the Court to deny the motion, arguing that this case is similar to *Griffin* in that no matter how the factual record develops, Atlantic will not be found to possess a duty to indemnify.

## II.   LEGAL STANDARD

The Court may grant a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(3) if there is: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

---

[2] (Resolves Docket No. 113). The motion was styled as a motion to join, but the motion included arguments on the merits of altering or amending the final judgment and was accompanied by a proposed order that would alter the final judgment.

### III. DISCUSSION

*D.R. Horton* affirmed precedent that "'[F]acts actually established in the underlying suit control the duty to defend.'" 2009 WL 4728008 at *3, 2009 Tex. LEXIS 1042 at *8 (citations omitted). The *D.R. Horton* court explained that *Griffin* "was grounded on the impossibility that the drive-by shooting in that case could be transformed by proof of any conceivable set of facts into an auto accident covered by the insurance policy." 2009 WL 4728008 at *3, 2009 Tex. LEXIS 1042 at *11. In contrast, in *D.R. Horton*, the plaintiff would be able to show that the defendant must indemnify it if the plaintiff could prove that a third-party who had purchased the insurance policy contributed to the defects in the home. 2009 WL 4728008 at *4, 2009 Tex. LEXIS at *12-13.

There is no duty to indemnify here for the same reasons articulated in *Griffin*—no matter what facts are uncovered in the underlying case, Atlantic will not be obligated to indemnify its insured. As the Court explained in its Order Granting Plaintiff's Second Motion for Summary Judgment, the insurance policy at contains a "Pollution Exclusion Provision [that] unambiguously excludes coverage for property damage due to 'actual, *alleged*, or threatened' release of pollutants." *Id.* at 10 (citations omitted). The Court had already concluded that all of the primary claims in the underlying case were excluded from coverage based on the Pollution Exclusion Profession. *Id.* at 6. On December 21, 2009, the Court reached the issue of coverage for the cross-claims and counter-claims, and found that both were entirely derivative of the primary claims. *Id.* at 7. Thus, the Court found that there was no duty to defend, because all claims in the case were

excluded from coverage by the Pollution Exclusion Provision. For the very same reasons, there is no duty to indemnify—it is impossible for any set of facts to transform this case into one which Atlantic would be required to indemnify, because *every single claim* pursued by the plaintiffs in the underlying litigation is exempted by the Pollution Exclusion Provision. In contrast, the plaintiffs in *D.R. Horton* could be indemnified if they could prove that the insured contributed to the mold problem; they claimed that the insured was responsible, and if they could prove this, they would be entitled to indemnification from the insured's insurance company. Accordingly, the Court will not alter or amend its final judgment

## IV.   CONCLUSION

The Court has considered the briefings of the parties and the relevant law and for the reasons explained above DENIES the Clem Defendants' Motion to Alter or Amend Judgment,[3] and GRANTS IN PART AND DENIES IN PART the Paradigm Defendants' Motion to Join the Clem Defendants' Motion to Alter or Amend Judgment.[4] IT IS SO ORDERED.

Signed this 8th day of March, 2010.

*Royal Ferguson*
Royal Ferguson
Senior United States District Judge

---

[3] (Resolves Docket No. 110).
[4] (Resolves Docket No. 113).